UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
MICHAEL WOLFF,                                                :
                                                              :
                              Plaintiff,                      :
                                                              :
        -against-                                             :        Case No. 25 Civ. 10752
                                                              :
MELANIA TRUMP,                                                :
                                                              :
                              Defendant.                      :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, First Lady of the United States Melania Trump ("Mrs. Trump"), as defendant, hereby removes the above-captioned action from the Supreme Court of the State of New York for the County of New York, where it currently is pending, to the United States District Court for the Southern District of New York.

Federal subject-matter jurisdiction arises under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.  *See also* 28 U.S.C. § 1441 (removal of civil actions).

In accordance with 28 U.S.C. § 1446(a), Mrs. Trump provides the following short and plain statement of the grounds for removal.

## I.    The Removed Action

1.      Plaintiff Michael Wolff filed his frivolous complaint in this action in the Supreme Court of the State of New York for the County of New York on October 21, 2025.  A true and correct copy of the summons and complaint, and Exhibit A attached thereto, is attached to this notice of removal as Exhibit 1.  Mrs. Trump reserves all of her defenses and all of her other rights with respect to the claims asserted in the complaint, and all of her rights generally.  In discussing

plaintiff's false allegations, Mrs. Trump does not concede the false allegations are true or that she can be held liable in this action.

2.      As of the date of this notice of removal, Mrs. Trump has not been validly served with a summons or a copy of the complaint (as plaintiff concedes).  There are no other pleadings or orders filed in the New York court in this action.  Plaintiff's false allegations in the complaint are incorporated by reference.

3.      Plaintiff alleges that he "is an experienced journalist" and a "resident of New York State, maintaining a residence in Manhattan."  Compl. at p. 4, ¶ 1.[1]

4.      The complaint falsely alleges, "on information and belief," that while Mrs. Trump "spends time in Washington, D.C. and has ties to Florida," Mrs. Trump currently is "a citizen of New York State."  As explained below, Mrs. Trump is not currently a citizen of New York, nor was she a New York citizen at the time the complaint was filed on October 21, 2025.  Mrs. Trump has been a Florida domiciliary, and thus a Florida citizen, at all times relevant to this action.

5.      The complaint asserts two false claims for declaratory relief arising out of a letter sent by Mrs. Trump's counsel to plaintiff on October 15, 2025, in which Mrs. Trump's counsel demanded that plaintiff retract and apologize for his numerous "false, defamatory, disparaging, misleading, and inflammatory statements about Mrs. Trump" made in an article published by The Daily Beast.  *See* Compl. at p. 1, ¶ 1 & Exh. A.

6.      In those statements, plaintiff falsely and maliciously asserted that Mrs. Trump was somehow "involved" in the "scandal" relating to Jeffrey Epstein.  *See* Compl., Exh. A at 1-3. Given the obviously defamatory nature of those statements under applicable law, *id.* at 3-4,

---

[1] Because the paragraph numbering in the complaint resets after each main header, citations herein to the complaint refer first to the page number(s) in the bottom right corner, and then to the relevant paragraph(s) appearing on the cited page(s).

Mrs. Trump's counsel demanded that plaintiff (i) "immediately issue a full and fair retraction of the statements," (ii) "immediately issue an apology for the" statements, and (iii) "immediately make a monetary proposal to Mrs. Trump to ameliorate the harm that you have caused." *Id.* at 4. Mrs. Trump reserved the right to initiate "legal action for over $1 Billion [] in damages[]" if plaintiff refused to comply with the foregoing demands. *Id.* at 5.

7.      Plaintiff refused to retract and apologize for his false and defamatory statements, and instead initiated this action in an improper effort to preempt a potential defamation lawsuit against him by Mrs. Trump.

8.      For his first and primary cause of action, plaintiff seeks an improper declaratory judgment that the statements identified in Mrs. Trump's October 15, 2025 demand letter "are not actionable libel claims because they fail to state a claim for defamation or any other possibly related tort based upon them[.]" Compl. at pp. 14-15, ¶ 29; *see id.* at pp. 6-11, ¶¶ 8-13.

9.      For his second cause of action, plaintiff purports to assert a claim for declaratory relief under New York's "Anti-SLAPP Law" (N.Y. Civil Rights Law §§ 70-a, 76-a). *See* Compl. at pp. 12-14, ¶¶ 14-28. Specifically, plaintiff requests a declaration "that if Mrs. Trump continues or advances her claims against him or initiates or commences further claims against Mr. Wolff, that she will be liable to him for his costs, attorney's fees, other compensatory damages and punitive damages . . . ." *Id.* at p. 14, ¶ 28; *see id.* at p. 15, ¶ 30.

## II.     **Grounds for Removal**

10.      This action satisfies all of the statutory requirements for removal under the diversity jurisdiction statute, which confers federal subject-matter jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.

*See* 28 U.S.C. §§ 1332(a)(1), 1441(b).    Both the citizenship and amount-in-controversy requirements are met here.

11.    *Citizenship:*    This is an action involving two individuals.    "An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile," which is "the place where a person has [her] true fixed home." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).

12.    According to the complaint, plaintiff "is a resident of New York State, maintaining a residence in Manhattan."  Compl. at p. 4, ¶ 1.  The complaint further alleges that plaintiff "does much of his work as a journalist in Manhattan[,]" which includes "thrice-weekly news podcasts with the news publisher, *The Daily Beast*[.]"  *Id.*  Solely for the purposes of this notice of removal, Mrs. Trump assumes that these allegations are sufficient to establish that plaintiff is domiciled in, and therefore a citizen of, the State of New York.

13.    With respect to the state of citizenship of Mrs. Trump, the complaint acknowledges that Mrs. Trump "spends time in Washington, D.C. and has ties to Florida," but nevertheless makes the conclusory, unsupported, and false assertion that she is "a citizen of New York State." Compl. at p. 4, ¶ 2.  Under settled Second Circuit precedent, the following facts show that Mrs. Trump is domiciled in, and is therefore a citizen of, the State of Florida:

        a.    Since October 30, 2019, Mrs. Trump has designated her primary residence as Mar-a-Lago, which is located at 1100 South Ocean Boulevard, Palm Beach, Florida 33480.

        b.    Since October 30, 2019, Mrs. Trump has been registered to vote in the State of Florida, and cast her votes in the federal elections in 2020, 2022, and 2024 in the State of Florida.

      c.      Since September 2021, Mrs. Trump has maintained a valid driver's license issued by the State of Florida.

      d.      When not in Washington, D.C., carrying out her official duties as First Lady, Mrs. Trump spends the majority of her time at her primary residence in Palm Beach, Florida.

14.     Based on these established and indisputable facts, Mrs. Trump is a citizen of Florida. *Van Buskirk*, 935 F.3d at 53 ("A person has only one domicile at any given moment."). As a result, this matter is between "citizens of different States[.]" 28 U.S.C. § 1332(a).

15.     *Amount in Controversy:* The amount in controversy in this matter "exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). For a claim "seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 6 (S.D.N.Y. 2021) (cleaned up) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "[T]he amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Id.* (quoting *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972)).

16.     As noted, plaintiff admittedly filed this declaratory-judgment action to preempt Mrs. Trump's filing of a defamation lawsuit against him seeking "over $1 Billion [] in damages." Compl. at p. 1, ¶ 2. Notwithstanding the impropriety of this preemptive use of the declaratory-judgment mechanism, the magnitude of the "injury" that plaintiff seeks to "avert[]" easily exceeds the minimum $75,000 amount-in-controversy requirement. *Kheel*, 457 F.2d at 49; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (A notice of removal "need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "need not contain evidentiary submissions.").

**III.    All Other Statutory Requirements Are Satisfied**

17.    This Court is the proper federal district for the removal of the action because it is the federal district embracing the place where the action is pending.  28 U.S.C. §§ 1446(a).

18.    The notice of removal is timely because Mrs. Trump has not been validly served with the summons and complaint; the 30-day period to remove the action following service therefore has not commenced.  28 U.S.C. § 1446(b)(1) (allowing removal up to 30 days after service formally occurs); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 355-56 (1999) (time to remove under section 1446(b) is triggered by "formal service"); *see Kupferberg v. Baez*, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) (a party "can remove the case before service is effectuated").

19.    Mrs. Trump will provide written notice to plaintiff of the filing of this notice of removal in accordance with 28 U.S.C. § 1446(d).

20.    A copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York in and for the County of New York in accordance with 28 U.S.C. § 1446(d).

21.    This notice of removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

22.    By filing this notice of removal, Mrs. Trump does not waive any defenses, claims, arguments, or rights of any kind, including, without limitation, defenses for failure to state a claim, improper venue, improper service, or lack of personal jurisdiction.  *See, e.g.*, *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996).  Mrs. Trump also reserves the right to, and

may, seek to transfer this action to another district where it should have been brought. *See* 28 U.S.C. § 1404.

WHEREFORE, Mrs. Trump hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York in and for the County of New York.

Dated: New York, New York
   December 29, 2025

Of Counsel:

Josh Halpern*
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000
josh.halpern@us.dlapiper.com


Alejandro Brito*
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com

*Pro hac vice* application forthcoming

DLA PIPER LLP (US)


By: */s/ Caryn G. Schechtman*
  Caryn G. Schechtman
  Steven M. Rosato

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com
steven.rosato@us.dlapiper.com


*Attorneys for*
 *First Lady of the United States*
 *Melania Trump*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2025, I caused a true and correct copy of the foregoing Notice of Removal to be served on the following via the New York State Court Electronic Filing system:

> David S. Korzenik
> S. Eric Rayman
> Miller Korzenik Rayman LLP
> The Paramount Building
> 1501 Broadway, Suite 2015
> New York, NY 10036
> (212) 752-9200
>
> *Attorneys for Plaintiff*

> */s/ Caryn G. Schechtman*
> Caryn G. Schechtman