# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL WOLFF,

Plaintiff,

v.

MELANIA TRUMP,

Defendant.

Index No.: _____/2025

Date Index No. Purchased: Oct. __, 2025

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the attorneys for Plaintiff within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if the summons is not personally delivered to you within the State of New York. In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Trial is to be held in New York County, New York. The basis of venue is the location of plaintiff's residence and business in New York, N.Y. That this county is the location where a substantial part of the events giving rise to the claim occurred.

Dated: New York, New York
        October 21, 2025

MILLER KORZENIK RAYMAN LLP

By: //s// David S. Korzenik

David S. Korzenik
Eric Rayman
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
Fax: 212-688-3996
dkorzenik@mkslex.com
Attorneys for Michael Wolff

Case 1:25-cv-10752-MKV    Document 1-1    Filed 12/29/25    Page 3 of 23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| MICHAEL WOLFF,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MELANIA TRUMP,<br><br>　　　　　　　　　Defendant. | Index No.: _____/2025<br><br>Date Index No. Purchased: Oct. __, 2025<br><br>**VERIFIED COMPLAINT FOR<br>DECLARATORY JUDGMENT<br>AND FOR DAMAGES<br>UNDER THE ANTI-SLAPP LAW** |

**Plaintiff Michael Wolff** ("Mr. Wolff" or "Plaintiff"), by his attorneys, Miller Korzenik

Rayman LLP, brings this Verified Complaint for Declaratory Judgment and for a Declaratory

Judgment and Judgment in damages under New York's Anti-SLAPP Law against **Defendant**

**Melania Trump** ("Mrs. Trump" or "Defendant"). Plaintiff alleges:

## NATURE OF THE ACTION

1.　　On October 15, 2015, Defendant Melania Trump, through her counsel, demanded

that Wolff "immediately retract" certain statements which Wolff allegedly published about Mrs.

Trump. A copy of Mrs. Trump's attorney's threat letter is attached as Exhibit A ("Threat

Letter"). The Threat Letter demanded that Wolff "immediately issue an apology for the false,

defamatory, disparaging, misleading, and inflammatory statements about Mrs. Trump" and it

demanded an offer of money to compensate for the alleged "overwhelming reputational and

financial harm" that she was "caused to suffer."

2.　　The Threat Letter insisted that if Wolff did "not comply" with these demands "by

October 21, 2025 at 5:00 p.m. EST," that Mrs. Trump would initiate legal action against Wolff

"for over $1 Billion Dollars in damages."

1

3.    The Threat Letter was made pursuant to Florida Statute 770.01 a legal requirement for commencing a libel action.

4.    Mrs. Trump and her "unitary executive" husband along with their MAGA myrmidons have made a practice of threatening those who speak against them with costly SLAPP [1] actions in order to silence their speech, to intimidate their critics generally, and to extract unjustified payments and North Korean style confessions and apologies. The Threat Letter at pages 2-3 lists some of those whom they have pressed into unjustified submission – a pattern of abuse that the anti-SLAPP law was intended to interdict.

5.    These threatened legal actions are designed to create a climate of fear in the nation so that people cannot freely or confidently exercise their First Amendment rights. The threats are also intended to shut down legitimate inquiry into the Epstein matter which the Trumps and their collaborators have at every turn sought to impede and suppress.

6.    Mr. Wolff is a journalist who has done his job diligently, reporting what he knows; identifying what he does not know; and asking important questions that deserve inquiry. In the face of the Threat Letter and its attack on his lawful reporting, Mr. Wolff has no choice but to defend himself and to assert his rights under the Constitution, the New York Constitution and the anti-SLAPP Law. He therefore brings this Declaratory Action and this related anti-SLAPP cause of action.

7.    The Threat Letter demonstrates that there is a "*justiciable controversy*" under CPLR 3001 through which Wolff seeks redress by this Declaratory Action.

---

[1] A SLAPP action is a lawsuit directed against speech – a "Strategic Lawsuit Against Public Participation." A SLAPP action is defined as a lawsuit intended to suppress and intimidate speech on an "issue of public interest." Where the action "lacks a substantial basis in fact or law" fees and other damages will be awarded to the speaker. The NY legislature, and the legislatures of at least 35 states, recognize the growing chilling effect of meritless libel claims that are designed to harass, intimidate and burden speakers with costly litigation and defense. For that reason, state anti-SLAPP laws have been enacted to protect speakers and journalists like Mr. Wolff and to give them an affirmative remedy against such lawsuits.

2

Case 1:25-cv-10752-MKV   Document 1-1   Filed 12/29/25   Page 5 of 23

8.      The statements challenged in the Threat Letter are also "*issues of public interest*" under New York Civil Rights Law §§70-a and 76-a (the "Anti-SLAPP Law"). They also entitle Wolff to legal fees as well as compensatory and punitive damages, for the claims that Mrs. Trump is making against him because they lack substantial basis in law or in fact and because they cannot overcome Constitutional protections.

9.      Wolff is entitled to a Declaratory Judgment on all the claims related to or referenced in the Threat Letter and to a Monetary Judgment under §70-a/76-a because a) the statements at issue are true, and Mrs. Trump's claims that they are "false" lack substantial basis in law or fact; b) the statements at issue are matters of opinion and hypothesis, and Mrs. Trump's claims that they are not matters of opinion lack any substantial basis in law or in fact; c) the statements at issue were not made with actual malice, and Mrs. Trump's claims to the contrary lack any substantial basis in law or in fact; d) the statements at issue are not defamatory or otherwise actionable, and Mrs. Trump's claims that they are actionable lack any substantial basis in law or in fact; and e) significantly, the claims impede and chill future reporting and writing that Mr. Wolff has committed to doing regarding Epstein, Mr. Trump and Mrs. Trump. In many respects that is the primary purpose of these claims.

10.     By her Threat Letter and this responsive Declaratory Action and related Anti-SLAPP Declaratory Action, Mrs. Trump has given Wolff subpoena power which he intends to exercise fully and expeditiously. Since the statements at issue pertain to matters that largely occurred here in the New York City this action will call for and permit subpoenas to numerous witnesses, most of them in New York. Subpoenas will go to those who frequented or who were part of Epstein's circle, including Mr. Trump.

3

## THE PARTIES

1.      Mr. Wolff is an experienced journalist and author of twelve non-fiction books and biographies. He was a columnist for *New York Magazine, Vanity Fair*, *USA Today* and *The Hollywood Reporter.* He has received two National Magazine awards and a Mirror Award. His twelve books include four about the Trump White House and his 2024 campaign: *Fire and Fury: Inside the Trump White House* (2018)*; Siege* (2019), *Landslide* (2021), and *All or Nothing* (2025). All four books were New York Times best sellers. He has contemplated writing a book about Jeffrey Epstein, and, in that effort, has accrued many hours of recorded interviews of Jeffrey Epstein conducted over several years. He is a resident of New York State, maintaining a residence in Manhattan. He does much of his work as a journalist in Manhattan. His work and thrice-weekly news podcasts with the news publisher, *The Daily Beast,* are conducted in Manhattan.

2.      Mrs. Trump is married to Donald J. Trump; she is First Lady of the United States. On information and belief, she has a residence in New York City at Trump Tower on Fifth Avenue. She has numerous ongoing ties to New York County, owns and maintains interests in property in New York State and New York City, and on information and belief while she spends time in Washington, D.C. and has ties to Florida, she remains a citizen of New York State.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to New York Civil Practice Law and Rule §§ 301 and 302. Mrs. Trump is subject to general personal jurisdiction in New York based on her extensive and regular ties to New York. She is also subject to specific personal jurisdiction in New York because the basis of these claims is Mrs. Trump's threat of immediate legal action

4

against Mr. Wolff regarding his New York-centered reporting activities which focused on Mrs. Trump's associates and activities which largely occurred and were centered in New York City.

4.     Venue is proper pursuant to CPLR 503(a) because both parties reside in New York, N.Y., and because a substantial part of the events giving rise to the Parties' claims occurred in New York, N.Y. Specifically, and among other things, Mr. Wolff's reporting activities at issue and which are the subject of Mrs. Trump's claims were and are conducted in New York, N.Y., and because the subject of the reporting at issue in this case and challenged by Mrs. Trump largely occurred in New York and involved persons in New York, N.Y.

## FACTS

5.     Mr. Wolff is a journalist who has regularly appeared in podcasts (two to three times each week) with *The Daily Beast* covering the Trump administrations including, among other things, the Jeffrey Epstein scandal and inquiry. He has over the years closely followed and written about the Trump White House; he has closely followed the Epstein scandal; and he has many hours of recorded interviews of Jeffrey Epstein.

6.     The statements that are the subject of Mrs. Trump's libel claims against Mr. Wolff fall into three categories. The specific statements are enumerated and addressed individually in the Declaratory Judgment cause of action below.

a.     Statements alleged to have been made on *The Daily Beast* podcasts and allegedly reported in part in an article published by *The Daily Beast* titled *"Melania Trump 'Very Involved' in Epstein Scandal: Author."* The headline is followed and explained by a subheading that reads: *"The First Lady has largely avoided the topic,*

5

*but Trump biographer Michael Wolff suggests that she is acting behind the scenes.*"[2]
(Neither *The Daily Beast* article nor its headline was written by Mr. Wolff.)

  b. Statements that appeared in the Article, but which Mrs. Trump's counsel allege to be defamatory by "implication."

  c. Statements made by Mr. Wolff on three videos that appear on Instagram.

  7. For all intents and purposes, the Threat Letter is a Complaint: It enumerates Mrs. Trump's libel claims against Mr. Wolff, and it does so by identifying statements that are alleged to be defamatory and a second set of statements that are alleged to be defamatory by "implication." At the end it sets out its demands as in a typical "prayer for relief."

## CAUSES OF ACTION

## COUNT I

### Declaratory Judgment – Defamation

  8. **The first group of allegedly defamatory statements** are incomplete phrases quoted from Mr. Wolff's *Daily Beast* interviews. Mr. Wolff did not write the Article. These statements are not just incomplete references to what Mr. Wolff said in the context of his interview but are also taken out of context of the Article in which they appeared. They are thus doubly out of context. (That is standard fare for a SLAPP action.)

  a. **Statement 1:** "*Melania Trump 'Very Involved' in Epstein Scandal: Author*"[.]

   • **Dispositive Defects in the Claim***:*

---

[2] The headline and the subheading were not written by Mr. Wolff. But they make very clear that Mrs. Trump's "involvement" with the Epstein scandal is in presently managing the matter "behind the scenes." It does not say that Mrs. Trump was involved with any of Mr. Epstein's past crimes. Mrs. Trump's counsel takes the headline out of context in order to twist its implication and give it different meaning. In all events, Mr. Wolff did not write the headline.

6

(i) This statement is taken out of context, and the Threat Letter fails to present it in the full context of *The Daily Beast* Article. Mrs. Trump's counsel misleadingly removes reference to the headline's subheading that states, "*The first lady has largely avoided the hot topic, but Trump biographer Michael Wolff suggests that she's acting behind the scenes.*" Thus, it is clear in context that she is involved in the White House's management of the present Epstein inquiry. From a reading of the *The Daily Beast* Article, it might suggest that Mrs. Trump was involved in Epstein's social circle – which is true of *many* people who knew Epstein.

(ii) It is not defamatory to say that Mrs. Trump is actively managing the present White House response to the controversy. Nor is it defamatory to say that Mrs. Trump was involved in Epstein's rather expansive social circle.

(iii) Mr. Wolff did not write the headline or the Article.

(iv) Items (i) and (ii) are *both true*, and Mrs. Trump cannot prove them to be untrue.

(v) Mrs. Trump cannot prove *actual malice* – i.e., she cannot prove with clear and convincing evidence that Mr. Wolff did not believe the statements to be true.

(vi) The statement in proper context is one of opinion and hypothesis based on disclosed facts and broader context.

a.      **Statement 2: "*First Lady Melania could be the missing link* in President Trump's ties to convicted sex offender Jeffrey Epstein.**"

* **Dispositive Defects in the Claim**:

(i) The claim fails to present Statement 2 in the full context of *The Daily Beast* Article.

(ii) It is not defamatory to suggest that Mrs. Trump *could* have information about her husband, Mr. Epstein, or her associates that would provide important information regarding both men.

7

Case 1:25-cv-10752-MKV    Document 1-1    Filed 12/29/25    Page 10 of 23

(iii) The statement in proper context is one of opinion and hypothesis based on disclosed facts and also in the broader context.

(iv) If this statement were factual in any measure, it is fair and accurate.

(v) Mrs. Trump cannot prove it to be untrue as she must.

(vi) Mrs. Trump cannot prove *actual malice* as to that statement – i.e., she cannot prove with clear and convincing evidence that Mr. Wolff did not believe that statement to be true.

(vii) In all events, Mr. Wolff did not write the Article.

b.    **Statement 3: "*Melania was 'very involved' in Epstein's social circle,*** and noted that this is how she met Trump."

- **Dispositive Defects in the Claim:**

(i) It fails to present this statement in the full context of *The Daily Beast* Article.

(ii) The statement is true. Among many other ties, Mrs. Trump was a model with ID Models run by a friend of many years of both Mr. Trump and Jeffrey Epstein; Mrs. Trump met Mr. Trump at the New York Kit Kat Club party; the party was hosted by ID Models and its owner.

(iii) The statement in proper context is one of opinion and hypothesis based on disclosed facts and also in the broader context.

(iv) Mrs. Trump cannot prove it to be untrue as she must.

(v) Mrs. Trump cannot prove *actual malice* as to that statement – i.e., she cannot prove with clear and convincing evidence that Mr. Wolff did not believe that statement to be true.

(vi) In all events, Mr. Wolff did not write the Article.

c.    **Statement 4:** "She's introduced by a model agent, both of whom Trump and Epstein are involved with. She's introduced to Trump that way. *Epstein [knew] her well.*"

8

- **Dispositive Defects in the Claim**: Same defects as identified above. What Mr. and Mrs. Trump are trying to promote is the false statement that they had almost nothing to do with Jeffrey Epstein. That is why they are struggling to get Congress not to require disclosure of the "Epstein files" and it is why the Trump's minions are threatening speakers and journalists such as Mr. Wolff with SLAPP suits to silence their criticism and to suppress and impede their ongoing inquiries.

9.      *The Second Group* of statements are two statements alleged to be "implicitly" defamatory. These two statements are also from the Article:

a.      **Statement 5:** "In explosive tapes recorded by Wolff, Epstein alleged that *Trump liked to 'f—his friend's wives and first slept with Melania on his 'Lolita Express.'*"

- **Dispositive Defects in the Claim**:

(i)      This statement is true.

(ii)     Mrs. Trump cannot prove it to be false as she must.

(iii)    Mrs. Trump cannot prove *actual malice* as to that statement – i.e., she cannot prove with clear and convincing evidence that Mr. Wolff did not believe that statement to be true.

(iv)     It is not defamatory *of Mrs. Trump* to say that Mr. Trump liked to 'f- his friend's wives." That is a statement about Mr. Trump, not about Mrs. Trump, and Mr. Trump is libel proof on that issue.

(v)      It is not defamatory of Mrs. Trump, then a single woman, to sleep with someone. That it was on Epstein's jet does not change that.

(vi)     The statement is read out of its context in the Article, which in context shows that it is raising legitimate questions and issues of opinion that are properly and fairly raised.

9

Case 1:25-cv-10752-MKV    Document 1-1    Filed 12/29/25    Page 12 of 23

b.      **Statement 6:** "Where does [Melania] fit into the Epstein story? Where does she fit into this, into this whole culture of models of indeterminate age?"

- **Dispositive Defects in the Claim:**

(i)      In the full context of the Article, these are fair and proper questions to be raised, especially in the context of information at hand that makes such questions and inquiries entirely just and proper.

(ii)      The statement engages matters of proper inquiry, hypothesis, and opinion and therefore is not actionable.

(iii)      As with all the statements at issue, the propriety of the questions is supported by the surrounding facts and context that validate the questions.

(iv)       It is proper to inquire and find out what happened in Mr. Trump's and Epstein's 10 years of pursuing models, including super models, runway models, catalog models, Eastern European models, and girls who just dreamed of being models. That will be one of the zones of inquiry that this lawsuit will have to undertake.

10.      ***The Third Group*** of challenged statements are attributed to Instagram videos containing interviews of and comments by Mr. Wolff. As with all the above there is a defect in all these claims, as with those above that they are pulled out of fair context:

a.      **Statement 7:** "Epstein told [you], that Trump and Melania got together the first time [ ] on Epstein's airplane," and that "Melania met Trump through the same modeling circles through which Epstein and Trump procured dates." (July 28, 2025 Instagram, Threat Ltr., link at 2).

- **Dispositive Defects in The Claim**: Same defects as with 8.c and 9.a above.

10

b.      **Statement 8:** "This sham marriage, trophy marriage, hardly any marriage at all is part of the scam." (July 28, 2025 Instagram, Threat Ltr., link at 2).

- **Dispositive Defects in the Claim:**

(i)      Out of full and fair context.

(ii)     Plain statement of non-actionable opinion on its face.

(iii)    Statement of opinion as read in full context.

(iv)     Fair and justified.

11.      **Statement 9: "**The Epstein story, in which Melania plays no small part." (July 28, 2025 Instagram, Threat Ltr., link at 2).

- **Dispositive Defects in the Claim:** Same defects as set out in 8.a, 8.c, and 9.b. Lacks fair or proper context, appropriate question to raise in view of context and supporting information, and matter of opinion and fair inquiry.

12.      **Statement 10:** "Where does Melania fit in with Epstein?" (Aug. 4, 2025 Instagram, Threat Ltr., link at 2).

- **Dispositive Defects in the Claim:** Same defects as set out in 8.a, 8.c, and 9.b. Lacking fair or proper context, appropriate question to raise in view of context and supporting information, and matter of opinion and fair inquiry.

13.      **Statement 11:** "You stated that Mrs. Trump is sending letters threatening to sue anyone who makes the connection between her and Epstein because they are hiding something they don't want us to know." (Aug. 14, 2025 Instagram, Threat Ltr., link at 2).

- **Dispositive Defects in the Claim:**

11

Case 1:25-cv-10752-MKV    Document 1-1    Filed 12/29/25    Page 14 of 23

(i)      It is true that Mrs. Trump is sending letters threatening to sue anyone who makes the connection between her and Epstein. The Threat Letter is one of them, and the Threat Letter and this Complaint, pages 2-3, identify several more.

(ii)     The statement above is taken out of its full and fair context.

(iii)    The question that Mr. Wolff is raising is an entirely fair question and point of inquiry that deserves to be made.

(iv)    Standing alone the second part of the statement is a matter of straight opinion on its face and opinion in fair context.

(v)     The statement misquotes and mischaracterizes the statement made by Mr. Wolff as well as the manner that he made it. Again, as with most of the challenges, it is out of context, misleading and distorted.

(vi)    As to this statement, the anti-SLAPP action and its heightened and punitive damages provision will provide a deeper opportunity to examine the improper speech suppression objectives of these claims by Mrs. Trump.

## COUNT II

## DECLARATORY AND AFFIRMATIVE

### N.Y. Anti-SLAPP Law – N.Y. Civil Rights Law §70-a and §76-a

14.    Mr. Wolff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

15.    Strategic Lawsuits Against Public Participation (SLAPP suits) are lawsuits used to inhibit the exercise of free speech and to harass and punish publishers, journalists, and speakers by forcing them to expand time and resources defending themselves against baseless claims and litigation (i.e., claims that lack a substantial basis in fact and law).

12

16.     New York's anti-SLAPP law provides protection and redress to targets of SLAPP suits. On November 10, 2020, New York's Governor signed Assembly Bill 5991-A into law, substantially expanding New York's existing anti-SLAPP Law to provide greater protections to journalists and all speakers against baseless litigation intended to silence and suppress their exercise of free speech.

17.     A SLAPP suit is defined as "a claim based upon: (1) any communication . . . in a public forum in connection with an issue of public interest"; or (2) any other lawful conduct in further into the exercise of the constitutional right of free speech in connection with an issue of public interest." § 76-a(1)(a).

18.     The three groups of statements challenged in the Threat Letter and quoted above all engage issues of public interest.

19.     The Threat Letter cites to Florida Statute 770.1, which is the legally required procedure for commencement of a libel suit.

20.     The anti-SLAPP law affords the speaker and subject of a SLAPP claim to recover costs and attorney's fees upon a demonstration that the SLAPP claim was made "without a substantial basis in fact and law." § 70-a(1)(a).

21.     Mrs. Trump's claims are made without a substantial basis in fact and law, among other things, as described in the Dispositive Defects in the Claims set out above.

22.     The anti-SLAPP law affords the speaker and subject of a SLAPP "claim" to recover "other compensatory damages" upon a demonstration that the SLAPP claims were made "for the purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of speech." § 70-a 1. (b).

13

23.     Mrs. Trump's claims are made for the purpose of harassing, intimidating,
punishing, or otherwise maliciously inhibiting Mr. Wolff's free exercise of speech.

24.     The anti-SLAPP law affords the speaker and subject of a SLAPP "claim" to
recover "punitive damages" upon a demonstration that the SLAPP claims were made "for the
sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free
exercise of speech." § 70-a 1. (c).

25.     Mrs. Trump's claims are made for the sole purpose of harassing, intimidating,
punishing, or otherwise maliciously inhibiting Mr. Wolff's free exercise of speech.

26.     Under the circumstances set out above, New York's anti-SLAPP law requires that
Mr. Wolff be awarded costs and attorney's fees, his other compensatory damages along with
punitive damages, but in all events in an amount exceeding the jurisdictional amount for this
Court.

27.     Accordingly, Mrs. Trump is liable to Mr. Wolff for his costs and attorney's fees
as well as other compensatory and punitive damages in an amount as yet to be determined.

28.     Mr. Wolff also seeks a Declaration of his Rights under the anti-SLAPP law such
that if Mrs. Trump continues or advances her claims against him or initiates or commences
further claims against Mr. Wolff, that she will be liable to him for his costs, attorney's fees, other
compensatory damages and punitive damages in an amount as yet to be determined, but in all
events exceeding the jurisdictional amount for this Court.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Wolff respectfully requests that this Court:

29.     Declare that the challenged statements in the Threat Letter are not actionable libel
claims because they fail to state a claim for defamation or any other possibly related tort based

14

upon them; that they are otherwise non-actionable matters of opinion; and that Mrs. Trump

cannot prove the matters at issue to be false as she must and/or cannot prove with clear and

convincing evidence that any of the challenged statements were made with actual malice.

30.     Declare that if Mrs. Trump continues or advances her claims against him or

initiates or commences further claims against Mr. Wolff:

a.     That she shall be liable to him for his costs and attorney's fees on the grounds that

the claims lack substantial basis in fact and law;

b.     That she shall be liable to Mr. Wolff for other compensatory damages on the

grounds that the claims were made by Mrs. Trump for the purpose of harassing, intimidating,

punishing, or otherwise maliciously inhibiting Mr. Wolff's free exercise of speech; and

c.     That she shall be liable to Mr. Wolff for punitive damages on the grounds that the

claims were made by Mrs. Trump for the sole purpose of harassing, intimidating, punishing, or

otherwise maliciously inhibiting Mr. Wolff's free exercise of speech.

31.     Grant Mr. Wolff an award of costs and legal fees, other compensatory damages

and punitive damages together with such other and further relief the Court deems just and proper.

Dated: New York, N.Y.
        October 21, 2025

MILLER KORZENIK RAYMAN LLP
By: //s// *David S. Korzenik*
David S. Korzenik
S. Eric Rayman
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
Tel.: 212-752-9200
dkorzenik@mkslex.com
*Attorneys for Michael Wolff*

15

## VERIFICATION

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

**Michael Wolff** under penalty of perjury affirms:

I am the plaintiff in this action. I affirm on this 21st day of October 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that his document may be filed in an action or proceeding in a court of law.


Affirmed
This 21st day of October, 2025

                                              //s// Michael Wolff
                                              Michael Wolff

BRITO
P L L C



Alejandro Brito
Email: abrito@britopllc.com
Phone: (305) 614.4071
Address: 2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
www.britopllc.com

# EXHIBIT A

October 15, 2025

**Via Email**

Mr. Michael Wolff
michael.wolff@gmail.com

**Re:**   **Demand to Retract the False, Defamatory, and Lewd
Statements about The First Lady of the United States of America**

Dear Mr. Wolff:

This law firm serves as litigation counsel for The First Lady of the United States of America Mrs. Melania Trump (hereinafter referred to as "Mrs. Trump"). Please direct all future correspondence relating to this matter to my attention. This correspondence serves as a demand under Florida Statute § 770.01[1] that you immediately retract and apologize for the false, defamatory, disparaging, and inflammatory statements made about Mrs. Trump, which were published by The Daily Beast Company, LLC ("The Daily Beast"), and contained in the article titled "Melania Trump 'Very Involved' in Epstein Scandal: Author" (the "Article"). Failure to comply will leave Mrs. Trump with no choice but to pursue any and all legal rights and remedies available to recover the overwhelming financial and reputational harm that you have caused her to suffer.

**A. The Article's defamatory statements**.

Here are the false statements in the Article that were made by you, which are defamatory *per se* and which were published by The Daily Beast:

a.   "*Melania Trump 'Very Involved' in Epstein Scandal*: Author."

b.   "*First Lady Melania could be the missing link* in President Trump's ties to convicted sex offender Jeffrey Epstein."

c.   "*Melania was 'very involved' in Epstein's social circle*, and noted that this is how she met Trump."

d.   "She's introduced by a model agent, both of whom Trump and Epstein are involved with. She's introduced to Trump that way. *Epstein [knew] her well*.""

Here are the following statements in the Article that are implicitly defamatory:

---

[1]   Mrs. Trump does not agree or admit that only Florida law applies to any claims she might have in connection with or arising out of the Article.



Alejandro Brito
Email: abrito@britopllc.com
Phone: (305) 614.4071
Address: 2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
www.britopllc.com

# EXHIBIT A

a. "In explosive tapes recorded by Wolff, Epstein alleged that *Trump liked to 'f-- his friends' wives and first slept with Melania on his 'Lolita Express.'*"

b. "Where does [Melania] fit into the Epstein story? *Where does she fit into this, into this whole culture of models of indeterminate age?*"

Separately, you have disseminated such false and defamatory statements on your Instagram page, which have exacerbated this already caustic situation, as follows:

1. Instagram dated July 28, 2025: https://www.instagram.com/reel/DMp1D1_uCM3/?utm_source=ig_web_copy_link&igsh=MzRlODBiNWFlZA==

   - "Epstein told [you], that Trump and Melania got together for the first time [ ] on Epstein's airplane," and that "Melania met Trump through the same modeling circles through which Epstein and Trump procured dates."
   - "This sham marriage, trophy marriage, hardly any marriage at all is part of the scam."
   - "The Epstein story, in which Melania plays no small part."

2. Instagram dated August 4, 2025: https://www.instagram.com/reel/DM7_VSOOnH2/?utm_source=ig_web_copy_link&igsh=MzRlODBiNWFlZA==

   - "Where does Melanie fit in with Epstein?"

3. Instagram dated August 14, 2025: https://www.instagram.com/reel/DNVsVxLue_s/?utm_source=ig_web_copy_link&igsh=MzRlODBiNWFlZA==

   - You stated that Mrs. Trump is sending letters threatening to sue anyone who makes the connection between her and Epstein because they are hiding something they don't want us to know.

These false, disparaging, defamatory, and inflammatory statements are extremely salacious and have been widely disseminated throughout various digital mediums, which have reached tens of millions of people worldwide. Consequently, you have caused Mrs. Trump to suffer overwhelming financial and reputational harm.

As you likely are aware, in July and August 2025, The Daily Beast and podcast platform Spotify removed stories and episodes related to your false and defamatory claims. The Daily Beast also issued two apologies to Mrs. Trump, which specifically referenced your false statements. Separately, James Carville issued an apology and a retraction for a podcast segment in which he made similar false claims about Mrs. Trump, basing them on your untruths. Just in the last week,



**Alejandro Brito**
Email: abrito@britopllc.com
Phone: (305) 614.4071
Address: 2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
www.britopllc.com

**EXHIBIT A**

publisher HarperCollins UK also apologized, retracted, and removed similar incorrect claims from a book. These myriad retractions and apologies underscore the obvious falsity and tortious nature of the statements that you made, and which media outlets are not willing to support or endorse given the liability that they have been exposed to by publishing your false and defamatory statements. It is now your time to directly address your own misdeeds and unlawful conduct.

**B. Applicable law.**

Whether defamation is *per se* or *per quod*, both are actionable under New York and Florida law. "In New York, there are two types of defamation: (1) express defamation, which involves false statements, and (2) defamation by implication, which "involves 'false suggestions, impressions and implications arising from otherwise truthful statements[.]'" *Veritas v. Cable News Network, Inc.,* 121 F.4th 1267, 1275–76 (11th Cir. 2024) (reversing dismissal of complaint because it stated defamation by implication claims against CNN) (quoting *Levin v. McPhee,* 119 F.3d 189, 196 n.5 (2d Cir. 1997)). Florida law also recognizes causes of action for both defamation *per se* and defamation *per quod. See Jews For Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 1106 (Fla. 2008).

Even if you attempted to whitewash your conduct as simply an expression of your opinions, Florida law makes clear that such a defense will not absolve your liability. *See Dershowitz v. Cable News Network, Inc.,* 541 F. Supp. 3d 1354, 1362 (S.D. Fla. 2021); *see also Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 18-19 (1990) ("Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. *Simply couching such statements in terms of opinion does not dispel these implications*.") (emphasis added); *see also Eastern Air Lines, Inc. v. Gellert,* 438 So. 2d 923, 927 (Fla. 3d DCA 1983) ("*[A] statement that although ostensibly in the form of an opinion 'implies the allegation of undisclosed defamatory facts as the basis for the opinion' is actionable*.") (emphasis added).

The conclusion is the same under New York law. *See Garcia v. Puccio,* 17 A.D.3d 199, 201, 793 N.Y.S.2d 382, 384 (2005) (affirming denial of motion to dismiss defamation by implication claim: "It would be error to give conclusive effect to defendants' position of truthfulness before any affirmative defense to that effect has been raised in their answer[.]"); *see also Davis v. Brown,* 211 A.D.3d 524, 525, 181 N.Y.S.3d 34, 35 (2022) (affirming denial of motion to dismiss defamation by implication claim: "While a pure opinion cannot be the subject of a defamation claim, an opinion that 'implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, ... is a 'mixed opinion' and is actionable[.]'") (quoting *Davis v. Boeheim,* 24 N.Y.3d 262, 269 22 N.E.3d 999 (2014)).

Your statements are also defamatory *per se* because they wrongly portray Mrs. Trump as a central figure in the mainstream media's ongoing saga to falsely and maliciously intertwine President Trump and the deceased—and disgraced—Jeffrey Epstein. This is the antithesis of what the fair-index privilege allows. *See Kesner v. Dow Jones & Co., Inc.,* 515 F. Supp. 3d 149, 172 (S.D.N.Y. 2021) (cited only to explain applicable standard) ("A publication 'need not choose the

BRITO
P L L C

EXHIBIT A

Alejandro Brito
Email: abrito@britopllc.com
Phone: (305) 614.4071
Address: 2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
www.britopllc.com

most delicate word available in constructing its headline; it is permitted some drama in grabbing its reader's attention, so long as the headline remains a fair index of what is accurately reported below.'") (quoting *Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 589 (S.D.N.Y. 2009)).

Consequently, you lack any viable defense to the overwhelming reputational and financial harm you have caused Mrs. Trump to suffer.

### C. Demand.

The above-referenced false, defamatory, malicious, disparaging, and inflammatory statements were published to deliberately denigrate Mrs. Trump. The timing of your statements and the subsequent publication of the Article is evident and underscores the actual malice behind the decision to make these statements given the plain falsity of the statements. Accordingly, Mrs. Trump hereby demands that you: (1) immediately issue a full and fair retraction of the statements made about her in Article and any and all other false, defamatory, disparaging, misleading, and inflammatory statements about Mrs. Trump in as conspicuous a manner as they were originally published; (2) immediately issue an apology for the false, defamatory, disparaging, misleading, and inflammatory statements about Mrs. Trump; and (3) immediately make a monetary proposal to Mrs. Trump to ameliorate the harm that you have caused.

Moreover, please allow this letter to serve as notice to you, your affiliated entities, subsidiaries, to its employees, and any other person acting on behalf of or in concert with you, to preserve any and all evidence related in any way to the above-mentioned malicious, false, and defamatory statements you published, and any other statements that you have published regarding Mrs. Trump. By way of this letter, you are hereby directed not to destroy, conceal, or alter any paper or electronic files, physical evidence, and/or other data relating in any way, no matter how remote, to your false claims regarding Mrs. Trump, and/or the circumstances leading to their dissemination, including, but not limited to: (1) all communications between you and any third party in any way related to your wrongful claims regarding Mrs. Trump; (2) all sources for your false claims regarding Mrs. Trump; (3) any and all documents and data referring to, reflecting, or relating to communications between you and any such third-parties or sources regarding your false claims regarding Mrs. Trump; and (4) any and all documents in any way related to your false claims regarding Mrs. Trump. This includes any information alleged to be protected by N.Y. Civ. Rights Law § 79-h(c) or Florida Statute § 90.5015. *See PPM Am., Inc. v. Marriott Corp.,* 152 F.R.D. 32, 35–36 (S.D.N.Y. 1993) (interpreting N.Y. Civ. Rights Law § 79-h(c)); *see also Monarch Air Group, LLC v. Journalism Dev. Network, Inc.,* No. 23-CV-61256, 2025 WL 445491, at *1 (S.D. Fla. Feb. 10, 2025) (interpreting Fla. Stat. § 90.5015 and explaining that the Eleventh Circuit "recognizes a qualified privilege for journalists, allowing them to resist compelled disclosure of their professional news gathering efforts. This privilege shields reporters in both criminal and civil proceedings.") (quoting *United States v. Capers*, 708 F.3d 1286, 1303 (11th Cir. 2013)).

BRITO
P L L C

<span style="color:red">**EXHIBIT A**</span>

Alejandro Brito
Email  abrito@britopllc.com
Phone  (305) 614.4071
Address  2121 Ponce de Leon, Suite 650
Coral Gables, FL 33134
www.britopllc.com

     I understand that many records and files are maintained electronically. However, this letter specifically requests that all paper and hard copy originals be maintained and preserved in their original format. By the same token, electronic documents and the storage media on which they reside may contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists and has been preserved, please preserve and maintain all electronically stored documents in their original native format, including all metadata. This preservation demand specifically encompasses any and all electronic documents, including but not limited to, all word-processed files, emails, spreadsheets, all databases, log files, and any other electronically stored and/or generated documents or files.

     If you do not comply with the above by **October 21, 2025, at 5:00 p.m. EST**, Mrs. Trump will be left with no alternative but to enforce her legal and equitable rights, all of which are expressly reserved and are not waived, including by filing legal action for over $1 Billion Dollars in damages. You are on notice.

     PLEASE GOVERN YOURSELVES ACCORDINGLY.

     Very truly yours,

     ALEJANDRO BRITO