| | |
|---|---|
| **BRITO PLLC** | **DLA PIPER LLP (US)** |
| 2121 PONCE DE LEON BLVD, SUITE 650 | 1251 AVENUE OF THE AMERICAS |
| CORAL GABLES, FL 33134 | NEW YORK, NY 10020 |
| TELEPHONE: (305) 520-7633 | TELEPHONE: (212) 335-4500 |
| FACSIMILE: (305) 440-4385 | FACSIMILE: (212) 335-4501 |

January 5, 2026

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2026
```

<u>Via ECF</u>

The Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Michael Wolff vs. Melania Trump*, No. 25 Civ. 10752 (MKV)

Dear Judge Vyskocil:

  We represent the First Lady of the United States of America, Melania Trump ("Mrs. Trump"), in the above-referenced matter. Pursuant to Paragraph 4.A. of Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference regarding Mrs. Trump's anticipated motion to dismiss the Complaint filed by Plaintiff Michael Wolff ("Plaintiff") for insufficient service of process, lack of personal jurisdiction, and failure to state a claim, or in the alternative, to transfer this action to the U.S. District Court for the Southern District of Florida. *See* Fed. R. Civ. P. 12(b)(2), (5), (6); 28 U.S.C. § 1404(a).[1] We have conferred with Plaintiff's counsel, who has indicated that Plaintiff does not consent.

  Plaintiff brings two facially meritless declaratory-judgment claims—one mislabeled "Defamation" (Count I) and another purporting to invoke New York's Anti-SLAPP law (Count II), which wrongly seeks attorneys' fees plus compensatory and punitive damages. *See* Notice ¶¶ 1-9 & Exh. 1. This action should be dismissed on several grounds or, at a minimum, transferred to the Southern District of Florida.

  *First*, the Complaint is jurisdictionally defective because Mrs. Trump has never been properly served. *Id.* ¶¶ 2, 18; *see* Fed. R. Civ. P. 12(b)(5). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*, 2023 WL 5210974, at *1 (S.D.N.Y. Aug. 14, 2023) (citations omitted). "The plaintiff bears the burden of showing that proper service of process was completed." *Id.* Plaintiff does not meet that burden.

  Under Federal Rule 4(e)—and New York's corresponding provisions, *see* CPLR 308—individuals may be served by (i) personal delivery; (ii) leaving the papers "at the individual's dwelling or usual place of abode with" a resident of "suitable age and discretion"; or (iii) delivery to "an agent authorized … to receive service." Plaintiff did none of those. Plaintiff apparently

---

[1] The Complaint was initially filed in the Supreme Court of the State of New York on October 21, 2025 (the "State Action") and is attached to the Notice of Removal as Exhibit 1. *See* ECF No. 1, Notice of Removal ("Notice") ¶ 1 & Exh. 1. Plaintiff has not effectuated proper service on Mrs. Trump. *Id.* ¶ 2. Counsel for Mrs. Trump appeared in the State Action on December 29, 2025, solely for the purpose of notifying Plaintiff of the removal of this action. While Mrs. Trump does not presently have a deadline to answer or otherwise respond to the Complaint given Plaintiff's failure to effectuate service, we are filing this pre-motion letter seven days from the date of removal, which is the earliest possible deadline to respond to the Complaint under Federal Rule 81(c)(2).

handed papers to the doorman at Trump Tower—*which is not Mrs. Trump's residence*—but the doorman explained he was not authorized to—and would not—accept service on Mrs. Trump's behalf.  *See* State Action, NYSCEF Doc. No. 3; Notice ¶ 13.  Plaintiff also emailed and left a physical copy with Mrs. Trump's counsel, who similarly advised Plaintiff's counsel that he was not authorized to accept service.  State Action, NYSCEF Doc. Nos. 7-8.  Plaintiff conceded that his methods were improper by filing a motion for alternative service—which was not adjudicated prior to removal.  *Id.*, NYSCEF Doc. Nos. 4-9.  Nor can Plaintiff show "good cause" to excuse these defects, as he never attempted service in compliance "with the applicable law."  *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, 2022 WL 2161935, at *4 (E.D.N.Y. May 20, 2022).  Thus, dismissal is required on this basis alone.  *Dwulit*, 2023 WL 5210974, at *2.

*Second*, dismissal also is required because Mrs. Trump is not subject to personal jurisdiction in New York, which requires both (1) a statutory basis under New York law and (2) compliance with federal due process.  *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 45 (2d Cir. 2016).  Neither is satisfied here.

General jurisdiction is unavailable because the "paradigm forum" for an individual is her domicile.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see* CPLR 301.  An individual has one domicile at a time.  *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).  Mrs. Trump's domicile is Florida, not New York.  Notice ¶¶ 13–14.

Specific jurisdiction is likewise unavailable.  Plaintiff's theory rests entirely on a single October 15, 2025 demand letter emailed by Mrs. Trump's counsel, originating in Florida.  Notice Exh. 1, Compl. ¶¶ 1-3 & Exh. A.  But "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction."  *Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1261 (S.D.N.Y. 1995).  Further, in defamation cases, New York law prohibits the exercise of long-arm jurisdiction "over a nondomiciliary who enters the state for the sole purpose of making a defamatory statement."  *Lively v. Wayfarer Studios LLC*, 2025 WL 3085598, at *6 (S.D.N.Y. Nov. 5, 2025); *see* CPLR 302(a)(2)-(3).  Plaintiff's attempt to hale an out-of-state defamation ***victim*** into New York based merely on a demand letter turns that rule on its head.  Due process considerations independently bar jurisdiction.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013).  A single email cannot supply the requisite "minimum contacts" to force a Florida resident to litigate in New York.  *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir. 1986).  It would also contravene the principle that the "brunt" of reputational injury is felt where the victim resides—here, Florida—by forcing the tort victim to litigate her claims in the tortfeasor's home state, an outcome that plainly would "offend traditional notions of fair play and substantial justice." *Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (internal quotations omitted).

*Third*, the Complaint pleads no cognizable claim for relief.  Count I seeks a declaratory judgment that Plaintiff is not liable to Mrs. Trump for his numerous ***past*** malicious, false, and defamatory statements.  *See* Compl. at pp. 6-12, ¶¶ 8-13; *see id.* at pp. 14-15, ¶ 29.  It therefore is a prototypical example of an improper effort to obtain "a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued by reason of alleged wrongful conduct[.]"  *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426 (S.D.N.Y. 2002) (dismissing claim seeking declaration of non-liability for defamation).  "The reason for this rule is clear: declaratory relief is intended to operate prospectively.  There is no

basis for declaratory relief where only past acts are involved." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003); *see also, e.g.*, *Honeywell Int'l Inc. v. Ecoer Inc.*, 2024 WL 3521591, at *8-9 (S.D.N.Y. July 23, 2024) (same; dismissing declaratory judgment claims).

Count II—purporting to invoke New York's Anti-SLAPP statute—is equally meritless. *See* Compl. at pp. 12-15, ¶¶ 14-28, 30. To begin, the statute cannot possibly apply because it authorizes relief only for "*a defendant in an action*," which Plaintiff clearly is not. N.Y. Civil Rights Law § 70-a(1). But in addition, Count II suffers from the same defect as Count I, because it also would require adjudication of the merits of Mrs. Trump's as-yet-unasserted defamation claim. *See id.* § 70-a(1)(a) (costs and fees recoverable only upon "adjudication" that underlying suit "was commenced or continued without a substantial basis in fact or law"). Plaintiff cannot use the statute offensively before any case exists to obtain a declaration that Mrs. Trump will owe him damages for litigation that has not been filed. That is speculation weakly dressed up as a cause of action.

*Lastly*, if the Court is not inclined to dismiss this case on any of the grounds set forth above, the Court should transfer the case to the Southern District of Florida "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This case could have—and should have—been brought there. *Id.* Venue is proper in the judicial district where the "defendant resides." 28 U.S.C. §§ 1391(b)(1), (c)(1). Mrs. Trump is domiciled in Palm Beach, Florida, within the Southern District of Florida. Notice ¶ 13; *see Van Buskirk*, 935 F.3d at 53.

Transfer is also warranted under the § 1404(a) factors. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006). Plaintiff's forum choice deserves little to no deference because it is plainly strategically driven forum-shopping. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). The locus of operative facts is South Florida, relevant documents and witnesses are located there, and adjudication is likely to implicate Florida defamation principles. *See, e.g.*, *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 608 (S.D.N.Y. 2008).

This case should be dismissed, and if it proceeds at all—which it should not—it should proceed in the Southern District of Florida.

Respectfully submitted,

*/s/ Alejandro Brito*  
Alejandro Brito*  
**Brito PLLC**  
2121 Ponce de Leon Blvd., Suite 650  
Coral Gables, FL 33134  
(305) 520-7633  
Abrito@Britopllc.com  

*Pro hac vice* application to be filed

*/s/ Caryn G. Schechtman*  
Caryn G. Schechtman  
**DLA Piper LLP (US)**  
1251 Avenue of the Americas  
New York, NY 10020  
(212) 335-4500  
caryn.schechtman@us.dlapiper.com

*Counsel for First Lady of the United States Melania Trump*

A pre-motion conference is not required prior to the filing of Defendant's anticipated Motion to Dismiss. Any subsequent briefing shall occur on the schedule contemplated by Local Rule 6.1(b).

Date: 1/6/2026
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge