**MILLER KORZENIK RAYMAN LLP**

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

January 7, 2026

**By ECF**
The Honorable Mary Kay Vyskocil
United States District Court, District of New York
500 Pearl Street
New York, New York 10007

    Re:    Michael Wolff v. Melania Trump, 25-cv-10752 (MKV).

Dear Judge Vyskocil:

    We represent Michael Wolff. We write in response to Defendant Melania Trump's Pre-Motion letter of January 5, 2026 [ECF 4] and the Court's response of January 6 [ECF 5] which calls for briefing without need for a Pre-Motion Conference.

    We write to inform the Court that Wolff will be making a **Motion to Remand** the case to state court on the grounds that this Court lacks subject matter jurisdiction. The parties are not diverse. In addition, other bases for federal jurisdiction are absent.

    *The Priority of a Remand Motion:* The Court has no authority to rule on Mrs. Trump's Motion to Dismiss or her Motion for Transfer *unless* subject matter jurisdiction is established under 28 U.S.C. §1447. The Court certainly has no authority to rule on—*or even to hear*—such motions unless the Motion to Remand is denied. Mrs. Trump's proposed motions must be deferred until Wolff's remand motion is ruled on and the question of subject matter juridiction is resolved. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 619 (2d Cir. 2019).

    *The Burden of Proof and the Right to Discovery on Citizenship Issue*: The burden of proving diversity falls on the removing party, i.e., Mrs. Trump. All doubts are to be resolved in favor of the party seeking remand, Mr. Wolff. Mrs. Trump apparently claims without sufficient evidence that she is not a citizen of NY, but of Florida, and has been "at all times relevant to this action." We pled in the Complaint that Mrs. Trump is a citizen of New York. We believe that she is and remains a citizen of New York. In all events, we are entitled to *discovery* on the issue of her true citizenship. *See Platinum,* 943 F.3d at 618 (directing discovery on citizenship where "the underlying … record failed to establish whether the parties to this action were … diverse.")

    *Time for Discovery:* In advance of our making our Motion to Remand, we request time in which to conduct that discovery. Any refusal to provide such discovery would create an adverse presumption against Mrs. Trump if she opposes the remand motion. *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 42 (S.D.N.Y. 1988).

    *The Pending Motion Regarding Service of Process on Mrs. Trump*: On Dec. 23, 2025 while the case was still in New York County Supreme Court, we made a motion a) to *affirm* that

service was properly made on Mrs. Trump or b) *to allow alternative service* via Mrs. Trump's attorney, Mr. Alejandro Brito. We had served a copy of the Summons & Complaint on Mrs. Trump at Trump Tower on Dec. 16, 2025. The doorman at Trump Tower told the process server that Mrs. Trump did live there. We also served a copy of the Summons & Complaint at Mr. Brito's office. We did that because Mr. Brito in his pre-action threat letter to Mr. Wolff had insisted that all communications regarding this matter be made through his office and *not* Mrs. Trump. I had also sent a copy of the Summons & Complaint, prior to filing, to Mr. Brito on October 20, 2025. (If that constitutes proper notice, then his 30-day time for removal may well have expired.)

Our December 23, 2025 motion regarding service is pending, and the Court must rule first on that motion. The Court has limited authority during the removal and remand process. That includes the authority "to bring before it all proper parties whether served by process issued by the State court or otherwise" under 28 U.S.C. §§ 1447(a) and 1448. Hence, this Court does have the authority to rule not just on a remand motion, but also on our pending service motion.

Mrs. Trump now apparently denies that she is subject to *personal jurisdiction* in New York State. That is a remarkable assertion. But in all events, we would be entitled to *discovery on personal jurisdiction as well as diversity jurisdiction.* We do not believe that this Court has effective authority to rule on personal jurisdiction unless subject matter jurisdiction has been established. The Court *does* have authority under §§ 1447 and 1448 to "bring before it" parties for the limited purpose of assessing the propriety of Mrs. Trump's removal and Mr. Wolff's Motion to Remand. Mrs. Trump has removed this case to the Southern District of New York, so *she has brought herself before this Court* for that purpose. All other rulings beyond that limited purpose would be meaningless and not binding if the Court lacks subject matter jurisdiction.

If the Court decides it has the authority to rule on personal jurisdiction, we are entitled to discovery on that issue as well. But personal jurisdiction or not, the parties are properly before the Court for the limited purpose of assessing the propriety of Mrs. Trump's attempted removal and Mr. Wolff's Motion to Remand. That is all that is properly before this Court under § 1447. An order granting remand is not reviewable. §1447(d) An order denying remand is reviewable.

*Justiciable Controversy*: Mrs. Trump in her pre-motion letter at pages 2-3 contends that the Complaint does not set forth a justiciable controversy under 28 U.S.C. § 2201. Mrs. Trump's contention is self-defeating: if there is no Justicable Controversy under § 2201, then the case must be remanded to New York state court. For a federal court to have subject matter jurisdiction, there must be *both* diversity and a justiciable controversy. The Complaint alleged a justiable controversy under New York *CP.L.R. 3001* – a different declaratory action statute with its own standard, one more generous than § 2201. If the Court finds that no declaratory action is available under § 2201, it does not follow that the Court can rule on New York C.P.L.R. § 3001. In fact, a federal court *cannot* rule on C.P.L.R. § 3001 for *Erie/Klaxon* reasons.

Mrs. Trump's reliance on § 2201 is as ill-conceived as her reliance on *Dow Jones v. Harrods,* 237 F.Supp. 2d 394, 426 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2nd Cir. 2003). In *Dow Jones*, there was an *international comity conflict* between a U.S. court and a U.K. court and it involved an anti-suit injunction. In our case there is no friction here between sovereign legal

2

systems. C.P.L.R. § 3001 weighs factors that might well yield a different outcome. We can brief the issue of justiciable controversy. But, if this Court finds no justiciable controversy, as Mrs. Trump urges that it should, then it *must* remand the case to New York Supreme Court. [1]

This Court should recognize that we are seeking a ruling under New York law that the statements challenged by Mrs. Trump are true and were not made with actual malice. Mr. Brito's threat letter was framed to build a bogus actual malice case against both Mr. Wolff's challenged past statements and against Mr. Wolff's future speech about Mrs. Trump.

*$75,000 Threshold:* It is not evident at all that the action meets the requisite $75,000 threshold. Mr. Wolff seeks a declaration of rights as to the specific claims made by Mrs. Trump in the Threat Letter. The fact that Mr. Brito threatened to sue Mr. Wolff for a headline-grabbing "$1 Billion" does nothing to establish the real value of the action. We are seeking a declaration of rights to protect Mr. Wolff's on-going reporting on this story.

*The Anti-SLAPP Claim*: Mr. Wolff's anti-SLAPP claim is based not on a run of the mill libel threat letter. Mr. Brito's Threat Letter recites the specific statements challenged, and it does so pursuant to a Florida pre-action protocol required by Fla. Stat. § 770.02. New York courts will surely recognize this unique kind of claim letter as one that the anti-SLAPP law is intended to inderdict, especially when there is a broad systemic pattern of frivolous libel lawsuits issued by the Trumps to intimidate speakers who criticize them. New York State Courts are best suited to address this critical issue.

Finally, Mrs. Trump contends that the case is about events in Florida. That is incorrect. The statements at issue in the Threat Letter are about Mrs. Trump's activities in the 1990s and the early 2000s when the Trumps and Mr. Epstein pursued their lives in New York City. The witnesses are primarily in New York, and Mrs. Trump's activities during that period were in New York. Most significantly, Mr. Wolff's editorial activities were all conducted in New York – such that New York law should apply to the case.

The Second Circuit in *Platinum* counsels that "a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction." *Platinum,* 943 F.3d at 619. Further, The Second Circuit is "not inclined to countenance prolonged preliminary litigation over the removal issue" such that if there are doubts about the outcome, "federal courts [should] construe the removal statute narrowly, resolving any doubts against removability." *Id*. at 617.

While Motions to Remand do not require a pre-motion letter or conference, we request a pre-motion conference a) to schedule the anticipated motions and related discovery and b) to manage the conflicting and premature motions.

                                                     Respectfully submitted,
                                                     //s/ *David S. Korzenik*
                                                     David S. Korzenik

---

[1] Mrs. Trump seems to be asserting her "no justiciable controversy" claim as part of her proposed FRCP 12(b)(6) motion. But this Court cannot reach a 12(b)(6) ruling without first ruling that it has subject matter jurisdiction.