USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WOLFF,

                Plaintiff,

-against-

MELANIA TRUMP,

                Defendant.

1:25-cv-10752-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of Plaintiff's Letter requesting a pre-motion conference and raising various issues related to the Court's jurisdiction. [ECF No. 6] (the "Letter"). At the outset, the Court notes that it is well aware of its responsibility to assure itself that subject matter jurisdiction exists prior to ruling on a motion to dismiss, *see, e.g.*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection."), and does not need to be reminded of the scope of its own authority by Plaintiff's counsel.

      Prior to filing his Letter, Plaintiff had at no point since the removal of this case to federal court, [ECF No. 1] (the "Notice of Removal"), indicated an intent to move for remand; but, of course, Plaintiff is free to so move at any time, consistent with the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c). *See City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 40 (2d Cir. 2025) ("A motion to remand based on lack of subject matter jurisdiction may be made 'at any time before final judgment.'" (quoting 28 U.S.C. § 1447(c)). Likewise, the First Lady was free to seek leave to file a motion to dismiss in lieu of filing an answer. *See* Fed. R. Civ. P. 12(b); Individual Rules of Practice in Civil Cases, § 4.A.i. And, because this is far from a case where "none of the underlying state-court pleadings, the notice of removal, or the record as a whole reflected that the

1

parties were completely diverse[,]" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019); *cf.* Notice of Removal at 4–5 (cataloguing facts that establish Defendant's Florida citizenship (citing *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53) (2d Cir. 2019)), it was entirely appropriate to grant the First Lady leave to file her motion.

Plaintiff may avail itself of any initiative appropriate under the governing statutes and rules, and the Court will act as a matter of course on any appropriate motion.

**SO ORDERED:**

**DATED: January 8, 2026**
      **New York, New York**                                  **Mary Kay Vyskocil**
                                                              **United States District Judge**