UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                          :
MICHAEL WOLFF,                                            :
                                                          :
                        Plaintiff,       :
                                                          :
        -against-                                       :       Case No. 1:25-cv-10752-MKV
                                                          :
MELANIA TRUMP,                                            :
                                                          :
                        Defendant.       :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


## MEMORANDUM IN SUPPORT OF MOTION BY FIRST LADY OF THE UNITED STATES MELANIA TRUMP TO DISMISS OR, ALTERNATIVELY, TO TRANSFER

                                        DLA PIPER LLP (US)

Of Counsel:

Josh Halpern*                           Caryn G. Schechtman
DLA Piper LLP (US)                Steven M. Rosato
500 Eighth Street, NW             1251 Avenue of the Americas
Washington, DC 20004            New York, New York 10020
(202) 799-4000                     (212) 335-4500
josh.halpern@us.dlapiper.com      caryn.schechtman@us.dlapiper.com
                                          steven.rosato@us.dlapiper.com


Alejandro Brito*
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com


*Pro hac vice application forthcoming


                 *Attorneys for First Lady of the United States Melania Trump*

Dated:  January 26, 2026

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND ............................................................................................................... 3

      A.     The Parties ............................................................................................. 3

      B.     Plaintiff's Defamatory Statements and Mrs. Trump's Retraction Demand............ 4

      C.     Plaintiff Files This Action, Seeking an Improper Declaration of Non-Liability............................................................................................... 5

ARGUMENT .................................................................................................................... 6

I.      THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE AND LACK OF PERSONAL JURISDICTION. ............................................. 6

      A.     Plaintiff Has Never Validly Served Mrs. Trump. .................................................... 6

      B.     Mrs. Trump is Not Subject to Personal Jurisdiction in New York. ........................ 8

            1.     There Is No Basis for General Jurisdiction Under New York Law. ........... 8

            2.     There Is No Basis for Specific Jurisdiction Under New York Law. .......... 9

      C.     The Exercise of Jurisdiction Would Violate Mrs. Trump's Due Process Rights. ..................................................................................................... 11

II.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.................................................................................................................. 12

      A.     Count I Improperly Seeks a Declaration of Non-Liability for Plaintiff's Past Tortious Conduct and an Advance Ruling on a Potential Defamation Claim................................................................................................... 12

      B.     Count II Also Improperly Requests a Declaration of Non-Liability for Past Tortious Conduct and an Improper Advisory Opinion........................... 14

III.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA. ............................................... 15

CONCLUSION............................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Balarezo Family Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co.*,
  2024 WL 1343178 (S.D. Fla. Feb. 12, 2024) ....................................................13, 14

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  305 F.3d 120 (2d Cir. 2002)......................................................................................11

*Barrett v. Uber Techs., Inc.*,
  2025 WL 3538599 (S.D.N.Y. Dec. 10, 2025) ...........................................................9

*Beacon Enters., Inc. v. Menzies*,
  715 F.2d 757 (2d Cir. 1983).....................................................................................10

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007)...................................................................................9, 10

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017)..................................................................................................11

*Calder v. Jones*,
  465 U.S. 783 (1984)..................................................................................................11

*Cont'l Indus. Grp., Inc. v. Altunkilic*,
  2020 WL 3884312 (S.D.N.Y. July 1, 2020) ...........................................................12

*Corbishley v. Napolitano*,
  2020 WL 6157103 (Oct. 21, 2020)...........................................................................9

*Cunningham Bros., Inc. v. Bail*,
  407 F.2d 1165 (7th Cir. 1969) .................................................................................13

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)....................................................................................................8

*Daniels v. Am. Airlines*,
  2020 WL 9816000 (E.D.N.Y. Sept. 4, 2020) ...........................................................6

*Dickerson v. Napolitano*,
  604 F.3d 732 (2d Cir. 2010)...................................................................................6, 7

*Ditkoff v. Wolff*,
  2025 WL 919635 (S.D.N.Y. Mar. 26, 2025) .......................................8, 9, 10, 12

*Dow Jones & Co. v. Harrods, Ltd.*,
    237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd*,
    346 F.3d 357 (2d Cir. 2003)..................................................................2, 13, 15

*Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*,
    2023 WL 5210974 (S.D.N.Y. Aug. 14, 2023)........................................................6, 8

*Eric Adams 2025 v. N.Y.C. Campaign Fin. Bd.*,
    790 F. Supp. 3d 170 (E.D.N.Y. 2025) ...............................................................12

*Farrior v. George Weston Bakeries Distrib., Inc.*,
    2009 WL 113774 (E.D.N.Y. Jan. 15, 2009) .........................................................16

*Fellus v. Sterne, Agee & Leach, Inc.*,
    783 F. Supp. 2d 612 (S.D.N.Y. 2011)................................................................16

*Fox v. Boucher*,
    794 F.2d 34 (2d Cir. 1986)............................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011).....................................................................................8

*Guardian Life Ins. Co. of Am. v. Coe*,
    724 F. Supp. 3d 206 (S.D.N.Y. 2024)..........................................................16, 17

*Haagen-Dazs Shoppe Co. v. Born*,
    897 F. Supp. 122 (S.D.N.Y. 1995) ...................................................................12

*Haller v. Usman*,
    2025 WL 605572 (S.D.N.Y. Feb. 25, 2025).........................................................12

*Honeywell Int'l Inc. v. Ecoer Inc.*,
    2024 WL 3521591 (S.D.N.Y. July 23, 2024) .......................................................12

*IMAX Corp. v. The Essel Grp.*,
    154 A.D.3d 464 (1st Dep't 2017) .....................................................................8

*Int'l Customs Assocs. v. Ford Motor Co.*,
    893 F. Supp. 1251 (S.D.N.Y. 1995)..................................................................10

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).....................................................................................11

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,
    2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011)......................................................12, 15

*Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*,
    694 F. Supp. 3d 374 (S.D.N.Y. 2023)................................................................10

iii

*Licci v. Lebanese Canadian Bank*,
    732 F.3d 161 (2d Cir. 2013).................................................................................11

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*,
    2003 WL 21277114 (S.D.N.Y. June 2, 2003) .........................................................12

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
    599 F.3d 102 (2d Cir. 2012)..................................................................................16

*Nuss v. Guardian Life Ins. Co. of Am.*,
    2021 WL 1791593 (S.D.N.Y. May 5, 2021) ............................................................16

*Obot v. Navient Sols., Inc.*,
    726 F. App'x 47 (2d Cir. 2018) ...............................................................................6

*Parker v. Citizen's Bank, N.A.*,
    2019 WL 5569680 (S.D.N.Y. Oct. 29, 2019)..........................................................12

*Pierce v. Coughlin*,
    806 F. Supp. 426 (S.D.N.Y. 1992) .........................................................................16

*Reich v. Lopez*,
    858 F.3d 55 (2d Cir. 2017)......................................................................................8

*Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*,
    2022 WL 2161935 (E.D.N.Y. May 20, 2022) ...........................................................7

*Robertson v. Cartinhour*,
    2011 WL 5175597 (S.D.N.Y. Oct. 28, 2011) .........................................................15

*SEC v. Gilbert*,
    82 F.R.D. 723 (S.D.N.Y. 1979) ...............................................................................6

*Tadco Constr. Corp. v. Peri Framework Sys., Inc.*,
    460 F. Supp. 2d 408 (E.D.N.Y. 2006) ...................................................................6, 7

*Tang Cap. Partners, LP v. BRC Inc.*,
    661 F. Supp. 3d 48 (S.D.N.Y. 2023)....................................................................12, 14

*Thackurdeen v. Duke Univ.*,
    660 F. App'x 43 (2d Cir. 2016) ............................................................................8, 15

*ThermoLife Int'l LLC v. Vital Pharm. Inc.*,
    2019 WL 4954622 (S.D. Fla. Oct. 8, 2019)..........................................................13, 14

*Van Buskirk v. United Grp. of Cos.*,
    935 F.3d 49 (2d Cir. 2019)......................................................................................8

iv

## Statutes and Rules

28 U.S.C. § 1332(a)(1)............................................................................................................6

28 U.S.C. § 1391(b)(1) ........................................................................................................15

28 U.S.C. § 1404(a) ...............................................................................................1, 2, 3, 15

28 U.S.C. § 1448...................................................................................................................7

28 U.S.C. § 2201.................................................................................................................12

Fla. Stat. § 770.02 ..............................................................................................................17

N.Y. Civil Rights Law § 70-a ............................................................................................14

N.Y. Civil Rights Law § 70-a(1) .......................................................................................14

N.Y. Civil Rights Law § 70-a(1)(a) ...................................................................................14

N.Y. C.P.L.R. § 301..............................................................................................................8

N.Y. C.P.L.R. § 302(a)(1).....................................................................................................9

N.Y. C.P.L.R. § 308...............................................................................................................7

N.Y. C.P.L.R. § 3001...........................................................................................................12

Fed. R. Civ. P. 4(e) ...............................................................................................................7

Fed. R Civ. P. 12(b)(2).............................................................................................1, 8, 18

Fed. R. Civ. P. 12(b)(5)...............................................................................................1, 18

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 12, 18

First Lady of the United States Melania Trump ("Mrs. Trump") respectfully submits this memorandum in support of her motion: (i) to dismiss this action filed for insufficient service, lack of personal jurisdiction, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6); or, in the alternative, (ii) to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This lawsuit arises from a single October 15, 2025 pre-suit demand email sent by Mrs. Trump's Florida counsel to Plaintiff, requesting that Plaintiff retract and apologize for his numerous false, malicious, and defamatory statements concerning Mrs. Trump. Rather than comply with that demand, Plaintiff raced to New York state court to file this facially improper declaratory-judgment action, which seeks a preemptive declaration that Plaintiff is not liable to Mrs. Trump for defamation, and a prospective declaration that Mrs. Trump would owe Plaintiff attorneys' fees under New York's anti-SLAPP statute in a hypothetical, unfiled defamation suit. The complaint is entirely lacking in any legal basis and should be dismissed on several grounds.

*First*, Plaintiff has never validly served Mrs. Trump with the summons and complaint. Rather than attempt to serve Mrs. Trump in Palm Beach, Florida—where she has been domiciled since 2019—Plaintiff improperly attempted to serve a doorman at Trump Tower in midtown Manhattan and Mrs. Trump's counsel, neither of whom is authorized to accept service on Mrs. Trump's behalf. The complaint should be dismissed on this basis alone.

*Second*, Mrs. Trump is not subject to personal jurisdiction in New York. General jurisdiction is foreclosed, as she is domiciled in Florida, not New York. *See* ECF No. 1, Notice of Removal ("Notice") ¶ 13. Nor is she subject to specific jurisdiction under New York's long-arm statute. The sole purported basis for specific jurisdiction offered in the complaint is Mrs. Trump's

Florida-based counsel's email transmission of the October 15, 2025 demand letter to Plaintiff. *See* Compl. at pp. 4-5, ¶ 3.[1]   Under well-settled law, that single communication is insufficient to invoke the jurisdiction of the New York courts.  The exercise of personal jurisdiction over Mrs. Trump also would violate due process.  To hale a defamation **victim** into the alleged home state of the **tortfeasor**, based solely on the victim's demand for a retraction of the defamatory statements, would not just violate traditional notions of fair play and substantial justice—it would be a complete perversion of justice.

*Finally*, Plaintiff's attempt to obtain a preemptive declaration that he is not liable to Mrs. Trump for his past defamatory statements is an abuse of the declaratory-judgment mechanism, which courts have uniformly rejected as improper.  *See, e.g.*, *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426 (S.D.N.Y. 2002) (dismissing claim seeking declaration of non-liability for defamation), *aff'd*, 346 F.3d 357 (2d Cir. 2003).   Plaintiff's claims for declaratory relief further improperly request advisory opinions that Plaintiff would not be liable to Mrs. Trump for defamation, and that Mrs. Trump would be liable to Plaintiff under New York's anti-SLAPP statute, in a hypothetical future litigation of Mrs. Trump's defamation claims.  Even if Mrs. Trump were properly before this Court (which she is not), therefore, the declaratory relief sought in the complaint lacks any legal basis whatsoever, and the complaint should be dismissed for failure to state a claim.

This action is fatally defective on any one of the foregoing grounds.  But if the Court does not dismiss the complaint, then at a minimum, the Court should transfer this action to the Southern District of Florida.  28 U.S.C. § 1404(a).  Plaintiff's decision to file this improper lawsuit in

---

[1] The complaint is attached to the Notice of Removal as Exhibit 1.  Because the paragraph numbering in the complaint resets after each main header, citations herein to the complaint refer first to the page number(s) in the bottom right corner, and then to the relevant paragraph(s) appearing on the cited page(s).

New York state court is obvious forum-shopping in service of Plaintiff's broader goals to generate publicity for himself and profit off of his harassment of Mrs. Trump.  As clear evidence of his bad-faith intention to use this lawsuit as a publicity stunt and for-profit venture, Plaintiff set up a GoFundMe page to fund this lawsuit that has raised nearly *$800,000* as of this writing.  Plaintiff's improper motivations alone provide a basis to transfer.  But in addition, other factors relevant to the section 1404(a) analysis strongly favor transfer.  Mrs. Trump is domiciled in Florida, witnesses and documents are located in Florida, and this case implicates Florida defamation law—Florida is the logical venue for this dispute.

This legally and factually baseless lawsuit should be dismissed or, at a minimum, transferred to the Southern District of Florida.

### BACKGROUND

**A.     The Parties**

Plaintiff Michael Wolff purports to be an "experienced journalist" and claims to be a New York resident who conducts reporting and podcasts in Manhattan.  *See* Compl. at p. 4, ¶ 1.  He allegedly appears on podcasts "two to three times each week" directed at attacking the Trump administration, *id.* at p. 5, ¶ 5, and has published numerous articles critical of Mrs. Trump, many of which have been retracted by their publisher for defamatory content.  *Id.* at pp. 5-6, ¶¶ 5-6 & Exh. A at 2.  Plaintiff regularly publishes paid content and posts on social media about this baseless and frivolous lawsuit.[2]

---

[2] *See, e.g.*, *Why Melania Is Hiding From Me: Wolff*, Daily Beast, Dec. 18, 2025, available at https://www.thedailybeast.com/why-melania-trump-is-hiding-from-me-wolff/; *Suing the First Lady: She Plays Her Hand*, Michael Wolff, Jan. 3, 2026, available at https://michaelwolffnyc.substack.com/p/suing-the-first-lady-she-plays-her; *Melania Trump Probably Isn't Worried About Me*, Michael Wolff, Jan. 10, 2026, available at https://michaelwolffnyc.substack.com/p/melania-trump-probably-isnt-worried.

Mrs. Trump is the First Lady of the United States and a Florida domiciliary.  Since 2019, she has designated Mar-a-Lago as her primary residence; she is registered to vote in Florida and voted there in 2020, 2022, and 2024; she holds a Florida driver's license; and she spends the majority of her non-official time at her Palm Beach residence.  *See* Notice ¶¶ 3-4, 13-14.[3] Plaintiff's contrary allegation that Mrs. Trump is "a citizen of New York State" is pleaded only "on information and belief" and is false.  Compl. at p. 4, ¶ 2; Notice ¶¶ 4, 13-14.

### B.      Plaintiff's Defamatory Statements and Mrs. Trump's Retraction Demand

In July 2025, Plaintiff began publishing outrageous and salacious stories attempting to falsely and defamatorily tie Mrs. Trump to the actions of Jeffrey Epstein.  *See, e.g.*, Compl. at pp. 6-12, ¶¶ 8-13 (quoting and summarizing statements); Exh. A (demand letter cataloguing statements).  These include false claims that she was "Very Involved in [the] Epstein Scandal," that she was "'very involved' in Epstein's social circle," that she met her husband through Epstein, and that she is in a "sham marriage" that is "part of the" Epstein scandal.  Compl. Exh. A at 1-2. Plaintiff distributed these and similar false, malicious, and defamatory claims through written articles, podcast appearances, social media posts, and repetition to individuals.  *Id.*

Mrs. Trump acted quickly to debunk these defamatory smears.  Democrat political strategist James Carville issued an apology and retraction for repeating Plaintiff's false claims, and *The Daily Beast* issued two public apologies and retractions for repeating Plaintiff's falsehoods.

---

[3] All of these facts have been publicly reported.  News articles reported on Mrs. Trump's designation of Palm Beach, Florida, as her primary residence in 2019, and numerous photographs and video footage have been published of her voting in Florida in 2020, 2022, and 2024.  *See, e.g.*, *Trump, Lifelong New Yorker, Declares Himself a Resident of Florida*, N.Y. Times, Oct. 31, 2019, available at https://www.nytimes.com/2019/10/31/us/politics/trump-new-york-florida-primary-residence.html; *WATCH: First lady Melania Trump Casts Ballot in Florida*, P.B.S., Nov. 3, 2020, available at https://www.pbs.org/newshour/politics/watch-first-lady-melania-trump-casts-ballot-in-florida; *Melania Trump Heads to Vote in Florida with Her Husband Donald*, Daily Mail, Nov. 8 2022, available at https://www.dailymail.co.uk/lifestyle/article-11404367/Melania-Trump-votes-alongside-Donald-public-outing-AUGUST.html; *LIVE: Donald Trump, Melania Trump Cast Their Vote in Palm Beach*, Reuters, Nov. 5, 2024, https://www.youtube.com/watch?v=hdbknZ37vxQ.

4

*Id.* at 2. *The Daily Beast* and Spotify then removed multiple articles and podcast episodes featuring Plaintiff's false claims. *Id.*

On October 15, 2025, Mrs. Trump's Florida counsel emailed a letter to Plaintiff identifying the false statements and defamatory implications, demanding a retraction and apology, and reserving all rights. Compl. at p. 1, ¶ 1. The letter explained in detail why the defamatory statements were false or misleading, and it provided Plaintiff with an opportunity to mitigate harm. *See generally* Compl., Exh. A.

## C.       Plaintiff Files This Action, Seeking an Improper Declaration of Non-Liability

Rather than retract or apologize for defaming Mrs. Trump, Plaintiff raced to New York state court, improperly filing this action in the Supreme Court of New York, New York County, on October 21, 2025. The complaint features two baseless and lawless counts. In Count I, Plaintiff wrongly seeks a declaration of non-liability, including a declaration that the statements identified in the demand letter are "not actionable libel claims," and that they are "true" or "matters of opinion," or cannot be shown to be false or having been published with actual malice. Compl. at pp. 6-12, ¶¶ 8-13; pp. 14-15, ¶ 29. In Count II, Plaintiff (again, wrongly) seeks a declaration that, if Mrs. Trump "continues or advances" her claims or "initiates or commences further claims," she "will be liable" to him for costs, attorneys' fees, compensatory damages, and punitive damages under New York's anti-SLAPP statute. *Id.* at pp. 12-14, ¶¶ 14-28; p. 15, ¶ 30.

Plaintiff then attempted to effectuate service through improper means. First, Plaintiff's counsel attempted to serve Mrs. Trump's Florida counsel on December 10 and 11, 2025. Declaration of Caryn G. Schechtman dated January 26, 2026 ("Schechtman Decl."), Exh. 1. Because he was not authorized to do so, Mrs. Trump's counsel declined to accept service—as Mrs. Trump's counsel advised Plaintiff's counsel by letter dated December 12, 2025. *Id.*, Exh. 2. Next, Plaintiff attempted to serve a doorman at Trump Tower in Manhattan on December 16, 2025.

*Id.*, Exh. 3.  The doorman expressly disclaimed authority to accept service on Mrs. Trump's behalf. *Id.*; *see also* Notice ¶¶ 2, 18.

Following these improper service attempts, on December 23, 2025, Plaintiff filed a motion for alternative service.  On December 29, 2025, while that motion remained pending, Mrs. Trump removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Notice ¶¶ 10-16.  On January 5, 2026, Mrs. Trump filed a pre-motion letter requesting a pre-motion conference concerning her anticipated motion to dismiss or, in the alternative, to transfer. ECF No. 4.  The following day, the Court entered an Order stating that a pre-motion conference was not required and directing Mrs. Trump to file her contemplated motion.  ECF No. 5.  As of the date of this filing, Mrs. Trump has not been served with the summons and complaint.

**ARGUMENT**

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE AND LACK OF PERSONAL JURISDICTION.**

**A.    Plaintiff Has Never Validly Served Mrs. Trump.**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*, 2023 WL 5210974, at *1 (S.D.N.Y. Aug. 14, 2023) (citations omitted); *see Daniels v. Am. Airlines*, 2020 WL 9816000, at *10 (E.D.N.Y. Sept. 4, 2020); *Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 412-13 (E.D.N.Y. 2006).  On a motion to dismiss for insufficient service of process, "the plaintiff bears the burden of proving adequate service."  *Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 47 (2d Cir. 2018) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).  This standard requires a plaintiff to demonstrate that the defendant has been served in accordance with the applicable rules of service.  *SEC v. Gilbert*, 82

6

F.R.D. 723, 726 (S.D.N.Y. 1979).  If a plaintiff fails to make reasonable efforts to effectuate proper service, the court may properly dismiss the action.  *Dickerson*, 604 F.3d at 753.

Plaintiff cannot carry his burden to establish that Mrs. Trump has been properly served.  Under Federal Rule 4(e)—similar to New York's corresponding provisions, *see* CPLR 308—individuals may be served by (i) personal delivery; (ii) leaving the papers "at the individual's dwelling or usual place of abode with" a resident of "suitable age and discretion;" or (iii) delivery to "an agent authorized … to receive service."  Fed. R. Civ. P. 4(e).  Plaintiff made no effort to do any of those things.  Instead, he attempted to serve Mrs. Trump's Florida counsel, who declined to accept service and promptly advised Plaintiff's counsel that he was not authorized to do so.  Schechtman Decl., Exhs. 1-2.  Following that improper service attempt, Plaintiff's process server attempted to serve a doorman at Trump Tower—which is *not* Mrs. Trump's primary residence, Notice ¶ 13—and the doorman likewise declined to accept service and advised the process server that he was not authorized to do so.  *See* Schechtman Decl., Exh. 3.

In his January 7, 2026 letter, Plaintiff mistakenly asserts that "the Court must rule" on his motion for alternative service.  ECF No. 6, 1/7/26 Ltr. at 2.  That unadjudicated motion is not before this Court and is "no longer valid."  *Tadco*, 460 F. Supp. 2d at 409-10.  Where, as here, service on the defendant was not "perfected prior to removal," the plaintiff must attempt to effectuate service "in the same manner as in cases originally filed in such district court"—in other words, according to Rule 4 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1448.  Plaintiff has made no effort to do so since this case was removed.

In short, Plaintiff has not made any effort to serve Mrs. Trump in compliance "with the applicable law[,]" *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, 2022 WL 2161935, at *4 (E.D.N.Y. May 20, 2022), as he effectively conceded in moving for alternative service prior to

7

removal.  Mrs. Trump has not been properly served, and dismissal is required on this basis alone. *Dwulit*, 2023 WL 5210974, at \*2.

**B.    Mrs. Trump Is Not Subject to Personal Jurisdiction in New York.**

This action also should be dismissed for lack of personal jurisdiction. Fed. R Civ. P. 12(b)(2).  To avoid dismissal, Plaintiff bears the burden to establish both (i) a statutory basis for personal jurisdiction under New York law, and (ii) that the exercise of personal jurisdiction would comport with federal due process.  *Thackurdeen v. Duke Univ.*, 660 F. App'x 43 (2d Cir. 2016).  Plaintiff cannot satisfy either prong.

**1.    There Is No Basis for General Jurisdiction Under New York Law.**

Mrs. Trump is not subject to general jurisdiction in New York because she is not "domiciled in the state[.]"  *IMAX Corp. v. The Essel Grp.*, 154 A.D.3d 464, 466 (1st Dep't 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014)); *see* CPLR 301.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  That is because a person's domicile has "the virtue of being unique" and "easily ascertainable."  *Daimler*, 571 U.S. at 137; *see Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("A person has only one domicile at any given moment[.]"); *Ditkoff v. Wolff*, 2025 WL 919635, at \*5 (S.D.N.Y. Mar. 26, 2025) (noting that "the Second Circuit has yet to find" a case supporting general jurisdiction outside of defendant's domicile (quoting *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017))) (Vyskocil, J.).  Here, Mrs. Trump is irrefutably domiciled in Florida, not New York.  She is therefore not subject to general jurisdiction in this state.

As set forth in the Notice of Removal, Mrs. Trump has maintained her primary residence in Palm Beach, Florida, and has been registered to vote in Florida, since 2019.  Notice ¶¶ 13(a)-(b). Consistent with her primary-residence designation and voter-registration status, Mrs. Trump has

voted in Florida in every federal election since that time—including, most recently, the federal election in 2024.  *Id.* ¶ 13(b); *see supra* at 4 n.3.  Mrs. Trump also has maintained a valid Florida driver's license since September 2021.  Notice ¶ 13(c).  When she is not in Washington, D.C., carrying out her official duties as First Lady, Mrs. Trump spends most of her time in Palm Beach, Florida.  *Id.* ¶ 13(d).

Given these indisputable facts, Mrs. Trump is a Florida domiciliary; consequently, she is not subject to general jurisdiction in New York.  *See, e.g.*, *Barrett v. Uber Techs., Inc.*, 2025 WL 3538599, at *3 (S.D.N.Y. Dec. 10, 2025) (no general jurisdiction where defendant was "domiciled in New Jersey: he resides there, holds a New Jersey driver's license, and operates a New Jersey-registered vehicle"); *Corbishley v. Napolitano*, 2020 WL 6157103, at *3-4 (Oct. 21, 2020) (defendant who owned residences in New Jersey and New York was domiciled in New Jersey, where he maintained a driver's license and was registered to vote).

### 2.    There Is No Basis for Specific Jurisdiction Under New York Law.

Nor is Mrs. Trump subject to specific jurisdiction under New York's long-arm statute.  *See* CPLR 302(a)(1).  To establish specific jurisdiction, Plaintiff must show: (i) that Mrs. Trump "'transacts … business' in New York and, if so," (ii) that each of Plaintiff's causes of action "'arises from' such a business transaction."  *Wolff*, 2025 WL 919635, at *6 (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)) (cleaned up).  Plaintiff cannot satisfy this test.

The sole basis for specific jurisdiction alleged in the complaint is Mrs. Trump's Florida-based counsel's email transmission of the October 15, 2025 demand letter to Plaintiff.  Compl. at pp. 4-5, ¶ 3.  That is not sufficient for the exercise of specific jurisdiction under settled New York law.  To begin, there is no allegation that Plaintiff was physically located in New York when he received that email—that is, "Plaintiff does not even allege that" Mrs. Trump's counsel

9

transmitted the demand letter "within the state." *Wolff*, 2025 WL 919635, at \*7 (quoting *Best Van Lines*, 490 F.3d at 249). That pleading failure alone is a basis for dismissal. *Id.*

But even if Plaintiff had adequately alleged that the demand letter was sent to New York, it is well established that "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction." *Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1261 (S.D.N.Y. 1995) (collecting cases); *see also Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764-65 (2d Cir. 1983) (in "defensive declaratory judgment action," declining to exercise specific jurisdiction based on defendant's alleged delivery of "cease and desist" letter to New York-based plaintiff); *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 385 (S.D.N.Y. 2023) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York.") (quoting *Beacon*, 715 F.2d at 766).

The exercise of personal jurisdiction under the circumstances here would be a particularly perverse outcome given that, in defamation cases, "'the defamatory publication itself' cannot be the transaction that establishes jurisdiction in New York." *Wolff*, 2025 WL 919635, at \*6 (quoting *Best Van Lines*, 490 F.3d at 248). If an out-of-state defamation ***defendant*** cannot be subject to personal jurisdiction based solely on a defamatory statement directed into New York, then it cannot be that an out-of-state defamation ***victim*** subjects herself to jurisdiction simply because her out-of-state counsel sends a letter demanding retraction of defamatory statements to an alleged New York resident.

"The Court therefore lacks jurisdiction over" Mrs. Trump under New York law. *Id.* at \*9. The Court can and should dismiss this action on that basis. *Id.*

10

**C.**        **The Exercise of Jurisdiction Would Violate Mrs. Trump's Due Process Rights.**

Even if New York law permitted the exercise of jurisdiction over Mrs. Trump—and it does not—Plaintiff cannot show that "the maintenance of this suit would not offend 'traditional notions of fair play and substantial justice.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 271 (2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  That requires a showing that "the defendant purposefully availed [her]self of the privilege of doing business in the forum and could foresee being haled into court there." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 170 (2d Cir. 2013) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002)).

Even in an ordinary case, a single email from a Florida resident's Florida counsel to an alleged New York resident cannot supply the requisite "minimum contacts" to force the Florida resident to litigate in New York.  *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir. 1986).  But this is no ordinary case: Plaintiff, a would-be defamation ***defendant***, seeks to hale an out-of-state defamation ***victim*** into Plaintiff's alleged home state to litigate the victim's underlying defamation claims.  To subject the defamation victim to jurisdiction in the tortfeasor's home state would be akin to allowing a New York resident who drives his car to Florida and negligently injures a Florida resident in a crash to then sue the victim in New York.  It should go without saying that forcing a tort victim—and in particular, a defamation victim who suffered the "brunt" of the reputational injury in Florida, where she resides—to defend the merits of her claims in the tortfeasor's home state would "offend traditional notions of fair play and substantial justice." *Calder v. Jones*, 465 U.S. 783, 788-90 (1984) (quotations omitted).

11

## II.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Though the Court need "not reach the merits of Plaintiff's claims[]" given the lack of personal jurisdiction over Mrs. Trump, *Wolff*, 2025 WL 919635, at *9, the complaint also should be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### A.     Count I Improperly Seeks a Declaration of Non-Liability for Plaintiff's Past Tortious Conduct and an Advance Ruling on a Potential Defamation Claim.

Count I of the complaint improperly asks the Court to declare that Plaintiff would not be liable to Mrs. Trump on a potential defamation claim.  Compl. at pp. 14-15, ¶ 29.  The requested declaratory relief is unavailable on two fundamental grounds.

First, courts uniformly have held that a declaratory-judgment claim may not "be used by parties who seek a declaration of non-liability to preemptively defeat tort claims already accrued by past wrongful conduct." *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 WL 5245192, at *4 (S.D.N.Y. Nov. 2, 2011); *see, e.g.*, *Honeywell Int'l Inc. v. Ecoer Inc.*, 2024 WL 3521591, at *8-9 (S.D.N.Y. July 23, 2024) (dismissing declaratory-judgment claims based on "past conduct"); *Tang Cap. Partners, LP v. BRC Inc.*, 661 F. Supp. 3d 48, 78 (S.D.N.Y. 2023) ("[D]eclaratory judgments resolving disputes over past acts are inappropriate.").[4]  "The reason for this rule is clear: declaratory relief is intended to operate prospectively.  There is no basis for declaratory relief where only past acts are involved." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003); *see, e.g.*, *Cont'l Indus. Grp., Inc. v. Altunkilic*, 2020 WL 3884312, at *10 (S.D.N.Y. July 1, 2020) ("A declaratory judgment serves no

---

[4] In his January 7 letter, Plaintiff asserted that his claims are governed by CPLR 3001, not the federal Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA").  1/7/26 Ltr. at 2.  Plaintiff is mistaken.  In removed cases, "the DJA, not the CPLR, governs" claims for declaratory relief. *Parker v. Citizen's Bank, N.A.*, 2019 WL 5569680, at *4 n.7 (S.D.N.Y. Oct. 29, 2019); *see, e.g., Eric Adams 2025 v. N.Y.C. Campaign Fin. Bd.*, 790 F. Supp. 3d 170, 190 (E.D.N.Y. 2025); *Haller v. Usman*, 2025 WL 605572, at *9 (S.D.N.Y. Feb. 25, 2025); *Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995).

purpose in determining the parties' rights and responsibilities arising out of past acts."). Yet that is precisely the relief that Plaintiff wrongly seeks here.

The complaint makes no secret of its chief aim: Count I seeks a declaratory judgment that Plaintiff is not liable to Mrs. Trump for his numerous past defamatory statements. *See* Compl. at pp. 6-12, ¶¶ 8-13; *see id.* at pp. 14-15, ¶ 29. That type of declaratory relief exemplifies an improper effort to force a tort victim "to litigate [her] claims at a time and in a forum chosen by the alleged wrongdoer"—a complete "perversion of the Declaratory Judgment Act." *Dow Jones*, 237 F. Supp. 2d at 426 (quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969)); *see id.* at 426 n.129 (collecting cases). The Court should reject that effort.

Second, Plaintiff improperly requests "an advance ruling" on a presently unasserted claim for defamation. *Balarezo Family Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 1343178, at *15 (S.D. Fla. Feb. 12, 2024); *see, e.g.*, *ThermoLife Int'l LLC v. Vital Pharm. Inc.*, 2019 WL 4954622, at *5 (S.D. Fla. Oct. 8, 2019) ("Because Thermolife essentially seeks a declaratory judgment that its defenses would be meritorious if it is sued by VPX for defamation, or as a way to head such a claim off at the pass, Thermolife seeks an impermissible advisory opinion on a matter that is not ripe."). It is therefore nothing more than an improper request for an "advisory opinion[] based on fears of future judgments and speculation." *Dow Jones*, 237 F. Supp. 2d at 417.

In sum, Count I simultaneously seeks a facially improper declaratory judgment of non-liability for past tortious conduct and an improper advisory opinion on the merits of a defamation claim that has not been asserted. On either ground, Count I should be dismissed.

13

**B.**     **Count II Also Improperly Requests a Declaration of Non-Liability for Past Tortious Conduct and an Improper Advisory Opinion.**

Count II—purporting to invoke New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 70-a—suffers from the same fatal problems as Count I. *See* Compl. at pp. 12-15, ¶¶ 14-28, 30. Plaintiff asks the Court to declare that Mrs. Trump would be liable to him under the statute in any future litigation, *id.* at p. 15, ¶ 30, but the statute *itself* requires the Court to render an "adjudication" that a defamation lawsuit "was commenced or continued without a substantial basis in fact and law[]" before any damages could be awarded. N.Y. Civil Rights Law § 70-a(1)(a). Mrs. Trump obviously has not "commenced" any defamation lawsuit against Plaintiff, and to render the "adjudication" required under the statute, the Court necessarily would be "resolving disputes over past acts," *Tang Capital Partners*, 661 F. Supp. 3d at 78, *i.e.*, the Plaintiff's past defamatory and malicious statements about Mrs. Trump. The law does not permit such an abuse of the declaratory-judgment mechanism.

Count II should be dismissed for additional reasons as well. For starters, the statute explicitly limits relief to "[a] *defendant* in an action involving public petition and participation" against a person who "commenced or continued such action." N.Y. Civil Rights Law § 70-a(1) (emphasis added). Clearly, Plaintiff is not presently a "defendant" in any pending action.

Further, as with Count I, Plaintiff improperly asks the Court for an advance ruling that Mrs. Trump's *potential* but unasserted defamation claims lack "a substantial basis in fact and law," N.Y. Civil Rights Law § 70-a(1)(a), such that "*if*" Mrs. Trump asserts a claim in the future, Plaintiff "*shall*" have a right to recover attorneys' fees and other damages under the statute. *See* Compl. at p. 15, ¶ 30. That is a textbook request for an improper advisory opinion. *See Balarezo*, 2024 WL 1343178, at *15; *ThermoLife*, 2019 WL 4954622, at *5. "[F]uture contingencies" that depend on "an abstract tower of hypotheticals," as Count II does, "do not constitute a proper basis

14

for declaratory relief." *Dow Jones*, 237 F. Supp. 2d at 417.  Plaintiff cannot use the New York

statute offensively to obtain a declaration that Mrs. Trump will owe him damages in litigation that

has not been filed.  That is just speculation attempting to parade as a ripe cause of action.

There is no legal basis for Plaintiff's attempt to invoke the declaratory-judgment device "to

preemptively defeat tort claims" for his "past wrongful conduct[,]" *John Wiley & Sons*,

2011 WL 5245192, at \*4, nor is there any basis for Plaintiff's request for "advisory opinions based

on fears of future judgments and speculation." *Dow Jones*, 237 F. Supp. 2d at 417.  The complaint

should be dismissed in its entirety.

### III.     IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA.

Finally, in the event that this action is not dismissed on any of the several grounds set forth

above (as it should be), the Court should transfer the action to the U.S. District Court for the

Southern District of Florida "[f]or the convenience of parties and witnesses, in the interest of

justice[.]"  28 U.S.C. § 1404(a).[5]

*First*, in addition to the fact that it fails to state a claim, this action "could have been

brought" in the Southern District of Florida because, as Mrs. Trump's home district, it "has

personal jurisdiction over" Mrs. Trump and "is an appropriate venue." *Robertson v. Cartinhour*,

2011 WL 5175597, at \*3 (S.D.N.Y. Oct. 28, 2011); *see* 28 U.S.C. § 1391(b)(1); Notice ¶ 13.

*Second*, the relevant factors on a section 1404(a) transfer motion weigh in favor of transfer

to the Southern District of Florida.  Those factors include: "(1) the plaintiff's choice of forum, (2)

the convenience of witnesses, (3) the location of relevant documents and relative ease of access to

sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability

---

[5] If the Court finds that it lacks personal jurisdiction over Mrs. Trump, it has the discretion to transfer, rather than dismiss, this action. *Thackurdeen*, 660 F. App'x at 47.

of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024) (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2012)).  Courts also consider "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice."  *Id.* (quoting *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011)).

With respect to Plaintiff's choice of forum, it is obvious that Plaintiff "was forum shopping" in filing this preemptive and improper declaratory-judgment action in his alleged home forum. *Nuss v. Guardian Life Ins. Co. of Am.*, 2021 WL 1791593, at *3 (S.D.N.Y. May 5, 2021) (Vyskocil, J.).  His choice of forum therefore "is entitled *no weight whatever*[.]"  *Id.* (quoting *Farrior v. George Weston Bakeries Distrib., Inc.*, 2009 WL 113774, at * 3 (E.D.N.Y. Jan. 15, 2009)) (emphasis in original).  Solely on the basis of Plaintiff's improperly motivated forum-shopping, "transfer of venue is appropriate."  *Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992).

Even if Plaintiff's improper forum-shopping tactics were not dispositive (they are), the remaining factors favor transfer.  The convenience of witnesses and parties, the location of documents, the ability to compel witnesses, and the locus of operative facts all point to the Southern District of Florida.  Mrs. Trump resides there, Notice ¶ 13; witnesses with knowledge of the falsity of Plaintiff's statements are located in Florida; relevant documents and sources of proof are located in Florida; and the locus of operative facts is Florida—Plaintiff's false, malicious, and defamatory allegations question the legitimacy of Plaintiff's marriage to the President, which occurred in Palm Beach, Florida.  *See* Compl. Exh. A at 1-2.

16

The Southern District of Florida's "familiarity with the governing law" also favors transfer. *Coe*, 724 F. Supp. 3d at 213.  As Plaintiff has observed, Mrs. Trump's counsel sent the October 15, 2025 letter demanding retraction of Plaintiff's false statements "pursuant to a Florida pre-action protocol required by Fla. Stat. § 770.02."  ECF No. 6, 1/7/26 Ltr. at 3.  By Plaintiff's own account, therefore, this action implicates questions of Florida defamation law, which the Southern District of Florida is better positioned to address than are the New York courts.

The remaining factors also favor transfer if this case is not dismissed, as it deserves to be. Plaintiff unquestionably has the means to litigate this action in Florida—as of January 26, 2026, he had raised nearly ***$800,000*** to fund this lawsuit.  *See* [https://www.gofundme.com/f/help-michael-wolff-in-his-legal-fight-against-melania-trump](https://www.gofundme.com/f/help-michael-wolff-in-his-legal-fight-against-melania-trump).  And trial efficiency certainly does not weigh against transfer, given the significant case load in both this District and the Southern District of Florida.

In light of the foregoing, the interests of justice overwhelmingly favor transfer of this case to the Southern District of Florida.

## CONCLUSION

For the reasons set forth above, Mrs. Trump respectfully requests that the Court: (i) dismiss the complaint for insufficient service, lack of personal jurisdiction, or failure to state a claim, *see* Fed. R. Civ. P. 12(b)(2), (5), (6); or, in the alternative, (ii) transfer this action to the United States District Court for the Southern District of Florida.

Dated:  New York, New York          DLA PIPER LLP (US)
        January 26, 2026

Of Counsel:                          By:  */s/ Caryn G. Schechtman*
                                          Caryn G. Schechtman
Josh Halpern*                             Steven M. Rosato
DLA Piper LLP (US)
500 Eighth Street, NW                1251 Avenue of the Americas
Washington, DC 20004                 New York, New York 10020
(202) 799-4000                       (212) 335-4500
josh.halpern@us.dlapiper.com         caryn.schechtman@us.dlapiper.com
                                     steven.rosato@us.dlapiper.com


Alejandro Brito*
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com


*Pro hac vice* application forthcoming

                                     *Attorneys for*
                                     *First Lady of the United States*
                                     *Melania Trump*

18