**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHAEL WOLFF,

              Plaintiff,

v.

MELANIA TRUMP,

              Defendant.

Case No. 1:25-cv-10752-MKV-SLC

**NOTICE OF CROSS-MOTION OF MICHAEL WOLFF FOR REMAND TO NY STATE COURT AND IN THE ALTERNATIVE FOR DISCOVERY AS TO MRS. TRUMP'S CITIZENSHIP AND NEW YORK CONTACTS AND ACTIVITIES And FOR RELATED RELIEF**

**Oral Argument Requested**

**Individual Rule 4(C) Statement**

---

PLEASE TAKE NOTICE that **Plaintiff Michael Wolff** ("Wolff") by his counsel, Miller Korzenik Rayman LLP, will make this Cross-Motion at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 18C, New York, NY 10007, at such date and time as the Court directs, for an Order:

1. *Remanding* the case back to New York State Supreme Court, New York County, where it was initially filed (Index No. 163900/2025) on the grounds that the Court lacks subject-matter jurisdiction – the parties lacking diversity (both parties are New York citizens) and the statutory amount unmet.

2. *In the alternative, allowing time for Plaintiff Wolff to conduct fair discovery* of Mrs. Trump and third parties regarding her citizenship, her New York activities and her contacts under the Court's authority per 28 USC 1447. (The analysis turns on the party's "intent;" on the "entire course of a person's conduct;" on where the person has the intention of "returning;" and on what is the "center of her domestic, social and civic life." (See Memorandum of Law)

3. *Taking up Wolff's Motion made in New York Supreme* prior to removal for a ruling either a) confirming that the service of process measures taken by Plaintiff in at her home in NY, and at Defendant's counsel's office are sufficient service of process or b) granting Plaintiff leave to make alternative service by email to Defendant Trump's counsel DLA Piper in NY (email address) and by email to Mr. Brito, Defendant's

1

    other counsel as has already been accomplished; See 28 USC 1448 for the Courts authority on establishing service.

4. *Ruling that for purposes of resolving the issue of Mrs. Trump's true citizenship, no further service of process is required*, since the parties have been "brought before the Court" per 28 USC 1447(a) for purposes of addressing whether this Court has subject matter authority to make any other rulings in this case. (Specifically, Defendant Trump has affirmatively appeared in this Court by its Notice of Removal and by making its motions [ECF 8] to this Court.) Service of process is not required when due notice has been afforded the parties, and the parties have appeared for the specific and limited purpose of addressing Subject-Matter Jurisdiction.

5. *Giving Priority to the question of Subject Matter Jurisdiction* over any other matters raised by Mrs. Trump in her 12(b) Motions to Dismiss [ECF 8] and *deferring* consideration and full briefing of such merits motions *until the Subject Matter Jurisdiction* issue has been a) properly examined (via proper discovery), b) until Plaintiff is allowed to establish a full and fair record, c) until fair and proper briefing has been allowed and d) until subject-matter jurisdiction has been ruled on.

6. *If the Court chooses to allow Defendant to challenge Personal Jurisdiction at this stage in the proceedings,* then allowing Plaintiff time and opportunity to conduct fair discovery into Mrs. Trump's New York business and personal activities in New York. (Plaintiff contends that Mrs. Trump's known New York contacts and activities are continuous and systematic such that the bases of personal jurisdiction have been established under CPLR 301 and 302. But if there is any question as to personal jurisdiction, either general or specific, then fair and proper discovery must be permitted.); and

7. The Court should strike Mrs. Trump's Motions to Dismiss under Rule 12(b)2, 5 and 6 as well as her motion to transfer the case to Florida as the Court lacks authority over such motions unless and until subject-matter jurisdiction is established and proven by Defendant Trump. They should otherwise be denied.

8. *Granting such other and further relief as the Court deems just and proper.*

In support of his cross-motion, Wolff relies upon the Complaint, his pending motion regarding service, the Notice of Removal, his accompanying Memorandum of Law, the Declaration of David S. Korzenik dated February 9, 2026, and Wolff's papers in Opposition to Mrs. Trump's Motion to Dismiss and for Transfer, along with any further filings made in connection with the several pending motions and such other proceedings in this action as bear on the matters addressed in them.

**Individual Rule 4(c) Statement**: We will rely on the pleading attacked.

Dated: New York, New York
February 9, 2026

                              MILLER KORZENIK RAYMAN LLP

                              By: _/s/ David S. Korzenik_
                                   David S. Korzenik

                              The Paramount Building
                              1501 Broadway, Suite 2015
                              New York, New York 10036
                              dkorzenik@mkslex.com
                              *Attorneys for Michael Wolff*