UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
: 
MICHAEL WOLFF, :
:
                Plaintiff, :
:
  -against- :  Case No. 1:25-cv-10752-MKV
:
MELANIA TRUMP, :
:
                Defendant. :
:
------------------------------------------- x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MRS. TRUMP'S
MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER,
<u>AND IN OPPOSITION TO CROSS-MOTION TO REMAND</u>**

                                                          DLA PIPER LLP (US)

Of Counsel:

| | |
|---|---|
| Alejandro Brito (*pro hac vice*) | Caryn G. Schechtman |
| Brito PLLC | Steven M. Rosato |
| 2121 Ponce de Leon Blvd. | 1251 Avenue of the Americas |
| Suite 650 | New York, New York 10020 |
| Coral Gables, FL 33134 | (212) 335-4500 |
| (305) 520-7633 | caryn.schechtman@us.dlapiper.com |
| Abrito@Britopllc.com | steven.rosato@us.dlapiper.com |

        *Attorneys for First Lady of the United States Melania Trump*

Dated:  February 17, 2026

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.  THE COMPLAINT SHOULD BE DISMISSED ON SEVERAL
    INDEPENDENT GROUNDS. ............................................................................................. 1

    A.  Plaintiff Concedes That He Has Never Validly Served Mrs. Trump. .................... 1

    B.  This Action Should Be Dismissed for Lack of Personal Jurisdiction..................... 2

        1.  Mrs. Trump Is Not a New York Domiciliary. ............................................ 2

        2.  Mrs. Trump Is Not Subject to Specific Jurisdiction. ................................. 4

        3.  Exercising Personal Jurisdiction Would Violate Due Process. .................. 5

    C.  The Complaint Does Not State a Valid Claim for Relief. ...................................... 5

        1.  The Declaratory Relief That Plaintiff Seeks Is Patently Improper. ............ 5

        2.  Plaintiff Does Not Have an "Affirmative" Anti-SLAPP Claim. ................ 7

II. IN THE ALTERNATIVE, THE CASE SHOULD BE TRANSFERRED. ......................... 7

III. THE CROSS-MOTION TO REMAND SHOULD BE DENIED. ..................................... 8

CONCLUSION............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aberdeen City Council v. Bloomberg L.P.*,
   688 F. Supp. 3d 169 (S.D.N.Y. 2023) .................................................................................7, 8

*Barkai v. Mendez*,
   629 F. Supp. 3d 166 (S.D.N.Y. 2022) .................................................................................4, 5

*Barrett v. Uber Techs., Inc.*,
   2025 WL 3538599 (S.D.N.Y. Dec. 10, 2025) .........................................................................3

*Beacon Enters., Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983) ....................................................................................................4

*Bogan v. Nw. Mut. Life Ins. Co.*,
   103 F. Supp. 2d 698 (S.D.N.Y. 2000) ...................................................................................10

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
   582 U.S. 255 (2017) ................................................................................................................5

*Calder v. Jones*,
   465 U.S. 783 (1984) ................................................................................................................5

*Corbishley v. Napolitano*,
   2020 WL 6157103 (S.D.N.Y. Oct. 21, 2020) .........................................................................4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................3

*Ditkoff v. Wolff*,
   2025 WL 919635 (S.D.N.Y. Mar. 26, 2025) ...........................................................................3

*Dow Jones & Co v. Harrods, Ltd.*,
   237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd*,
   346 F.3d 357 (2d Cir. 2003) ....................................................................................................5

*Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*,
   2023 WL 5210974 (S.D.N.Y. Aug. 14, 2023) .........................................................................2

*Dynamic Event Grp., Inc. v. Penske Truck Leasing Co.*,
   220 A.D.3d 592 (1st Dep't 2023) ............................................................................................6

*Gibbons v. Bristol-Myers Squibb Co.*,
   919 F.3d 699 (2d Cir. 2019) ....................................................................................................2

*Gilman v. BHC Sec., Inc.*,
    104 F.3d 1418 (2d Cir. 1997)..................................................................................................9

*Guardian Life Ins. Co. of Am. v. Coe*,
    724 F. Supp. 3d 206 (S.D.N.Y. 2024)......................................................................................8

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*,
    213 F.3d 48 (2d Cir. 2000)......................................................................................................2

*United States ex rel. Hanks v. United States*,
    961 F.3d 131 (2d Cir. 2020)....................................................................................................7

*Honeywell Int'l Inc. v. Ecoer Inc.*,
    2024 WL 3521591 (S.D.N.Y. July 23, 2024) .........................................................................6

*Hunt v. Wash. State Apple Advert. Comm'n*,
    432 U.S. 333 (1977).................................................................................................................9

*IMAX Corp. v. The Essel Grp.*,
    154 A.D.3d 464 (1st Dep't 2017) ............................................................................................3

*Int'l Customs Assocs. v. Ford Motor Co.*,
    893 F. Supp. 1251 (S.D.N.Y. 1995).........................................................................................4

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,
    2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011) ......................................................................5, 6

*Kinsey v. N.Y. Times Co.*,
    991 F.3d 171 (2d Cir. 2021)....................................................................................................8

*Kupferberg v. Baez*,
    2025 WL 2346060 (S.D.N.Y. Aug. 13, 2025) ........................................................................2

*LaNasa v. Stiene*,
    731 F. Supp. 3d 403 (E.D.N.Y. 2024) ....................................................................................9

*Lawrence Moskowitz CLU. Ltd. v. ALP, Inc.*,
    2020 WL 1503558 (S.D.N.Y. Mar. 30, 2020), *aff'd*,
    830 F. App'x 50 (2d Cir. 2020) ..............................................................................................3

*Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*,
    368 F. Supp. 3d 460 (E.D.N.Y. 2019) ....................................................................................5

*Max v. Lissner*,
    2023 WL 2346365 (S.D.N.Y. Mar. 3, 2023) ..........................................................................7

*Moore v. Betit*,
    511 F.2d 1004 (2d Cir. 1975)..................................................................................................9

*My Goals Sols., Inc. v. Coiana*,
  2025 WL 833878 (S.D.N.Y. Mar. 14, 2025) ........................................................................3

*Neewra, Inc. v. Manahk Al Khaleej Gen. Trading & Contracting Co.*,
  2004 WL 1620874 (S.D.N.Y. July 20, 2004) ............................................................4, 8, 10

*Nix v. ESPN, Inc.*,
  772 F. App'x 807 (11th Cir. 2019) .......................................................................................8

*Nuss v. Guardian Life Ins. Co. of Am.*,
  2021 WL 1791593 (S.D.N.Y. May 5, 2021) ........................................................................8

*Obot v. Navient Sols., Inc.*,
  726 F. App'x 47 (2d Cir. 2018) ...........................................................................................1

*Pierce v. Coughlin*,
  806 F. Supp. 426 (S.D.N.Y. 1992) ......................................................................................8

*Reich v. Lopez*,
  858 F.3d 55 (2d Cir. 2017).................................................................................................. 3

*Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*,
  2022 WL 2161935 (E.D.N.Y. May 20, 2022) .....................................................................2

*Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*,
  522 F. Supp. 3d 4 (S.D.N.Y. 2021) .....................................................................................9

*Tadco Constr. Corp. v. PERI Framework Sys., Inc.*,
  460 F. Supp. 2d 408 (E.D.N.Y. 2006) .................................................................................1

*Tang Cap. Partners, LP v. BRC Inc.*,
  661 F. Supp. 3d 48 (S.D.N.Y. 2023)....................................................................................6

*Tarasov v. Port Auth. of N.Y. & N.J.*,
  2026 WL 280464 (S.D.N.Y. Feb. 3, 2026)..........................................................................1

*Thackurdeen v. Duke Univ.*,
  660 F. App'x 43 (2d Cir. 2016) ...........................................................................................7

*ThermoLife Int'l LLC v. Vital Pharm. Inc.*,
  2019 WL 4954622 (S.D. Fla. Oct. 8, 2019).........................................................................6

*Van Buskirk v. United Grp. of Cos.*,
  935 F.3d 49 (2d Cir. 2019).............................................................................................3, 10

## Statutes and Rules

28 U.S.C. § 1332(a)(1) ...........................................................................................................9

28 U.S.C. § 1404(a) .............................................................................................................10

28 U.S.C. § 1441(b)(2) ..........................................................................................................2

28 U.S.C. § 1447(c) ...............................................................................................................2

28 U.S.C. § 1448 ...................................................................................................................2

N.Y. Civil Rights Law § 70-a(1) ...........................................................................................7

N.Y. Civil Rights Law § 76-a(1)(a) .......................................................................................7

N.Y. Civil Rights Law § 76-a(1)(b) .......................................................................................7

Fed. R. Civ. P. 12(b)(2) .......................................................................................................10

Fed. R. Civ. P. 12(b)(5) .......................................................................................................10

Fed. R. Civ. P. 12(b)(6) ..................................................................................................6, 10

N.Y. C.P.L.R. § 301 ...............................................................................................................2

N.Y. C.P.L.R. § 302(a)(3) ..................................................................................................4, 5

N.Y. C.P.L.R. § 3001 .............................................................................................................6

**PRELIMINARY STATEMENT**[1]

Plaintiff's confused and scattershot opposition provides no basis for any part of this case—which never should have been filed—to survive dismissal. Plaintiff admits that he never validly served Mrs. Trump; he identifies no basis to exercise personal jurisdiction over Mrs. Trump; and the relief that he seeks—a declaration that he is not liable for his past despicable, malicious, and defamatory statements about Mrs. Trump—has been flatly rejected by every court to consider the issue, as evidenced by Plaintiff's failure to cite a single case endorsing anything remotely approaching what he tries to do here. This case should be dismissed in its entirety, and Plaintiff's cross-motion to remand should be denied.

**ARGUMENT**

**I.   THE COMPLAINT SHOULD BE DISMISSED ON SEVERAL INDEPENDENT GROUNDS.**

**A.   Plaintiff Concedes That He Has Never Validly Served Mrs. Trump.**

Plaintiff offers no justification for his improper, failed attempts to serve Mrs. Trump through a doorman at Trump Tower and her Florida counsel. *See* Mem. at 6-8; ECF No. 10, Schechtman Decl. ¶¶ 4-6. Rather than explain how those improper efforts carry his "burden of proving adequate service," *Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 47 (2d Cir. 2018), Plaintiff asks the Court to adjudicate the motion for alternative service he filed before removal. ECF No. 14 ("Opp.") at 2 n.3, 8. That motion is not "before the Court," *id.* at 2 n.3, because Plaintiff never refiled it "after removal." *Tarasov v. Port Auth. of N.Y. & N.J.*, 2026 WL 280464, at *7 (S.D.N.Y. Feb. 3, 2026); *Tadco Constr. Corp. v. PERI Framework Sys., Inc.*, 460 F. Supp. 2d 408, 409

---

[1] Capitalized terms have the same meaning as in Mrs. Trump's opening memorandum ("Mem.," ECF No. 9).

(E.D.N.Y. 2006) (post-removal, state proceedings are "no longer valid").[2] The only pending motion addressing service is Mrs. Trump's motion to dismiss, and Plaintiff manifestly did not "comply with the applicable law" in attempting to serve Mrs. Trump. *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, 2022 WL 2161935, at *4 (E.D.N.Y. May 20, 2022); *see* Mem. at 6-8.

Plaintiff does not cite a single case to support his false assertion to the contrary, which is further contradicted by his decision not to seek remand based on the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2). That rule precludes removal where "a home-state defendant has been 'properly joined and served.'" *Kupferberg v. Baez*, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025) (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)). But a plaintiff who wishes to invoke the rule must do so "within 30 days of removal[;]" otherwise, he "waive[s] his right to object" to removal on that ground. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *see* 28 U.S.C. § 1447(c). If Plaintiff truly believed that Mrs. Trump is a New York citizen (she is not) and was validly served (she was not), then he should have moved to remand on that basis within 30 days of removal. In electing not to do so, Plaintiff concedes both that Mrs. Trump has not been validly served and that she is not a New York citizen.

Consequently, "Plaintiff has failed to meet [his] burden of showing proper service, requiring dismissal of this case." *Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*, 2023 WL 5210974, at *2 (S.D.N.Y. Aug. 14, 2023).

  **B.**  **This Action Should Be Dismissed for Lack of Personal Jurisdiction.**

    **1.**  **Mrs. Trump Is Not a New York Domiciliary.**

"New York courts may not exercise general jurisdiction against a defendant under the United States Constitution or under CPLR 301 unless the defendant is ***domiciled*** in the state."

---

[2] Plaintiff mistakenly asserts that 28 U.S.C. § 1448 requires his motion to "proceed in federal court." Opp. at 2. Section 1448 says no such thing. *See* Mem. at 7.

*IMAX Corp. v. The Essel Grp.*, 154 A.D.3d 464, 465-66 (1st Dep't 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014)) (emphasis added); *see, e.g.*, *Ditkoff v. Wolff*, 2025 WL 919635, at *5 (S.D.N.Y. Mar. 26, 2025) (general jurisdiction limited to New York domiciliaries); *My Goals Sols., Inc. v. Coiana*, 2025 WL 833878, at *3-5 (S.D.N.Y. Mar. 14, 2025) (same). "A person has only one domicile at any given moment," *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019), and the Second Circuit has never deemed a non-domiciliary to be subject to general jurisdiction. *Wolff*, 2025 WL 919635, at *5 (citing *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017)). The Court should reject Plaintiff's unfounded suggestion that these principles somehow do not govern here. Opp. at 7.

Mrs. Trump is subject to general jurisdiction only if she is a New York domiciliary, and the undisputed facts show that she is not. As Plaintiff's own cited case law observes (*see id.* at 5), "[f]actors frequently taken into account in determining domicile include current residence, voting registration, [and] driver's license and automobile registration," among others. *Lawrence Moskowitz CLU. Ltd. v. ALP, Inc.*, 2020 WL 1503558, at *3 (S.D.N.Y. Mar. 30, 2020), *aff'd*, 830 F. App'x 50 (2d Cir. 2020) (internal quotations omitted). Those factors unequivocally show that Mrs. Trump is a Florida domiciliary. Plaintiff does not dispute that, since **October 2019**, Mrs. Trump's primary residence has been Mar-a-Lago in Palm Beach, Florida. Notice ¶¶ 13(a). Nor does he dispute—because he cannot—that Mrs. Trump has been registered to vote, and has voted, in Florida in every federal election since that time. *Id.* ¶ 13(a)-(b). He also does not dispute that Mrs. Trump has maintained a valid Florida driver's license since September 2021. *Id.* ¶ 13(c).

Unable to dispute these facts, Plaintiff falsely contends that they somehow "establish *nothing*." Opp. at 6 (emphasis in original). The courts disagree. *See, e.g.*, *Barrett v. Uber Techs., Inc.*, 2025 WL 3538599, at *3 (S.D.N.Y. Dec. 10, 2025) (no general jurisdiction where defendant

was "domiciled in New Jersey: he resides there, holds a New Jersey driver's license, and operates a New Jersey-registered vehicle"); *Corbishley v. Napolitano*, 2020 WL 6157103, at *3-4 (S.D.N.Y. Oct. 21, 2020) (defendant with residence in New York was domiciled in New Jersey, place of voter registration and driver's license).

Beyond that wrongful assertion, Plaintiff relies on a self-serving declaration from his attorney to falsely accuse Mrs. Trump of defrauding the State of Florida by claiming it as her primary residence, and wrongfully voting there, as part of "an artifice." Opp. at 5; *see* ECF No. 15, Korzenik Decl. ¶¶ 22-31. These claims by Plaintiff and his attorney are wrong. Mrs. Trump is a Florida citizen. She is not subject to general jurisdiction in this State. The Court should not entertain Plaintiff's unfounded claims to the contrary. *See, e.g.*, *Neewra, Inc. v. Manahk Al Khaleej Gen. Trading & Contracting Co.*, 2004 WL 1620874, at *2 n.3 (S.D.N.Y. July 20, 2004) (declining to consider attorney declaration concerning basis for personal jurisdiction over defendant).

### 2.   Mrs. Trump Is Not Subject to Specific Jurisdiction.

Plaintiff admits that his sole purported basis for the exercise of specific jurisdiction is Mrs. Trump's Florida counsel's email transmission of the October 15, 2025, demand letter to Plaintiff. Opp. at 8-9. In addition to failing to show that he was in New York when he received the email, Plaintiff does not address the long line of cases holding that "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction." Mem. at 10 (quoting *Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1261 (S.D.N.Y. 1995), and citing *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764-65 (2d Cir. 1983)). By failing to respond to that argument, he "has effectively conceded" the point. *Barkai v. Mendez*, 629 F. Supp. 3d 166, 185 (S.D.N.Y. 2022).

Nor can Plaintiff avoid dismissal by framing the demand letter as "a tortious act without the state" allegedly causing injury in New York. Opp. at 9; *see* CPLR 302(a)(3). That specious

4

argument has been tried and rejected before.  *See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 482-83 (E.D.N.Y. 2019) (letter threatening litigation was not "a cognizable tort").  Accepting Plaintiff's argument would also turn CPLR 302(a)(3) on its head, as that provision excludes "cause[s] of action for defamation" from its scope.  CPLR 302(a)(3).  Plaintiff cites no support for the wrongful proposition that the statute authorizes jurisdiction over an out-of-state defamation *victim* who sends a demand letter to an alleged New York resident, even while it bars jurisdiction over out-of-state defamation *tortfeasors* who cause in-state harm.

### 3. Exercising Personal Jurisdiction Would Violate Due Process.

Plaintiff cannot show that "the maintenance of this suit would not offend 'traditional notions of fair play and substantial justice.'"  Mem. at 11 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 271 (2017)).  It is difficult to fathom a scenario less offensive to "traditional notions of fair play and substantial justice[,]" *Calder v. Jones*, 465 U.S. 783, 788 (1984), than that presented here:  a defamation victim being forced to litigate her claims—against her will—in the alleged home jurisdiction of the tortfeasor.  Plaintiff again offers no argument in response, thereby conceding the argument.  *See Barkai*, 629 F. Supp. 3d at 185.

## C. The Complaint Does Not State a Valid Claim for Relief.

### 1. The Declaratory Relief That Plaintiff Seeks Is Patently Improper.

Mrs. Trump's opening memorandum cites an unbroken line of decisions, spanning decades, in which courts have recognized that a declaratory-judgment claim cannot "be used by parties who seek a declaration of non-liability to preemptively defeat tort claims already accrued by past wrongful conduct."  Mem. at 12 (quoting *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 WL 5245192, at *4 (S.D.N.Y. Nov. 2, 2011)).  In opposition, Plaintiff does not dispute that he seeks exactly that relief in both counts of the complaint, and he does not explain why he should be permitted to engage in such a "perversion of the Declaratory Judgment Act."  *Dow Jones*

5

*& Co v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003) (internal quotations omitted). The answer is that Plaintiff should not be permitted to do so, as shown by his failure to cite any case granting similar relief. *See* Opp. at 9-15.

In an attempt to evade the issue, Plaintiff asserts that his claims do not relate "only" to past conduct but also seek to "protect his *future* ability to continue to report on the Trumps and the Epstein issues . . . ." Opp. at 11 (emphasis in original). That is, Plaintiff wants a declaratory judgment that he did not defame Mrs. Trump in the past so that he can continue defaming her in the future. But whether the declaratory judgment Plaintiff seeks would embolden him to continue defaming Mrs. Trump is irrelevant—at bottom, he still is seeking this Court's absolution vis-à-vis his past defamation. Under settled law, that is not a proper use of the declaratory-judgment cause of action. *John Wiley & Sons*, 2011 WL 5245192, at *4 (granting Rule 12(b)(6) motion); *see also, e.g.*, *Honeywell Int'l Inc. v. Ecoer Inc.*, 2024 WL 3521591, at *8-9 (S.D.N.Y. July 23, 2024) (same); *Tang Cap. Partners, LP v. BRC Inc.*, 661 F. Supp. 3d 48, 78 (S.D.N.Y. 2023) (same).[3]

Plaintiff also does not meaningfully respond to the argument that he simultaneously is seeking an improper "advisory opinion" that his "defenses would be meritorious" in a hypothetical defamation suit brought by Mrs. Trump. *ThermoLife Int'l LLC v. Vital Pharm. Inc.*, 2019 WL 4954622, at *5 (S.D. Fla. Oct. 8, 2019); *see also, e.g.*, *Dynamic Event Grp., Inc. v. Penske Truck Leasing Co.*, 220 A.D.3d 592, 592 (1st Dep't 2023) (rejecting request for "advisory opinion"). In fact, this "advisory opinion" problem is even more acute than originally anticipated, as Plaintiff admits that he seeks a declaration not just absolving him of liability for prior acts, but insulating him from liability for any future defamatory statements he might make. *See* Opp. at 11, 13.

---

[3] These cases show that this is not a "justiciability" question, Opp. at 9-10, but a question of whether the Declaratory Judgment Act permits this type of claim. As Plaintiff concedes in noting that CPLR 3001 is "procedural law," *id.* at 10, the Declaratory Judgment Act governs. *See* Mem. at 12 n.4. Whatever the purported differences between CPLR 3001 and the Declaratory Judgment Act—and Plaintiff does not specify any—they are irrelevant here.

### 2. Plaintiff Does Not Have an "Affirmative" Anti-SLAPP Claim.

In a desperate attempt to avoid dismissal of Count II, Plaintiff contends that he has an "affirmative" claim under New York's anti-SLAPP law because, according to Plaintiff, the October 15, 2025, demand letter qualifies as a claim that triggers his purported rights under the statute. Opp. at 12-14. That is wrong based on the statutory text, which provides that only "[a] defendant in an action involving public petition and participation" may maintain an action under the statute. N.Y. Civil Rights Law § 70-a(1). "An 'action involving public petition and participation,'" in turn, is defined as a "lawsuit, cause of action, cross-claim, counterclaim, or *other judicial pleading or filing* requesting relief." *Id.* § 76a-1(a)-(b) (emphasis added). A demand letter is not a "judicial pleading or filing" that might trigger the statute. *See Max v. Lissner*, 2023 WL 2346365, at *8 (S.D.N.Y. Mar. 3, 2023) (anti-SLAPP law "creates a cause of action for the defamation defendant if the defamation plaintiff commenced or continued the defamation *lawsuit* without a substantial basis in fact") (emphasis added). Again, Plaintiff cites no support for his contrary, wrong position and relies only on *ipse dixit* assertions. Opp. at 12 n.13. That footnote argument should be deemed waived, *Aberdeen City Council v. Bloomberg L.P.*, 688 F. Supp. 3d 169, 183 n.8 (S.D.N.Y. 2023), but regardless, it is meritless. Count II should be dismissed.

## II. IN THE ALTERNATIVE, THE CASE SHOULD BE TRANSFERRED.

Even if the Court were not inclined to dismiss this wholly insubstantial action, Plaintiff provides no persuasive reason for this Court to retain this case rather than transfer it.

To begin, Plaintiff does not dispute that, if this Court lacks personal jurisdiction over Mrs. Trump, it has the "authority to transfer this case" rather than dismiss it. *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 47 (2d Cir. 2016). And contrary to Plaintiff's contention, Opp. at 1-2, the Court can consider "personal jurisdiction without first resolving . . . subject-matter jurisdiction." *United States ex rel. Hanks v. United States*, 961 F.3d 131, 137 (2d Cir. 2020).

7

Plaintiff also does not address in any meaningful way his obvious "forum shopping" in filing this lawsuit. Mem. at 16 (quoting *Nuss v. Guardian Life Ins. Co. of Am.*, 2021 WL 1791593, at *3 (S.D.N.Y. May 5, 2021)). His improperly motivated attempt to file this preemptive lawsuit in the forum of his choice alone warrants transfer. *See Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992). Plaintiff has no response, other than to downplay his improper litigation tactics as a "canard." Opp. at 16 n.19. The Court should not consider that footnote assertion, *Aberdeen*, 688 F. Supp. 3d at 183 n.8, which lacks merit in any event.

The remainder of Plaintiff's analysis rests on the self-serving and factually unsupported Korzenik declaration and legal assertions unsupported by any case law. The Korzenik declaration should be given no weight on this motion, *Neewra*, 2004 WL 1620874, at *2 n.3, and Plaintiff's own outrageous and defamatory statements challenging the legitimacy of Mrs. Trump's Palm Beach, Florida wedding to President Trump—and Epstein's widely reported ties to Palm Beach—plainly establish a substantial nexus to the transferee district. *See* Compl. Exh. A at 1-2.

Finally, Plaintiff's contention that New York law, rather than Florida law, would apply to his claims is similarly unsupported. Under both New York and Florida law, the defamation victim's "domicile will usually have the most significant relationship to the case, and its law will therefore govern." *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 176-77 (2d Cir. 2021) (internal quotations omitted); *see Nix v. ESPN, Inc.*, 772 F. App'x 807, 810 (11th Cir. 2019) (same). As Mrs. Trump is domiciled in Florida, Florida law applies. Therefore, the Southern District of Florida's "familiarity with the governing law" favors transfer. *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024).

### III. THE CROSS-MOTION TO REMAND SHOULD BE DENIED.

Plaintiff seeks remand on the grounds that the amount-in-controversy requirement is not met and complete diversity is lacking. Opp. at 2-6, 10-12. Neither contention has any merit.

8

*First*, the amount-in-controversy requirement is easily satisfied here.  As Plaintiff's own cited case law observes (*see* Opp. at 10 n.11), "courts should dismiss only when it is clear to a legal certainty that jurisdictional amounts cannot be met." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975).  So long as it "appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount[,]" the amount-in-controversy requirement is satisfied. *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 6-7 (S.D.N.Y. 2021) (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997)).  Where, as here, declaratory relief is sought, "the amount in controversy is measured by the value of the object of the litigation." *Id.* (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  That amount is "calculated from the plaintiff's standpoint;" as relevant here, the value of "the injury being averted constitutes the amount in controversy . . . ." *Id.*

From Plaintiff's standpoint, he unquestionably is seeking to avoid liability for defamation that is far in excess of the jurisdictional amount.  The October 15, 2025, demand letter reserves the right to initiate a defamation action against Plaintiff seeking "over $1 Billion [] in damages."  Compl. at p. 1, ¶ 2.  That figure was not plucked out of thin air:  Mrs. Trump is one of the most high-profile people on the planet, and Plaintiff's repugnant, scandalous, and defamatory statements were maliciously intended to destroy Mrs. Trump's sterling reputation and sully her character.  Mrs. Trump has carried her "minimal burden" to show that it "does not appear to a legal certainty that" the defamation claims on which Plaintiff seeks to avoid liability are worth more than $75,000. *LaNasa v. Stiene*, 731 F. Supp. 3d 403, 413 (E.D.N.Y. 2024).[4]

*Second*, complete diversity exists here.  *See* 28 U.S.C. § 1332(a)(1).  For purposes of

---

[4] That conclusion is further buttressed by the fact that President Trump has routinely obtained settlements of tens of millions of dollars on claims against news organizations, including for defamation. *See, e.g.*, https://tinyurl.com/45u9c2ax.

9

diversity jurisdiction, an individual's citizenship "is determined by [her] domicile[.]" *Van Buskirk*, 935 F.3d at 53. The undisputed facts show that Mrs. Trump's domicile is Florida, not New York. As already discussed, Mrs. Trump's primary residence has been Mar-a-Lago in Palm Beach, Florida, since October 2019, and she spends her time there while not on official duties. Notice ¶¶ 13(a), (d). "An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of [her] domicile." *Bogan v. Nw. Mut. Life Ins. Co.*, 103 F. Supp. 2d 698, 700 (S.D.N.Y. 2000) (internal quotations omitted). As further unrebutted evidence that Florida is her domicile, Mrs. Trump is registered to vote there, has voted there in every federal election since 2020, and has maintained a Florida driver's license since 2021. Notice ¶¶ 13 (b)-(c).

Unable to dispute these facts, Plaintiff resorts to unfounded speculation from his counsel that Mrs. Trump's Florida citizenship is an "artifice" intended to evade New York jurisdiction. Korzenik Decl. ¶¶ 22-31. Again, the Korzenik declaration should be disregarded as nothing but argument of counsel. *Neewra*, 2004 WL 1620874, at *2 n.3. But even in that improper argument, Plaintiff's counsel inadvertently admits that Mrs. Trump is not a New York domiciliary in citing a *National Enquirer* article speculating that Mrs. Trump is "***planning*** to make New York City her home" in the future. Korzenik Decl. ¶ 29 (emphasis added). That assertion is false, *see* Notice ¶¶ 13-14, but it confirms that New York City is not Mrs. Trump's home now.

The requirements for diversity jurisdiction are met; the motion to remand should be denied.

## CONCLUSION

For the reasons set forth above and in Mrs. Trump's opening memorandum, Mrs. Trump respectfully requests that the Court: (i) dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6) or, in the alternative, transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a); and (ii) deny Plaintiff's cross-motion to remand.

| | |
|---|---|
| Dated: New York, New York<br>February 17, 2026 | DLA PIPER LLP (US)<br><br>By: */s/ Caryn G. Schechtman*<br>      Caryn G. Schechtman<br>      Steven M. Rosato |
| Of Counsel:<br><br>Alejandro Brito (*pro hac vice*)<br>Brito PLLC<br>2121 Ponce de Leon Blvd.<br>Suite 650<br>Coral Gables, FL 33134<br>(305) 520-7633<br>Abrito@Britopllc.com | 1251 Avenue of the Americas<br>New York, New York 10020<br>(212) 335-4500<br>caryn.schechtman@us.dlapiper.com<br>steven.rosato@us.dlapiper.com<br><br>*Attorneys for*<br>  *First Lady of the United States*<br>  *Melania Trump* |