# MILLER KORZENIK RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

February 20, 2026

**By ECF**
The Honorable Mary Kay Vyskocil
United States District Court, District of New York
500 Pearl Street
New York, New York 10007

Re: Michael Wolff v. Melania Trump, 25-cv-10752; *Record from State Court.*

Dear Judge Vyskocil:

We represent Michael Wolff. We seek leave to submit this Application under 28 U.S.C. § 1447 to submit the below record, as Defendant Melania Trump has failed to do, and make a brief point on Sur-Reply regarding jurisdictional bases misstated by Trump.

**I.   Wolff transmits the full record from New York state court, which was not provided by Trump, specifically the pending state court motion for court-ordered service.**

Despite Wolff filing a Dec. 23, 2025 motion to confirm service or, in the alternative, to order alternative service in New York Supreme Court, Trump did not transmit that motion when she removed to federal court on Dec. 29, 2025. Trump only transmitted the original New York state Complaint and some exhibits to the state court service motion. Significantly, after removal, Trump moved to dismiss, in part, on grounds of denial of service of process. Yet she still entirely omits from the Court record Wolff's state court motion to confirm proper service or for court-ordered service. This is, at the very least, misleading, if not inappropriate.

It was incumbent on Trump to file Wolff's pending operative motion for court-ordered service before filing her motion to dismiss on these same grounds. 28 U.S.C. § 1447(b) authorizes a district court to "require the removing party to file with its clerk copies of all records and proceedings" in the below state court after removal.

In Wolff's Cross-Motion, he requested that this Court rule on the pending service motion. The Court has the authority to do so under § 1447(a). Sec. §1448 authorizes the district court to complete or resolve open matters regarding service of process. Sec. §1449 authorizes the district court to resolve motions pending in the state court prior to removal. Wolff should have his motion resolved by the district court. We attach as **Exhibit A** the pending state court motion.

**II.  Trump brief omits operative language of *Daimler*, excluding passage of C.P.L.R. § 301 which Wolff bases personal jurisdiction over Trump.**

"[C]ourts have broad discretion to consider arguments in a sur-reply." *Newton v. City of New York*, 738 F.Supp.2d 397, 417 n. 11 (S.D.N.Y.2010). Sur reply is warranted to correct Defendant's misquotation of C.P.L.R. § 301 and Daimler law that Wolff relies on. At page 8

(ECF__), Trump's brief cuts short the operative language of *Daimler/IMAX* by omitting reference to one of the two C.P.L.R. § 301 bases of general personal jurisdiction Wolff relies on:

> "Mrs. Trump is not subject to general jurisdiction in New York because she is not "domiciled in the state[.]" *IMAX Corp. v. The Essel Grp.,* 154 A.D.3d 464, 466 (1st Dep't 2017) (citing *Daimler AG v. Bauman,* 571 U.S. 117, 137-138 (2014)); *see* CLPR 301."

The actual *IMAX* decision states (omitted operative language in boldface, emphasis added):

> "New York courts may not exercise general jurisdiction against a defendant under the United States Constitution or under CPLR 301 unless the defendant is domiciled in the state (*Daimler AG v Bauman*, 571 US —— 134 S Ct 746, 760-761 [2014]; *Magdalena v Lins*, 123 AD3d 600, 601 [1st Dept 2014]) **or in an exceptional case where "an individual's contacts with a forum [are] so extensive as to support general jurisdiction notwithstanding domicile elsewhere"** (*Reich v Lopez*, 858 F3d 55, 63 [2d Cir 2017])."

This court has indeed reaffirmed that this basis for jurisdiction takes an "exceptional case." *See Ditkoff v. Wolff*, No. 24-CV-1955 (MKV), 2025 WL 919635, at *5 (S.D.N.Y. Mar. 26, 2025). But it has also found such "exceptional case[s]" before. A non-domiciliary is subject to general jurisdiction under C.L.P.R. § 301 when its "contacts are sufficiently continuous and systematic as to render [it] essentially at home in New York[.]" *AmTrust North America, Inc. et al. v. Preferred Contractors Ins. Co. Risk Retention Group, L.L.C*., No. 1:16-MC-0340, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2006). Trump, if not domiciled here, is a distinctly "exceptional case," as put forth in the undisputed facts in the Korzenik Declaration, ECF 15. This operative basis for jurisdiction should not have been truncated.

*Wolff's Reply on his Cross-Motion Will be Filed Shortly*: Trump filed her Reply on her Motion to Dismiss and Opposition to Wolff's Cross-Motion in one submission. (ECF 18.) Wolff will submit his Reply in further support of his Cross-Motion in the time allowed.

                              Respectfully submitted,

                              <u>//s/ *David S. Korzenik*</u>

                              David S. Korzenik

2