# Exhibit A

**BRITO PLLC**                                          **DLA PIPER LLP (US)**
2121 PONCE DE LEON BLVD, SUITE 650             1251 AVENUE OF THE AMERICAS
CORAL GABLES, FL 33134                                   NEW YORK, NY 10020
TELEPHONE: (305) 520-7633                        TELEPHONE: (212) 335-4500
FACSIMILE: (305) 440-4385                          FACSIMILE: (212) 335-4501

February 6, 2026

*By Email and Overnight Delivery*

David S. Korzenik, Esq.
The Paramount Building
1501 Broadway, Suite 2015
New York, NY 10036
dkorzenik@mkslex.com

> **Re:    *Michael Wolff v. Melania Trump*, No. 25 Civ. 10752 (MKV)**

Dear Mr. Korzenik:

On behalf of the First Lady of the United States, Mrs. Melania Trump ("Mrs. Trump"), and pursuant to Rule 11 of the Federal Rules of Civil Procedure, we request that Plaintiff, Michael Wolff ("Wolff"): (1) retract his inaccurate factual claims regarding Mrs. Trump's domicile, which are readily verifiable as false, (2) retract specious arguments for New York courts' personal jurisdiction over Mrs. Trump and for delay of adjudicating this case, and (3) immediately withdraw, and agree to voluntarily dismiss with prejudice, all claims against Mrs. Trump in this improper harassment suit.

It has been clear from the outset of this case that Wolff's claims and jurisdictional arguments "lack evidentiary support," "are not supported by existing law," and were made "for [the] improper purpose[s]" of harassing Mrs. Trump and gaining publicity. *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *see* Memorandum in Support of Motion to Dismiss ("MTD") at 3-6, 6-10, 12-15. Subsequent filings and deficient pseudo-attempts at service only confirm that reality. *See* MTD at 6-7. Wolff's behavior cannot be justified and, at this point, warrants sanctions under Fed. R. Civ. P. 11(b). Consequently, if Wolff's claims, factual misrepresentations, and other frivolous arguments are not withdrawn within 21 days of the date of this correspondence, Mrs. Trump intends to file a comprehensive Motion for Sanctions and seek all reasonable expenses, including attorneys' fees, incurred in connection with these efforts.

In accordance with Rule 11(c)(2), enclosed is the Notice of the Motion for Sanctions to be filed if the Complaint—along with other documents containing misrepresentations as to Mrs. Trump's domicile or meritless arguments—are not timely withdrawn. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (stating that the service of a notice of motion for sanctions together with a Rule 11 satisfies the procedural requirements of Rule 11(c)(2)'s safe harbor provision).

David S. Korzenik
February 6, 2026
Page 2 of 7

**A.**      **The complaint's jurisdictional allegations lack evidentiary support, and there is no legal basis to exercise personal jurisdiction over Mrs. Trump.**

When filing an action, the Plaintiff bears the burden of establishing personal jurisdiction, requiring him to show both a statutory basis for personal jurisdiction under New York law, and that the exercise of personal jurisdiction would comport with federal due process. *Thackurdeen v. Duke Univ.*, 660 F. App'x 43 (2d Cir. 2016). "There are two types of personal jurisdiction: general and specific." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 n.9 (2d Cir. 2012). Here, the complaint alleges, and you have contended in your 1/7/26 letter to the Court, that Mrs. Trump is subject to both general and specific jurisdiction. Compl. p. 4 ¶ 3; ECF No. 6 at 1, 2. There is no factual support for that contention, nor is there any good-faith legal basis for it.[1]

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) ("A person has only one domicile at any given moment[.]"); *Ditkoff v. Wolff*, 2025 WL 919635, at *5 (S.D.N.Y. Mar. 26, 2025) (noting that "the Second Circuit has yet to find" a case supporting general jurisdiction outside of defendant's domicile (quoting *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017))) (Vyskocil, J.). Mrs. Trump is not subject to general jurisdiction in New York because she is not "domiciled in the state[.]" *IMAX Corp. v. The Essel Grp.*, 154 A.D.3d 464, 466 (1st Dep't 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014)).

Your wrongful allegations that she is domiciled in New York—*see, e.g.*, Compl. p. 5 ¶ 4; ECF No. 6 at 1—violates Rule 11(b)(3)'s mandates that "the prefiling factual investigation must uncover some information to support the allegations in the complaint." Gregory P. Joseph, *1 Sanc. Fed. Law of Lit. Abuse* § 8 (quotations omitted); *O'Brien v. Alexander*, 101 F.3d 1479, 1490 (2d Cir. 1996). Even a cursory prefiling investigation into Mrs. Trump's domiciliary would have uncovered numerous published news articles showing that she is domiciled in Florida since 2019, that she voted in Florida in 2020, 2022, and 2024,[2] and that there are no reasonable grounds to contest the evidence Mrs. Trump submitted showing that she has maintained her primary residence in Palm Beach, Florida, since 2019, has been registered to vote in Florida since 2019, and has maintained a Florida driver's license since September 2021. Notice ¶¶ 13(a)-(c). Now that Wolff has been "presented with irrefutable proof that this statement was false" multiple times over, *see*

---

[1] Even if there were colorable support for these contentions—which there is not—there is no colorable argument for ignoring the requirement that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dwulit v. Tactical, Scrapefix & Deer Mgmt. Sys. LLC*, 2023 WL 5210974, at *1 (S.D.N.Y. Aug. 14, 2023) (citations omitted). And Wolff has not attempted any method of service that even comes close to complying with the Federal Rules of Civil Procedure—which control here, *Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 412-13 (E.D.N.Y. 2006)—or with the New York rules. MTD at 6-8.

[2] MTD at 4 & n.3; *see, e.g.*, *Trump, Lifelong New Yorker, Declares Himself a Resident of Florida*, N.Y. Times, Oct. 31, 2019, available at https://www.nytimes.com/2019/10/31/us/politics/trump-new-york-florida-primary-residence.html; *WATCH: First lady Melania Trump Casts Ballot in Florida*, P.B.S., Nov. 3, 2020, available at https://www.pbs.org/newshour/politics/watch-first-lady-melania-trump-casts-ballot-in-florida; *Melania Trump Heads to Vote in Florida with Her Husband Donald*, Daily Mail, Nov. 8 2022; *LIVE: Donald Trump, Melania Trump Cast Their Vote in Palm Beach*, Reuters, Nov. 5, 2024, https://www.youtube.com/watch?v=hdbknZ37vxQ.

David S. Korzenik
February 6, 2026
Page 3 of 7

MTD at 4 & n.3, 8-9, Mrs. Trump expects a timely withdrawal of this false representation. *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2022 WL 874783, at *7 (S.D.N.Y. Mar. 24, 2022).

Nor is there any good-faith factual or legal basis for your contention that Mrs. Trump is subject to specific jurisdiction in New York.[3]  Establishing specific jurisdiction requires showing: (i) that Mrs. Trump "'transacts … business' in New York and, if so," (ii) that each of Plaintiff's causes of action "'arises from' such a business transaction." *Wolff*, 2025 WL 919635, at *6 (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)) (cleaned up).  Your sole basis for invoking the long-arm statute alleged in the complaint is Mrs. Trump's Florida-based counsel's email transmission of the October 15, 2025 demand letter to Plaintiff, without even an allegation that Wolff was physically located in New York when he received that email—that is, "Plaintiff does not even allege that" Mrs. Trump's counsel transmitted the demand letter "within the state." *Wolff*, 2025 WL 919635, at *7 (quoting *Best Van Lines*, 490 F.3d at 249); MTD at 9-10.  But even if you alleged that it was sent into New York, it is well established that de minimis contacts, such as "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction." *Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1261 (S.D.N.Y. 1995) (collecting cases); *see also Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764-65 (2d Cir. 1983) (in "defensive declaratory judgment action," declining to exercise specific jurisdiction based on defendant's alleged delivery of "cease and desist" letter to New York-based plaintiff); *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 385 (S.D.N.Y. 2023) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York.") (quoting *Beacon*, 715 F.2d at 766).

And the exercise of personal jurisdiction would be particularly absurd here because the long-arm statute is construed "more narrowly in defamation cases." *Best Van Lines, Inc.*, 490 F.3d at 248 (quoting *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)).  Thus, in defamation cases, "'the defamatory publication itself' cannot be the transaction that establishes jurisdiction in New York." *Wolff*, 2025 WL 919635, at *6 (quoting *Best Van Lines*, 490 F.3d at 248).  Accordingly, New York law prohibits, for instance, the exercise of long-arm jurisdiction over "a nondomiciliary who enters the state for the sole purpose of making a defamatory statement." *Lively v. Wayfarer Studios LLC*, 2025 WL 3085598, at *6 (S.D.N.Y. Nov. 5, 2025); *see* CPLR 302(a)(2)-(3).

There is no way to reconcile this precedent prohibiting an out-of-state defamation ***defendant*** from being haled into court over more substantial contacts with your improper attempt to bring an out-of-state defamation ***victim*** into New York courts to adjudicate a potential

---

[3] Your related argument that Mrs. Trump removed this action to delay adjudication of whether she is subject to personal jurisdiction in New York, on the ground that the district court lacks "authority to rule on personal jurisdiction unless subject matter jurisdiction has been established," ECF No. 6 at 2, also is blatantly frivolous.  The Supreme Court has unequivocally held "that, when a case is removed from state court to federal court, a district court may choose to dismiss the case for lack of personal jurisdiction without first resolving . . . subject-matter jurisdiction." *United States ex rel. Hanks v. United States*, 961 F.3d 131, 137 (2d Cir. 2020) (citing *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 585, 588 (1999)).

defamation claim, MTD at 8-11, particularly in light of the Supreme Court's holding that the brunt of defamation injury is felt where the victim is domiciled. *Calder v. Jones*, 465 U.S. 783, 788-90 (1984).

The backwards logic of this argument shows why it is also frivolous to argue "the maintenance of [this] suit does not offend 'traditional notions of fair play and substantial justice.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 271 (2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To subject the defamation victim to jurisdiction in the tortfeasor's home state would be akin to allowing a New York resident who drives his car to Florida and injures a Florida resident in a crash to then sue the victim in New York. It should go without saying that forcing a tort victim—and in particular, a defamation victim who suffered the "brunt" of the reputational injury in Florida, where she resides—to defend the merits of her claims in the tortfeasor's home state would blatantly "offend 'traditional notions of fair play and substantial justice.'" *Calder*, 465 U.S. at 788-90.

**B.    The claims asserted in the complaint are frivolous.**

The claims asserted in the Complaint fare no better on the merits. MTD at 12-15.

The first count is a clearly improper claim for "a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued by reason of alleged wrongful conduct[.]" *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426 (S.D.N.Y. 2002). Courts have repeatedly held that "[t]here is no basis for declaratory relief where only past acts are involved." *SEC v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 389 (S.D.N.Y. 2010); *see also John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011 WL 5245192, at *4 (S.D.N.Y. Nov. 2, 2011). Your frivolous argument used to justify forum-shopping exemplifies an improper effort to force a tort victim "to litigate [her] claims at a time and in a forum chosen by the alleged wrongdoer" and is a complete "perversion of the Declaratory Judgment Act."[4] *Dow Jones*, 237 F. Supp. 2d at 426 (quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969)); *see id.* at 426 n.129 (collecting cases).

The first count is also improper because it seeks "an advance ruling" on an as-yet unasserted claim for defamation—effectively a request for an advisory opinion which plainly fails to state a claim under the Declaratory Judgment Act. *Balarezo Family Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 1343178, at *15 (S.D. Fla. Feb. 12, 2024); *Transamerica Life Ins. Co. v. Daibes Gas Holdings Atlanta, L.L.C.*, 2018 WL 5033755, at *5 (D.N.J. Oct. 17, 2018) ("Transamerica essentially asks the Court to rule on the viability of a hypothetical claim which may never be brought, and an affirmative defense that may never be asserted. This ruling would constitute an advisory opinion."); *see also Dow Jones*, 237 F. Supp. 2d at 417; *ThermoLife Int'l LLC v. Vital Pharms. Inc.*, 2019 WL 4954622, at *5 (S.D. Fla. Oct. 8, 2019).

---

[4] Your assertion that the claims are governed by CPLR 3001, not the federal Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), is also frivolous. In removed cases, "the DJA, not the CPLR, governs" claims for declaratory relief. *Parker v. Citizen's Bank, N.A.*, 2019 WL 5569680, at *4 n.7 (S.D.N.Y. Oct. 29, 2019); *see, e.g., Eric Adams 2025 v. N.Y.C. Campaign Fin. Bd.*, 790 F. Supp. 3d 170, 190 (E.D.N.Y. 2025); *Haller v. Usman*, 2025 WL 605572, at *9 (S.D.N.Y. Feb. 25, 2025); *Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995).

David S. Korzenik
February 6, 2026
Page 5 of 7

The second count suffers from the same defects as the first. The anti-SLAPP statute can function only when applied by a defendant, as it requires the Court to render an "adjudication" that Mrs. Trump's as-yet-unasserted defamation claim "was commenced or continued without a substantial basis in fact and law[.]" N.Y. Civil Rights Law § 70-a(1)(a); *see also Max v. Lissner*, 2023 WL 2346365, at *9 (S.D.N.Y. Mar. 3, 2023) (interpreting N.Y. Civ. Rights Law § 70-a: "For Plaintiff to state an affirmative cause of action based on Lissner's Defamation Complaint, she must allege facts from which this Court can plausibly infer that the Defamation Complaint (a) is based on a publicly made statement involving an issue of public interest; and (b) was commenced without a substantial basis in fact and law."); *see also Watson v. NY Doe 1*, 2023 WL 6540662, at *3 (S.D.N.Y. Oct. 6, 2023) (applying same analysis of N.Y. Civil Rights Law § 70-a as *Lissner*); *see also Heilbut v. Cassava Scis., Inc.*, 778 F. Supp. 3d 551, 557 (S.D.N.Y. 2025) (applying same analysis of N.Y. Civil Rights Law § 70-a as *Lissner* and *Watson*). So just like the first count, the second count is barred by the rule against declaratory relief where only past acts are involved: rendering the "adjudication" required under the statute would necessarily involve "resolving disputes over past acts," *Tang Capital Partners, L.P. v. BRC Inc.*, 661 F. Supp. 3d 48, 78 (S.D.N.Y. 2023), i.e., Wolff's past defamatory and malicious statements about Mrs. Trump. The law does not permit such an abuse of the declaratory-judgment mechanism.

Moreover, Count II suffers from a further defect in that it misinterprets the plain language of New York's Anti-SLAPP statute, which authorizes relief only for "*a defendant in an action*," which Wolff clearly is not. N.Y. Civil Rights Law § 70-a(1) (emphasis added). The statute authorizes an affirmative cause of action only after a "claim" has been filed, which it has not. *See* N.Y. Civil Rights Law § 76-a(1)(b) (defining "claim" as a "lawsuit, cause of action, cross-claim, counterclaim, or other judicial pleading or filing requesting relief.").

And just like the first count, the second count asks the Court for an advance ruling, namely, that "if" Mrs. Trump asserts a claim in the future, Plaintiff "shall" have a right to recover attorneys' fees and other damages under the statute. *See* Compl. at p. 15, ¶ 30. Such a textbook request for an improper advisory opinion does not, and could not reasonably be thought to, state a claim under the Declaratory Judgment Act. *See Balarezo*, 2024 WL 1343178, at *15; *ThermoLife*, 2019 WL 4954622, at *5. "[F]uture contingencies" that depend on "an abstract tower of hypotheticals," as Count II does, "do not constitute a proper basis for declaratory relief." *Dow Jones*, 237 F. Supp. 2d at 417.

Where, as here, "even a cursory examination of the requirements for bringing suit . . . would have revealed the impossibility of the claim's success, Plaintiffs' filing was objectively unreasonable and therefore constitutes a Rule 11 violation." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996). Such failure to notice clear precedent regarding the applicability of a statute shows the frivolity of Wolff's position. Under even the most liberal interpretation of New York's anti-SLAPP statute, Wolff lacks any cognizable claim against Mrs. Trump.

**C.   Wolff's litigation conduct demonstrates an ulterior motive to harass Mrs. Trump and wrongly profit from that harassment.**

Furthermore, the "'improper purpose' clause [of Rule 11] demands that a party not submit a motion, pleading, or other document for the purpose of delay, harassment or increasing the costs of litigation." *McLoughlin v. Altman*, 1995 WL 640770, at *1 (S.D.N.Y. Aug. 21, 1995). Here, the filings and Wolff's pre-and-post-litigation conduct show this suit is "part of a public relations campaign in order to embarrass the defendant[]." *Galonsky v. Williams*, 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997).

First, the "total lack of substance in the . . . claims and the egregious and unjustified neglect of the required statutory elements"—as discussed above—"gives rise to the inference that the action was filed for improper purposes." *Katzman*, 167 F.R.D. at 661; *see* MTD at 3-6, 9-15.

Second, "after filing suit," Wolff "appeared on several" social media posts—many authored by him—"regarding [his] allegations . . . and the lawsuit [he] had commenced." *Katzman*, 167 F.R.D. at 661; MTD at 3 & n.2. As a result, Mrs. Trump has "been made to respond to a patently meritless complaint and to suffer unwarranted adverse publicity." *Katzman*, 167 F.RD. at 661. Wolff, in contrast, has used his lawsuit to raise lavish sums—nearly $800,000—by selling the lawsuit's mere existence and the fact it targets Mrs. Trump, not its merits.[5] "[I]t is appropriate to consider" social media posts and other "press conference"-like statements "in assessing the issue of his good faith in filing frivolous claims and motions," particularly where these appearances follow a pattern of defamatory statements which have resulted in retractions and apologies from others who repeated them. *Galonsky*, 1997 WL 759445, at *6; MTD at 3-5.

Third, Wolff's plan for "discovery between the parties" also gives "rise to an inference of improper purpose." *Ammann v. Sharestates, Inc.*, 2025 WL 974574, at *13 (E.D.N.Y. Apr. 1, 2025). Wolff states he has "subpoena power which he intends to exercise fully and expeditiously" to attempt to falsely tie Mrs. Trump to "those who frequented or who were part of Epstein's circle," Compl. p. 3 ¶ 10. Such a "fishing expedition" leaves Wolff "open to sanction" where, as here, it shows a pattern of bad faith conduct. *See Carruthers v. Flaum*, 450 F. Supp. 2d 288, 305 (S.D.N.Y. 2006).

The penalty should "suffice[] to deter offending conduct," particularly "similar activity by other litigants." *New Oriental Enter.*, 2022 WL 874783, at *7-8. Wolff is a sophisticated actor who has found fame and substantial profit harassing Mrs. Trump, *see* MTD at 3-5, and you are an experienced attorney who should recognize the frivolity of the arguments addressed above. Accordingly, Mrs. Trump intends to seek relief including but not limited to both attorneys' fees and a further monetary penalty paid to the Court.

*         *         *

---

[5] *See* https://www.gofundme.com/f/help-michael-wolff-in-his-legal-fight-against-melania-trump.

David S. Korzenik
February 6, 2026
Page 7 of 7

To repeat, on Mrs. Trump's behalf, we request that Wolff: (1) retract the false factual claim that Mrs. Trump is domiciled or resides in New York from all relevant filings, (2) retract the identified specious arguments for New York courts' personal jurisdiction over Mrs. Trump and for delay of adjudication, (3) immediately withdraw, and agree to voluntarily dismiss with prejudice, all claims against Mrs. Trump as alleged in the Complaint.  If Wolff refuses to do so within 21 days of the date of this letter, Mrs. Trump will seek appropriate relief under Federal Rule of Civil Procedure 11, including, but not limited to, attorneys' fees and other reasonable expenses incurred in defending these frivolous claims and in connection with her being forced to seek redress under Rule 11.  In the interim, Mrs. Trump reserves all rights and waives none.

Sincerely,


*/s/ Alejandro Brito*___
Alejandro Brito
**Brito PLLC**
2121 Ponce de Leon Blvd., Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com

*/s/ Caryn G. Schechtman*_____
Caryn G. Schechtman
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com


*Counsel for First Lady of the United States Melania Trump*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

MICHAEL WOLFF,

                  Plaintiff,

    -against-

MELANIA TRUMP,

                Defendant.

------------------------------------------- X

Case No. 1:25-cv-10752-MKV

### NOTICE OF MOTION BY FIRST LADY OF THE UNITED STATES MELANIA TRUMP FOR SANCTIONS

PLEASE TAKE NOTICE that the First Lady of the United States Melania Trump ("Mrs. Trump"), by her undersigned counsel, will and hereby does move, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 18C, New York, New York 10007, at such date and time as the Court directs, for an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure:

(i)     directing Plaintiff Michael Wolff and his counsel to pay a penalty into court, and to pay to Mrs. Trump her reasonable attorneys' fees and other expenses incurred in connection with both this motion and Mrs. Trump's motion to dismiss for lack of personal jurisdiction, and entering such non-monetary sanctions against Plaintiff and his counsel as the Court deems just and proper, based on their advancement of factual contentions that lack evidentiary support, including, without limitation, that Mrs. Trump is a citizen of New York, which she is not. *See* Fed. R. Civ. P. 11(b)(3), (c)(2), (c)(4);

(ii)     directing Plaintiff's counsel to pay a penalty into court and to pay to Mrs. Trump her reasonable attorneys' fees and other expenses incurred in connection with both this motion and Mrs. Trump's motion to dismiss for lack of personal jurisdiction and for failure to state a claim, and entering such non-monetary sanctions against Plaintiff and his counsel as the Court deems just and proper, based on Plaintiff's counsel's advancement of claims and legal contentions that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, including, without limitation, Plaintiff's counsel's contention that Mrs. Trump is subject to both general and specific jurisdiction under New York and federal law—which she is not—and Plaintiff's counsel's baseless assertion of claims for declaratory judgment of non-liability for

Plaintiff's past tortious conduct, *see* Fed. R. Civ. P. 11(b)(2), (c)(2), (c)(4), (c)(5)(A); and

(iii)    directing Plaintiff and his counsel to pay a penalty into court, and to pay to Mrs. Trump all of her reasonable attorneys' fees and other expenses incurred in connection with this action, and entering such non-monetary sanctions against Plaintiff and his counsel as the Court deems just and proper, based on their filing of, and maintenance of this frivolous lawsuit for improper purposes including, without limitation, to harass Mrs. Trump, to needlessly increase the cost of litigation, to improperly fundraise from this lawsuit, and to use this lawsuit as a public-relations campaign to embarrass Mrs. Trump, *see* Fed. R. Civ. P. 11(b)(1), (c)(2), (c)(4).

In support of her motion, Mrs. Trump relies upon the complaint; the notice of removal; the accompanying memorandum of law; the further filings made with respect to the motion; and such other proceedings and filings in this action as shall bear on the matters addressed in the motion that may be considered by the Court.

2

Dated: New York, New York
        February 6, 2026

Of Counsel:

Josh Halpern*
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000
josh.halpern@us.dlapiper.com


Alejandro Brito*
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com

*Pro hac vice application forthcoming

DLA PIPER LLP (US)


By:  */s/ Caryn G. Schechtman*
        Caryn G. Schechtman
        Steven M. Rosato

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com
steven.rosato@us.dlapiper.com


*Attorneys for*
  *First Lady of the United States*
  *Melania Trump*

3