# Miller Korzenik Rayman llp

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

**By ECF**                                                                June 10, 2026
The Honorable Mary Kay Vyskocil
United States District Court, District of New York
500 Pearl Street
New York, New York 10007

>    Re:    **Michael Wolff v. Melania Trump, 25-cv-10752** *(MKV)*
>    ***Opposition to Defendant's Pre-Motion Letter ECF 27 of June 5, 2026***

Dear Judge Vyskocil:

We represent Michael Wolff. We write this letter in opposition to Defendant Melania Trump's Pre-Motion letter of June 5, 2026 (ECF 27) regarding sanctions.

The Court should decline to entertain the sanctions motion just as it abstained from ruling on the case and on any of the merits of the motions before it. The grounds for the sanctions motion overlap and are adjunct to the merits issues that the Court abstained from addressing. *See, e.g.*, Mem. Op. at 26 (citing *Suffolk Cnty. Police Benevolent Ass'n v. Trotta*, No. 22-cv-05803 (JMA) (LGD), 2024 WL 3443490, at *5 (E.D.N.Y. July 17, 2024) for the proposition that the New York anti-SLAPP may present "novel and complex" issues). The Court should treat the sanctions motion likewise.

*Case and Controversy:* A core contention in Defendant's February 6 letter accompanying its motion for sanctions (ECF 27.1) was that the Complaint sought an "advisory opinion" and therefore could not be a justiciable case and controversy. *See* Feb. 6 Letter at 4 (arguing that the first count improperly sought an "advisory opinion"); *id.* at 5 (characterizing the second count as "a textbook request for an improper advisory opinion"). This Court, however, ruled otherwise and concluded that our claims constituted a "case or controversy." Mem. Op. at 36 (ECF 25).

*Service of Process and Motion for Alternative Service:* Another contention in the February 6 letter was the issue regarding our motion, made in New York State court, for alternative service. This Court did not take up or rule on that motion, and it cannot serve as the basis for sanctions. *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1337.1 (4th ed.) ("When a case has been removed from state to federal court, the parties cannot seek sanctions under the federal rule for pleadings or motions originally filed in the state court because those materials were not filed with the standards of Rule 11 in mind . . . ."). There is also nothing unreasonable about a party seeking alternative service when prior efforts were uncertain.

*Substantive Merits:* Defendant's pre-motion letter also attacks the *substantive* merits of the Complaint, but the parties did not litigate the substance of Plaintiff's claims in this Court. Significantly, the Complaint in this action was filed in New York Supreme Court under CPLR 3001 and New York Civil Rights Law 70-a and 76-a. Defendant cannot attempt to secure sanctions on the basis of the merits of Plaintiff's claim for the simple reason that there is no

federal filing predicate for such sanctions. *See* Wright & Miller, *supra,* § 1337.1. At any rate, while Defendant treats the merits as a foregone conclusion, this Court expressly abstained from reaching the merits. Defendant's insistence, therefore, that the Complaint is "meritless" has no basis in any holding of this Court. *See* Mem. Op. at 5 ("declin[ing] to entertain" the merits).

To be sure, while ultimately abstaining, this Court expressed doubt about the claims here, characterizing them as not "traditional." *Id.* at 5. But the Second Circuit disfavors sanctions for making a novel legal argument to a court. It has instructed, as recently as this year, that judges should "refrain from imposing sanctions where such action would stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Sheehan v. Starbucks Corp.*, No. 25-189, 2026 WL 746725, at *2 (2d Cir. Mar. 17, 2026). Plaintiff filed this lawsuit in state court against the backdrop of two principles that support its claims. First, New York provides greater protections for free speech than elsewhere. *See, e.g., Beach v. Shanley*, 465 N.E.2d 304, 312 (N.Y. 1984) (Wachtler, J., concurring) ("It is consistent with th[is State's] tradition for New York to provide broad protections, often broader than those provided elsewhere, to those engaged in publishing . . . ."). Second, state courts broadly construe the recently amended anti-SLAPP considering "the intent of the Legislature to redefine New York's anti-SLAPP statute as broadly as possible." *Nelson v. Ardrey*, 231 A.D.3d 179, 185 (2d Dep't 2024).

Our legal arguments were consistent with these principles, and none ran contrary to controlling law—either in state court or, upon removal, federal court. Nor does Defendant point to any such law. On the contrary, SLAPP defendants have made collateral attacks on lawsuits filed long before the one in this case. *See, e.g., Dynamic Energy Sols., LLC v. Pinney*, 387 F. Supp. 3d 176, 184 n.1 (N.D.N.Y. 2019). Whether it is "traditional" procedure to do so, *see* Mem. Op. at 4, Judge McAvoy found years ago that "*it is permitted by statute.*" *Dynamic Energy Sols., id.* at 184; *see also id.* at 189 (noting the narrower 1992 anti-SLAPP law "does not prohibit such litigation"). Considering this decisional law, it is not objectively unreasonable for Mr. Wolff to have made the collateral attack he made—not least under the new anti-SLAPP law.[1]

Nor is the declaratory judgment action targeting Defendant's defamation claim objectively unreasonable. The *Dow Jones* case, on which Defendant repeatedly relies to support her assertion that Plaintiff's claim is frivolous, is *a district court opinion,*[2] and one that acknowledges that cases like this one must be dealt with on a "case-by-case" basis. *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 436 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003). *Dow Jones* also *pre-dates* the 2020 expansion of NY's anti-SLAPP law. Plaintiff believes that the facts of *Dow Jones* are distinguishable from this case. And to the degree that Defendant contends that our legal position was incorrect, it would nonetheless stand as good faith argument for extending or modifying existing law or for establishing new law—not least given the *2020* advancements of freedom of speech and press in New York since *Dow Jones*. That the action is not "traditional" does not make it sanctionable. A claim under the New York anti-SLAPP law is

---

[1] Defendant contends that Mr. Wolff is not yet a defendant to a defamation claim. However, the Sec. 770.01 statute refers to Wolff as a "defendant." And 770.01 has legal consequences for the recipient of a 770.01 notice; it is thus not just a "threat letter" as Defendant tries to suggest. And, at the very least, under CPLR 3001 it was reasonably contemplated that it was imminent that he would become a defendant.

[2] Defendant does not cite the *yellow-flagged* 2nd Cir. affirmance which only notes that the ruling below involved "balancing" factors on a case by case basis. Facts were different and the new anti-SLAPP law was *not yet enacted.*

not a traditional action. It is a newly enacted remedy for all speakers—an affirmative cause of action created by state law. This is a developing area of law.

**Defendant's Disputed Citizenship:** Defendant contends that it is sanctionable for Plaintiff to have pleaded and argued that she is a domiciliary of New York. This cannot be the case given that *Ms. Trump herself* pleaded she was New York domiciliary. *Trump v. Mail Media, Inc.*, Index No. 650661/2017, Doc No. 2 ¶ 5 (Feb. 17, 2017) (alleging she is "an individual domiciled in New York, New York, residing at 725 Fifth Avenue"). When a party claims a change of citizenship, as here, she must meet that burden with "clear and convincing evidence." *Lawrence Moskowitz v ALP, Inc.*, 2020 WL 1503558, *3-4 (SDNY 2020), *aff'd*, 830 Fed. Appx. 50 (2nd Cir. 2020); *see also Mitchell v. United States*, 88 U.S. 350, 353 ("A domicile once acquired is presumed to continue until it is shown to have been changed."). In Plaintiff's view, she has not done so because she has relied only on conclusory allegations of counsel - not evidence.

Nor is it objectively unreasonable for Plaintiff to put Defendant to proof on this point. To the contrary, it is what the Second Circuit requires: Mrs. Trump's domicile remains New York, until she carries her burden to prove by clear and convincing evidence that her domicile has changed. *See Lawrence Moskowitz,* 2020 WL 1503558, *3-4. Defendant has not submitted any such proof; instead, she has relied solely on allegations by her counsel that, according to Florida law, can only show her to be a resident, not a citizen. Therefore, it was not objectively unreasonable for Plaintiff to take Mrs. Trump at her prior word that she is a New York domiciliary. Further, our evidence did not have to establish Defendant's domicile. Instead, our evidence was offered to show at least enough to warrant discovery; enough to demonstrate a reasonable expectation that discovery would yield support for New York citizenship. The Court denied any discovery. But that does not support Defendant's call for sanctions.

**Plaintiff's Purported Improper Purpose:** Defendant, who threatened Plaintiff with at least $1 billion in damages based on constitutionally protected speech, alleges that Defendant's response to that threat, *i.e.,* the Complaint here, was done for the improper purpose of bad-faith gamesmanship and harassment. As explained above, the law permits the causes of actions asserted here, so there can be no bad-faith gamesmanship. Further, Defendant never explains *how* Plaintiff harassed her *except* apparently by challenging her unsupported allegations that she changed her domicile. This is not "harassment" as that word is used in the sanctions context.

Rule 11 sanctions are not appropriate here. Nor are 28 U.S.C. § 1927 sanctions, which Defendant raises only in passing and which require a particularized showing of bad faith that Defendant does not attempt to mount. *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (collecting cases). Further, Defendant's letter and motion are more on the order of a shotgun sanctions effort covering everything that her counsel can imagine. The Court should therefore be skeptical of its purpose and soundness. The Court should decline the invitation for a fuller briefing of a sanctions motion and abstain from treating sanctions for the same reason that it abstained from any merits-related issues.

Respectfully submitted,
Miller Korzenik Rayman LLP
By: *//s// David S. Korzenik*
David S. Korzenik

3