**BRITO PLLC**
2121 PONCE DE LEON BLVD, SUITE 650
CORAL GABLES, FL 33134
TELEPHONE: (305) 520-7633
FACSIMILE: (305) 440-4385

**DLA PIPER LLP (US)**
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
TELEPHONE: (212) 335-4500
FACSIMILE: (212) 335-4501

June 5, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2026

**<u>Via ECF</u>**

The Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

  **Re:**  ***Michael Wolff v. Melania Trump*, No. 25 Civ. 10752 (MKV)**

Dear Judge Vyskocil:

  We represent First Lady of the United States of America, Melania Trump ("Mrs. Trump"), in the above-referenced matter. Pursuant to Paragraph IV.A. of Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference regarding Mrs. Trump's anticipated motion for sanctions against Plaintiff Michael Wolff ("Plaintiff") and his counsel under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. We have conferred with Plaintiff's counsel regarding this motion; Plaintiff does not consent.

  This case arises out of Plaintiff's false statements attempting to wrongly tie Mrs. Trump to Jeffrey Epstein. On October 15, 2025, Mrs. Trump's counsel sent a Demand Letter requesting that Plaintiff retract his statements—as multiple news outlets that republished them had. Rather than retract, Plaintiff filed this meritless lawsuit in New York state court on October 21—improperly seeking a declaration that, if Mrs. Trump were to file a suit under Florida law, it would violate New York's anti-SLAPP statute. Plaintiff then made various defective attempts at service. *See* ECF No. 9 at 5. On December 29, Mrs. Trump removed the action to this Court. ECF No. 1. On January 7, 2026, Plaintiff filed a letter raising frivolous arguments, *inter alia*, that he had effectuated service upon Mrs. Trump, that Mrs. Trump is a New York domiciliary, and that this Court lacks jurisdiction over the case. ECF No. 6. Mrs. Trump then filed her Motion to Dismiss. ECF Nos. 8, 9.

  On February 6, Mrs. Trump sent Plaintiff's counsel a letter pursuant to Rule 11(c) (attached as Exh. A), demanding an end to his factual misrepresentations, frivolous legal arguments, and bad-faith conduct. Nevertheless, just three days later, Plaintiff doubled down on this sanctionable conduct in his Opposition to the Motion to Dismiss and Motion to Remand, supported merely by a declaration from his counsel, Mr. Korzenik (the "Korzenik Declaration"). ECF Nos. 13–15. Mrs. Trump filed her Reply in Support of her Motion to Dismiss on February 17, and Plaintiff improperly moved for leave to file a Sur-Reply, seeking consideration of a state-court motion to accept his attempts at service, and again advancing frivolous arguments based on the Korzenik Declaration. ECF Nos. 18, 19. Mrs. Trump opposed that request, ECF No. 20, and on February 25, Plaintiff filed his Sur-Reply, advancing his earlier wrongful arguments and again relying on the Korzenik Declaration. ECF No. 22. This Court dismissed Plaintiff's claims. *Wolff v. Trump*, 2026 WL 1453606, at *24 (S.D.N.Y. May 22, 2026).

  Rule 11 forbids filings which advance factual claims that "lack evidentiary support," make legal arguments "contrary to existing law," or that "are used for an improper purpose." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (cleaned up). Plaintiff's filings here—with factual allegations consisting of "grist suitable at most for the salacious speculation of tabloid headlines," arguments amounting to "an abuse of the Declaratory

Judgment Act," and a strategy marked by a "race to the courthouse"—violate all three strictures,[1] *see Wolff*, 2026 WL 1453606, at *8, *22, and also violate 28 U.S.C. § 1927 by "unreasonably and vexatiously" "multipl[ying] the proceedings."

*First,* Rule 11 mandates that "factual contentions have evidentiary support" after a reasonable investigation. *See O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). The "lack of such facts here is palpable." *Wolff,* 2026 WL 1453606, at *8. From the beginning, "Plaintiff and his counsel" made allegations about which they "know nothing," *id.,* particularly jurisdictional allegations contradicted by readily accessible public reports. *See* Exh. A at 2–3 & n.2. Further, they refused to retract these false claims when presented with proof of their falsity. Exh. A at 2–4. Instead, "Plaintiff's counsel resort[ed] to specious mischaracterization of the extremely limited record." *Wolff,* 2026 WL 1453606, at *8.

Plaintiff and his counsel also attempted "to manufacture a dispute of fact" with the Korzenik Declaration—a "morass of grasping and scurrilous frivolity." *Id.* at *8–9. This "flimsy, flawed, and unreliable" document was "not based on [his] personal knowledge" and "cites to documents that he obviously does not possess." *Id.* It is a textbook Rule 11(b)(3) violation.

*Second,* Plaintiff's counsel advanced numerous legal contentions—on jurisdiction, his claims, service, and more—unwarranted by existing law or any good-faith argument to modify it. *See Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002); Exh. A at 2–5 & nn.1, 3, 4. For instance, he "defie[d] reason" when he argued that this Court lacked jurisdiction because the amount-in-controversy requirement was not met, even though this "case does not remotely resemble one in which" that could be questioned. *Wolff,* 2026 WL 1453606, at *12. Also, in his claims, which "are really defenses and counterclaims," he improperly "asks the Court to bless as non-tortious certain public statements he has previously made about the First Lady." *Id.* at *19, 22. "This is an abuse of the Declaratory Judgment Act." *Id.* at *22.

*Third,* the record supports sanctions for the improper purpose underlying Plaintiff's lawsuit. *McLoughlin v. Altman*, 1995 WL 640770, at *1 (S.D.N.Y. Oct. 31, 1995); Exh. A at 6–7. Here, both the filings themselves and Plaintiff's pre- and post-litigation conduct make it clear this lawsuit was made for a harassing purpose and animated by bad-faith gamesmanship. *See Galonsky v. Williams*, 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997); Exh. A at 6–7.

Plaintiff engaged in "blatant forum-shopping" through a "race to the courthouse" as part of a "struggl[e] against the First Lady's right to select a forum . . . in the first instance, and her right to remove to a federal one in the second," resulting in bringing "this case to the Court in a posture of profound confusion." *Wolff*, 2026 WL 1453606, at *22–23. He alternated between arguing that Mrs. Trump's Demand Letter itself triggered New York's anti-SLAPP remedies and, "[o]ut of the other side of his mouth," conceding that his monetary claims remained merely "potential." *Id.* at

---

[1] Mrs. Trump satisfied Rule 11(c)(2)'s safe-harbor requirement before seeking relief from the Court with her Feb. 6 safe-harbor letter. Exh. A. Plaintiff's later filings also fall within the letter's ambit for Rule 11(c) purposes because they advance substantially similar arguments and "there is no basis to conclude that plaintiff would have acted any differently" or "exercised any opportunity to withdraw his claims" were a second warning sent. *Johnson ex rel. U.S. v. Univ. of Rochester Med. Ctr.*, 715 F. Supp. 2d 427, 429 (W.D.N.Y. 2010), *aff'd sub nom. Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121 (2d Cir. 2011). Sanctions are available after dismissal; "it is well settled in the Second Circuit that a Rule 11 motion, whether filed for the first time or renewed at a later date, is timely even if it is filed after the Court has rendered its decision." *In re Koper*, 2020 WL 5075549, at *15 (Bankr. E.D.N.Y. Aug. 25, 2020); *Patrizzi v. Bourne in Time, Inc.*, 2013 WL 316148, at *3 (S.D.N.Y. Jan. 28, 2013); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

*21; *see also Krause v. Kelahan*, 161 F.4th 66, 96 n.27 (2d Cir. 2025) (forbidding advancing "an argument and then relying on a contradictory argument to prevail in another phase" of the case) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  Plaintiff filed unauthorized motions with a "devil-may-care attitude towards the rules of procedure governing litigation." *Id.* at *2 n.2; *see also Wolff v. Trump*, 2026 U.S. Dist. LEXIS 3799, at *1–2 (S.D.N.Y. Jan. 8, 2026) ("[T]he Court . . . does not need to be reminded of the scope of its own authority by Plaintiff's counsel. . . . [I]t was entirely appropriate to grant the First Lady leave to file her motion.").  He also litigated the case "without even having served" process on Mrs. Trump.  *Id.* at *9 n.3. Plaintiff's entire suit was "an abuse of the judicial system." *Id.* at *24.

Plaintiff's bad-faith tactics went beyond the "gamesmanship that animates his litigation tactics." *Id.* at *22.  He litigated "whatever dimensions of this case he feels like litigating at whatever stage, and in whatever fora" he could—including the public forum. *Id.* at *9; Exh. A at 6–7 (noting fundraising and publicity efforts).  His filings addressed "whatever issues [he] feels like publicizing under the guise of" litigation. *Id.*  Plaintiff leveraged his other Rule 11 violations to harass Mrs. Trump as well—for instance, the Korzenik Declaration not only makes unsupported jurisdiction-related fabrications, but also salacious, false accusations serving only to harass Mrs. Trump. *See, e.g., id.* at *8 (quoting Korzenik Decl. ¶ 24).

*Fourth,* such "[b]ad faith is" also "the touchstone of an award under" 28 U.S.C. § 1927, and Plaintiff's counsel should be sanctioned accordingly. *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999); *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).  Section 1927 authorizes sanctions for any actions—or course of actions—causing "unnecessary delays in litigation" such that the Court *could* invoke its inherent powers to sanction. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Bowler v. United States INS*, 901 F. Supp. 597, 606 (S.D.N.Y. 1995). Plaintiff's "attorney's actions" here—particularly filing and repeatedly relying on the Korzenik Declaration—"are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Bhd. of Teamsters*, 948 F.2d at 1345.

Plaintiff's misconduct—and that of his counsel—warrants sanctions under Rule 11 and Section 1927.  The sanctions should be sufficient to deter repetition, and to compensate Mrs. Trump for the costs imposed by their misconduct.  For these reasons, Mrs. Trump respectfully requests a pre-motion conference and leave to file her motion for sanctions.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Alejandro Brito*
Alejandro Brito
**Brito PLLC**
2121 Ponce de Leon Blvd., Suite 650
Coral Gables, FL 33134
(305) 520-7633
abrito@britopllc.com

*/s/ Caryn G. Schechtman*
Caryn G. Schechtman
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com

*Counsel for First Lady of the United States Melania Trump*

Counsel for the Parties are directed to appear for a pre-motion conference on July 1, 2026, at 10:00 a.m.

Date: 6/16/2026
New York, New York

Mary Kay Vyskocil
United States District Judge