# JASSY | VICK | CAROLAN

Matthew L. Schafer | 521 Fifth Ave, 17th Floor | New York, NY 10175 | T 212.457.1606 | mschafer@jassyvick.com | jassyvick.com

August 7, 2026

**Via Email to VyskocilNYSDChambers@nysd.uscourts.gov**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

> Re: *Michael Wolff v. Melania Trump*, No. 25-cv-10752-MKV

Dear Judge Vyskocil:

I represent Michael Wolff and David Korzenik, Esq. for the purposes of responding to First Lady Melania Trump's Motion for Sanctions. *See* ECF No. 37 (the "Sanctions Motion"). I submit this letter directly to Chambers pursuant to Your Honor's Individual Rule 2.B in connection with Mr. Wolff and Mr. Korzenik's opposition to the Sanctions Motion, which is due on August 17, 2026.[1]

Mr. Wolff and Mr. Korzenik seek permission to use certain information described below in their opposition and consistent with Federal Rule of Evidence 408. Mr. Korzenik and the undersigned consulted with the First Lady's counsel on Wednesday, August 5, 2026 regarding their position as to this request. As of this submission, they have not provided it.

Rule 408 prohibits admitting evidence of conduct or statements made during settlement negotiations to prove or disprove the validity or amount of a disputed claim. *See Icon Int'l, Inc. v. Elevation Health LLC*, No. 1:22-cv-4304-MKV, 2025 WL 26066, at *3 (S.D.N.Y. Jan. 3, 2025). It does not, however, prohibit use of information that (1) does not fall within the scope of Rule 408 or (2) falls within its scope but is offered for another purpose not prohibited by the Rule. *Id.*

Here, Mr. Korzenik and Mr. Wolff intend to include information in their opposition relating to multiple phone calls and emails exchanged between Mr. Brito and Mr. Korzenik after the date of service of the First Lady's demand letter pursuant to Florida Statute § 770.01 and *before* the filing of the complaint in this case. *See* ECF No. 1-1. Mr. Korzenik and Mr. Wolff intend to use this information to counter the unjustified accusation that "Counsel's bad faith runs throughout this case." *See* ECF No. 39-1 at 22. Mr. Korzenik and Mr. Wolff also intend to use this

---

[1] To avoid any suggestion that disclosing the information described below on the public docket without leave of the Court might violate Rule 408, we are observing the best practices recommended in Local Civil Rule 5.2 (Committee Comments 2013); in *Celestin v. Martelly*, No. 18-cv-7340, 2024 WL 4355512, at *3 (E.D.N.Y. Sept. 30, 2024) (referring to Local Civil Rule 5.2); and in Your Honor's Individual Rules 2.B and 9.A.

information to correct the First Lady's factual assertion that Mr. Wolff "did not respond" to the demand letter prior to filing this suit. *See* ECF No. 39-1 at 7, 10. The information Mr. Korzenik and Mr. Wolff intend to submit shows that they sought an early resolution of the parties' dispute.

To avoid filing this letter motion, on July 29, 2026, Mr. Korzenik and Mr. Wolff by letter asked the First Lady's counsel to correct the statement that Mr. Wolff did not respond to the demand letter. They declined to do so. They did not dispute that the pre-suit communications occurred. Instead, they defended the statement that Mr. Wolff "did not respond" to the demand letter on the basis that that his response did not, in their view, constitute a "substantive response." That is too clever by half, and is, at any rate, factually incorrect. Mr. Korzenik and Mr. Wolff addressed each specific allegation in Mr. Brito's demand letter in a draft complaint provided to Mr. Brito.

Mr. Korzenik and Mr. Wolff do not believe that the contemplated use of the pre-litigation communications with Mr. Brito are prohibited under Rule 408. *Icon Int'l, Inc.*, 2025 WL 26066, at *4 ("[T]he 'another purpose' exception allows the admission of 'evidence focused on issues different from the elements of the primary claim in dispute.'"). They are not offering this information to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). They are offering the information "for another purpose," namely to oppose the First Lady's Sanctions Motion and to correct the First Lady's counsel's inaccurate statements.

For these reasons, Mr. Korzenik and Mr. Wolff respectfully request permission to include this information in their opposition and on the public docket.[2]

Sincerely,

Respectfully Submitted,

Matthew L. Schafer

cc: All counsel of Record

---

[2] *See C.R. Corps v. LaSalle*, No. 24-2251, 2026 WL 2177359, at *15 (2d Cir. July 29, 2026) ("The First Amendment 'secure[s] to the public and to the press a right of access to [certain] civil proceedings.'" (citation omitted)).