UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL WOLFF,<br>Plaintiff,<br>-against-<br>MELANIA TRUMP,<br>Defendant. | Case No. 1:25-cv-10752-MKV |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF FIRST LADY OF THE UNITED STATES MELANIA TRUMP'S MOTION FOR SANCTIONS**


DLA PIPER LLP (US)

Caryn G. Schechtman
Steven M. Rosato
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com
steven.rosato@us.dlapiper.com

Of Counsel:

Alejandro Brito (*pro hac vice*)
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com

*Attorneys for First Lady of the United States Melania Trump*


Dated: August 28, 2026

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 3

I. PLAINTIFF AND HIS COUNSEL'S FALSE FACTUAL ASSERTIONS AND LEGALLY FRIVOLOUS CLAIMS WARRANT SANCTIONS. ..... 3

A. Plaintiff and His Counsel Should Be Sanctioned for Their Continued Pursuit of Their Demonstrably False Claims Concerning Mrs. Trump's Domicile. ..... 3

B. Plaintiff's Counsel Should Be Sanctioned for His Abuse of the Declaratory-Judgment Mechanism, Which He Cannot Support with a Single Case. ..... 6

C. This Suit Was Improperly Motivated. ..... 8

II. SECTION 1927 PROVIDES AN INDEPENDENT BASIS FOR SANCTIONS. ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Binghamton Masonic Temple, Inc. v. Bares*,
168 F.R.D. 121 (N.D.N.Y. 1996) ....................8

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
498 U.S. 533 (1991)....................3

*Cunningham Bros., Inc. v. Bail*,
407 F.2d 1165 (7th Cir. 1969) ....................2

*Dow Jones & Co. v. Harrods, Ltd.*,
237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd*,
346 F.3d 357 (2d Cir. 2003)....................6, 7

*Fiallos v. Samuels*,
2026 WL 2076004 (S.D.N.Y. July 17, 2026) ....................9

*Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*,
2014 WL 7338849 (E.D.N.Y. Dec. 22, 2014) ....................6

*Johnson ex rel. U.S. v. Univ. of Rochester Med. Ctr.*,
715 F. Supp. 2d 427 (W.D.N.Y. 2010), *aff'd*, 642 F.3d 121 (2d Cir. 2011)....................5

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002)....................6

*Levine v. F.D.I.C.*,
2 F.3d 476 (2d Cir. 1993)....................3, 6

*Mata v. Avianca, Inc.*,
678 F. Supp. 3d 443 (S.D.N.Y. 2023)....................5

*McLoughlin v. Altman*,
1995 WL 640770 (S.D.N.Y. Oct. 31, 1995) ....................8

*New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*,
2022 WL 874783 (S.D.N.Y. Mar. 24, 2022) ....................3

*O'Brien v. Alexander*,
101 F.3d 1479 (2d Cir. 1996)....................3, 5

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986)....................10

*Parker v. Citizens Bank, N.A.*,
2019 WL 5569680 (S.D.N.Y. Oct. 29, 2019) ....................7

*S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*,
2014 WL 6968039 (S.D.N.Y. Dec. 9, 2014) ....................10

*SEC v. Credit Bancorp, Ltd.*,
738 F. Supp. 2d 376 (S.D.N.Y. 2010)....................6

*Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*,
186 F.3d 157 (2d Cir. 1999)....................7

*Sorenson v. Wolfson*,
683 F. App'x 33 (2d Cir. 2017) ....................7

*Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*,
108 F. Supp. 280 (E.D. Pa. 1952), *aff'd*, 203 F.2d 957 (3d Cir. 1953)....................7

*Sussman by & Through Guilden v. Bank of Isr.*,
56 F.3d 450 (2d Cir. 1995)....................9

*United States v. Int'l Bhd. of Teamsters*,
948 F.2d 1338 (2d Cir. 1991)....................10

*Van Buskirk v. United Grp. of Cos.*,
935 F.3d 49 (2d Cir. 2019)....................3

*Wolff v. Trump*,
2026 WL 1453606 (S.D.N.Y. May 22, 2026) .................... *passim*

**<u>Statutes and Rules</u>**

28 U.S.C. § 1927....................10

28 U.S.C. § 2201....................2, 6, 7, 8

Fed. R. Civ. P. 11 .................... *passim*

## PRELIMINARY STATEMENT

Plaintiff's opposition only confirms why sanctions should be granted here, including to deter future frivolous filings. On February 6, 2026, shortly after Mrs. Trump filed her motion to dismiss, which identified the myriad procedural and substantive defects in Plaintiff's case, Mrs. Trump delivered a safe harbor letter under Rule 11 explaining in detail: (i) the lack of any factual basis for Plaintiff's false assertion that Mrs. Trump is domiciled in New York; (ii) the lack of any legal basis for Plaintiff's improper, abusive, and preemptive declaratory judgment claims seeking a declaration that he did not defame Mrs. Trump; and (iii) the improper purposes—publicity-seeking, fundraising for Plaintiff's personal gain, and harassment of Mrs. Trump—motivating Plaintiff's frivolous lawsuit. Mrs. Trump demanded that Plaintiff withdraw the complaint and discontinue this ill-conceived litigation. Plaintiff did not just refuse to do so; he ignored Mrs. Trump's warnings and doubled down on his false factual assertions and frivolous legal claims in opposing Mrs. Trump's motion to dismiss and moving to remand this case to state court.

Echoing the same concerns raised in Mrs. Trump's Rule 11 letter, this Court rejected Plaintiff's bid to remand this case and dismissed the complaint in its entirety, in an opinion that made all the findings necessary to support an award of sanctions. The Court specifically characterized the Korzenik Declaration—the only document offered to support Plaintiff's false claims concerning Mrs. Trump's domicile—as a "morass of grasping and scurrilous frivolity," MTD Decision, *8, and criticized Plaintiff's preemptive declaratory-judgment gambit as "textbook bad-faith forum-shopping." *Id.* at *22. Frivolity and bad faith are the touchstones of Rule 11 sanctions, and Plaintiff's hollow opposition to this motion shows why they are needed here.

Just as they did when confronted with the sanctionable deficiencies identified in Mrs. Trump's safe harbor letter, Plaintiff and his counsel ignore the Court's opinion and triple down on

their false factual assertions and frivolous legal contentions. Even after the Court condemned the "frivolity" of the Korzenik Declaration, Plaintiff still defends it now, calling its unfounded, scurrilous allegations "disputed but supported." ECF No. 43, Opp. at 11. Plaintiff also improperly attempts to defend his "abuse of the Declaratory Judgment Act," MTD Decision, *22, as an effort to "develop[]" the law, Opp. at 25, without citing a single supporting case or attempting to explain away more than 70 years of contrary authority, including in this Circuit, rejecting similar abuses of the declaratory-judgment mechanism to gain a litigation advantage. Plaintiff's suit remains a "brazen attempt" to "short-circuit" a lawsuit by Mrs. Trump through "bad-faith forum-shopping."

In a telling concession that their conduct in this litigation is indefensible, Plaintiff and his counsel's lead argument is that Mrs. Trump's February 6 safe harbor letter was somehow insufficient to place him on notice of any potentially sanctionable conduct. *See* Opp. at 8-11. That is wrong. To reach that incorrect conclusion, Plaintiff engages in the same mental gymnastics that the Court censured in its dismissal decision. The safe harbor letter clearly warned Plaintiff to withdraw his frivolous factual contentions concerning Mrs. Trump's domicile, explaining in detail why they had no basis. Further, the letter demanded that Plaintiff withdraw his frivolous declaratory judgment claims, again explaining in detail—by reference to case law spanning decades—that they were "a complete 'perversion of the Declaratory Judgment Act.'" Safe Harbor Letter at 4-5 (citing, *inter alia*, *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969)). Plaintiff and his counsel were placed directly on notice of the factual and legal problems with his allegations and were asked to discontinue this case; everything that followed after they chose to ignore those warnings exposed them to possible sanctions, a risk they knowingly assumed.

Plaintiff's opposition highlights why sanctions are necessary to deter further abuse and alleviate the costs imposed on Mrs. Trump and this Court. The motion should be granted in full.

## ARGUMENT

### I. PLAINTIFF AND HIS COUNSEL'S FALSE FACTUAL ASSERTIONS AND LEGALLY FRIVOLOUS CLAIMS WARRANT SANCTIONS.

#### A. Plaintiff and His Counsel Should Be Sanctioned for Their Continued Pursuit of Their Demonstrably False Claims Concerning Mrs. Trump's Domicile.

Rule 11(b)(3) requires counsel to conduct a reasonable investigation and ensure that factual allegations "have evidentiary support." *O'Brien v. Alexander*, 101 F.3d 1479, 1488-89 (2d Cir. 1996); Fed. R. Civ. P. 11(b)(3). A represented party bears the same responsibility for papers filed in his name. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546-47 (1991). Once a litigant is confronted with proof that factual allegations are false, he must abandon them. *Levine v. F.D.I.C.*, 2 F.3d 476, 479 (2d Cir. 1993).

Plaintiff and his counsel violated that duty. They were put on notice in unmistakable terms that Mrs. Trump is domiciled in Florida. *See* MTD at 4, 8-9; Reply at 3-4, 10; Safe Harbor Letter at 2. They were given public news reports—readily discoverable through even a cursory investigation—showing that Mrs. Trump was registered to vote in Florida and voted there in every federal election since 2019. *See, e.g.*, Safe Harbor Letter at 2; *see also* Opp. at 14-15 (admitting news articles may establish domicile). They were aware of Rule 11-certified pleadings stating that Mrs. Trump has maintained her primary residence in Florida since 2019 and has held a Florida driver's license since 2021. *See* Notice of Removal ¶¶ 13(a)-(d). They were reminded that a "person has only one domicile at any given moment." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). Together, that evidence fully established Mrs. Trump's Florida domicile. MTD Decision, *6-7, *10-11. Plaintiff and his counsel have never disputed those facts.

They pressed their frivolous New York-domicile theory anyway, even after being "presented with irrefutable proof that this statement was false." *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2022 WL 874783, at *7 (S.D.N.Y. Mar. 24, 2022). They falsely

claimed that proof was an "artifice." ECF No. 14, MTD Opp. at 5-6. They then tried to manufacture an improper dispute from collateral material: assertions about Mrs. Trump's residency ***in the 1990s***, inapposite claims concerning her father and son, mischaracterizations of documents, and speculation about her private life. *See* Korzenik Decl. ¶¶ 2, 6, 9-14, 17-25, 27-32. The Court rightly rejected that effort, describing the Korzenik Declaration as a "morass of grasping and scurrilous frivolity." MTD Decision, *8, *10-11. As the Court found, Plaintiff and his counsel "know nothing" about Mrs. Trump's domestic life; they offered only "parasocial people-watching" and "grist suitable at most for the salacious speculation of tabloid headlines." *Id.* at *8.

Remarkably, despite admonitions from both Mrs. Trump and the Court that their New York-domicile allegation has no basis, they now triple down in opposing this motion. They still falsely claim that Mrs. Trump is a New York citizen, Opp. at 11-16, without even addressing the evidence showing her Florida domicile. They now call their assertion "disputed but supported," relying on the very same Korzenik Declaration that this Court already found to be frivolous. *Id.* at 11-15. They also continue to invoke a pleading from ***February 2017*** stating that Mrs. Trump was domiciled in New York back then—a fact Mrs. Trump never disputed, and one this Court deemed "unremarkable" and irrelevant, MTD Decision, *10—as evidence that Mrs. Trump is somehow a New York domiciliary now (she is not), even in the face of unrebutted evidence that Florida is her domicile (and has been for over five years). Opp. at 12-13.

Recognizing that the Korzenik Declaration is indefensible and unworthy of an officer of the Court, Plaintiff and his counsel improperly try to evade sanctions by reframing it as outside the scope of Mrs. Trump's safe harbor letter. Opp. at 8-11. That contention has no merit. Mrs. Trump's letter broadly warned Plaintiff and his counsel that their New York-domiciliary allegations were false and demanded their withdrawal. It is irrelevant that the Korzenik

Declaration was filed after the safe harbor letter and added new (and equally unsupported) subsidiary assertions to support the primary false assertion identified in the letter. Opp. at 9-10.

On the contrary, the Korzenik Declaration was improperly filed to bolster the false allegations contained in the Complaint. It is exactly the kind of "later advocating" for a false factual contention that Rule 11(b) is intended to police. *O'Brien*, 101 F.3d at 1490 (quoting Fed. R. Civ. P. 11(b)); *see, e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."). What matters is that Plaintiff and his counsel continued to advocate for the same baseless factual contention even after being warned that it had no merit. Consistent with their conduct throughout this litigation, Plaintiff and his counsel's attempt to evade Rule 11's strictures based on the date that the Korzenik Declaration was filed is pure sophistry.

In any event, it would have been futile for Mrs. Trump to serve a second safe harbor letter specifically demanding withdrawal of the Korzenik Declaration. Plaintiff and his counsel ignored the first letter, and given their "dogged attempt to" defend their baseless factual assertions in opposing both the motion to dismiss and this motion—where, despite the Court's withering criticism, they ***still*** defend the improper Korzenik Declaration—there "is no basis to conclude that plaintiff would have acted any differently" or "exercised any opportunity to withdraw his claims" had a second warning issued. *Johnson ex rel. U.S. v. Univ. of Rochester Med. Ctr.*, 715 F. Supp. 2d 427, 429 (W.D.N.Y. 2010), *aff'd*, 642 F.3d 121 (2d Cir. 2011).[1]

[1] Plaintiff mistakenly contends that *Johnson* is distinguishable because it concerned "Rule 11's separate motion requirement." Opp. at 10. Not so: *Johnson* addressed technical compliance with "the 21-day 'safe harbor' provision of Rule 11(c)(2)," and excused it where serving an additional notice would have been futile. 715 F. Supp. 2d at 429. Even Plaintiff's own cited case law recognizes "that if a party clearly would not have corrected the paper

In summary, Plaintiff and his counsel have advanced—and continue to advance—a factual contention that is not "merely losing," but false and sanctionable. *Levine*, 2 F.3d at 479. When presented with clear-cut evidence showing Mrs. Trump's Florida domicile—and after being warned to withdraw their contrary claim—Plaintiff and his counsel pressed forward, submitting to the Court an attorney declaration that was correctly judged to be a "morass of grasping and scurrilous frivolity." MTD Decision, *8. Only sanctions will deter this contumacious conduct.

**B. Plaintiff's Counsel Should Be Sanctioned for His Abuse of the Declaratory-Judgment Mechanism, Which He Cannot Support with a Single Case.**

Rule 11(b)(2) requires counsel to conduct a reasonable pre-filing inquiry to ensure that legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse that law. *See Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002). Even the slightest inquiry here would have identified the fatal defect in all of Plaintiff's claims.[2]

As the safe harbor letter warned Plaintiff's counsel, courts in both this Circuit and around the country have "repeatedly held that 'there is no basis for declaratory relief where only past acts are involved.'" Safe Harbor Letter at 4 (quoting *SEC v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 389 (S.D.N.Y. 2010)). The letter further explained to Plaintiff's counsel that an alleged tortfeasor's preemptive use of a declaratory judgment claim to obtain what the tortfeasor views as a more favorable forum "exemplifies an improper effort to force a tort victim 'to litigate her claims at a time and in a forum chosen by the alleged wrongdoer'" and is a "perversion of the Declaratory Judgment Act." *Id.* (quoting *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 426

---

if given the full 21 days, sanctions may still be assessed." *Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, 2014 WL 7338849, at *5 (E.D.N.Y. Dec. 22, 2014).

[2] Plaintiff falsely asserts that Mrs. Trump "abandoned any argument that the New York anti-SLAPP claims are frivolous." Opp. at 16. As the safe harbor letter explained, those claims suffered "from the same defects as" Plaintiff's other declaratory-judgment claim, namely, that it was an improper attempt at forum-shopping and a "perversion of the Declaratory Judgment Act." Safe Harbor Letter at 4-5 (internal quotations omitted).

(S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003)). Courts have rejected this maneuver for over 70 years. *Dow Jones*, 237 F. Supp. 2d at 426 n.129 (citing *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280, 282 (E.D. Pa. 1952), *aff'd*, 203 F.2d 957 (3d Cir. 1953)).

Counsel pressed that baseless theory anyway. Even if he believed the claims were "entirely fair and proper," ECF No. 44, Korzenik Sanctions Decl. ¶¶ 18, 23-24, 26, which is highly questionable, subjective belief is irrelevant: "Rule 11(b)(2) establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999).

Nor can counsel recast his pursuit of these frivolous declaratory-judgment claims as a good-faith effort to modify or extend the law. He cites no case—not even an unpublished, out-of-circuit district-court decision—to defend what this Court called an "abuse of the Declaratory Judgment Act." MTD Decision, *22. That omission is determinative. Counsel pressed the theory across numerous filings yet never grappled with the uniform precedent foreclosing it. *See, e.g.*, MTD Opp. at 9-14; Sur-Reply at 6-10. He did not argue that those cases were wrong or due for revision. The most he offered was an incorrect contention that the state analogue to the Declaratory Judgment Act applies in removed cases. Sur-Reply at 7-9; *see, e.g.*, *Parker v. Citizens Bank, N.A.*, 2019 WL 5569680, at *4 n.7 (S.D.N.Y. Oct. 29, 2019); Safe Harbor Letter at 4 n.4.

This is not a case about "doctrinal development, novel legal arguments, [or] cases of first impression." Opp. at 25. Plaintiff's claims had "absolutely no chance of success under the existing precedents," *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017), as shown by his failure to cite even ***one*** case suggesting that they have merit.[3] That warrants sanctions.

[3] Plaintiff cannot avoid sanctions by pointing to other legal contentions that Mrs. Trump identified as frivolous in her safe harbor letter. Opp. at 16-17. The relevant point is that Plaintiff's counsel has failed to identify any "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" in advocating for a universally rejected use of the declaratory-judgment mechanism. Fed. R. Civ. P. 11(b).

Plaintiff and his counsel strain to label their claims as something other than "frivolous," Opp. at 17, but this Court's dismissal decision says otherwise. The Court correctly labeled their conduct in bringing these claims "textbook bad-faith forum-shopping, in which Plaintiff asks the Court to collude by exercising jurisdiction over a declaratory action motivated by a desire to wrest the choice of forum from the real plaintiff." MTD Decision, *22 (cleaned up). The Court also correctly labeled the claims "an abuse of the Declaratory Judgment Act." *Id.* These searing (and accurate) characterizations of Plaintiff's claims are unmistakable evidence of their frivolity.

**C. This Suit Was Improperly Motivated.**

Rule 11(b)(1) forbids using litigation for an improper purpose, including "delay, harassment or increasing the costs of litigation." *McLoughlin v. Altman*, 1995 WL 640770, at *1 (S.D.N.Y. Oct. 31, 1995). Plaintiff's obsessive fixation on Mrs. Trump crossed the line from "parasocial people-watching," MTD Decision, *8, into an abuse of judicial process.

Plaintiff and his counsel used this action to harass Mrs. Trump and to litigate "whatever issues [they] feel[] like publicizing under the guise of" legal argument. MTD Decision, *9. They sought discovery into personal matters irrelevant to domicile, then used an improper, baseless attorney declaration to place unsupported personal allegations into the record. *See id.* at *8-10. They raised more than $800,000—and counting—for this lawsuit. They displayed what the Court called a "devil-may-care attitude towards the rules of procedure governing litigation," including by filing a sur-reply after seeking, and not receiving, leave to do so. *See id.* at *2 & n.2. After Mrs. Trump's pre-motion letter, Plaintiff continued publicizing the case in posts "maliciously attacking the ethical principles and competence of [the] Court, and, in general, harassing the Defendants." *Binghamton Masonic Temple, Inc. v. Bares*, 168 F.R.D. 121, 128 (N.D.N.Y. 1996); *see* ECF No. 39-1, Sanctions Mem. at 16 nn.7, 9. Plaintiff and his counsel still press the same frivolous allegations here. *See* Opp. at 14-15, ECF No. 43; Korzenik Sanctions Decl. ¶¶ 20-26.

An improper purpose "animate[d]" Plaintiff's—and his counsel's—tactics through the entire case. MTD Decision, *1. Their "tactical gamesmanship" and "textbook bad-faith forum-shopping" are best exemplified by their scheme to "short-circuit" Mrs. Trump's suit, "preempt the forum choice of the plaintiff to the coercive action," and secure "an undue procedural advantage." *Id.* at *1, *22-23. Plaintiff's counsel's own correspondence with Mrs. Trump's counsel confirms the point: Plaintiff's counsel made clear his desire to ensure that Plaintiff's non-existent filing priority would be "preserved" and later insisted, "[w]e must be in the position to file first," even as Mrs. Trump's counsel proposed a mutual standstill and noted that "[t]here is no priority in any proposed filings." *See* Korzenik Sanctions Decl., Exh. B at 2-6.[4] These communications affirm the Court's finding that Plaintiff's "apparent victory in the race to the courthouse" was "blatant forum-shopping," "procedural fencing," and a "race to res judicata." MTD Decision, *22-23.

Plaintiff and his counsel try to answer that Rule 11(b)(1) cannot apply because the Court did not expressly deem every claim frivolous in its dismissal decision. That is both wrong and beside the point. To begin, the Court did make explicit findings of both "frivolity" and "bad faith." MTD Decision, *8-9, *22. In any event, this motion does not seek sanctions for "the assertion of nonfrivolous claims" or "warranted judicial relief." *Sussman v. Bank of Isr.*, 56 F.3d 450, 459 (2d Cir. 1995). Their declaratory-judgment theory was foreclosed by more than 70 years of authority. They concede there is no case supporting it. Opp. at 17. Vitally as to the bad faith of Plaintiff and his counsel, "the lack of merit of" Plaintiff's claims alone is sufficient to infer it. *Fiallos v. Samuels*, 2026 WL 2076004, at *13 (S.D.N.Y. July 17, 2026). Plaintiff was awarded no "judicial relief," because none was "warranted." *Sussman*, 56 F.3d at 459.

[4] Plaintiff's attempt to use these October 2025 communications to accuse Mrs. Trump's counsel of making false representations to the Court, ECF No. 41, therefore backfires. They only "provide more evidence of Plaintiff's 'textbook bad-faith forum-shopping.'" ECF No. 42, 8/12/26 Ltr. at 1 (quoting MTD Decision, *22).

Plaintiff and his counsel initiated this action for multiple improper, bad-faith purposes: to generate publicity for themselves, to benefit themselves financially, to harass Mrs. Trump, and to beat Mrs. Trump in a race to the courthouse. Nothing about Plaintiff and his counsel's initiation and subsequent pursuit of this litigation was properly motivated. That warrants sanctions.

## II. SECTION 1927 PROVIDES AN INDEPENDENT BASIS FOR SANCTIONS.

In addition to Rule 11, Section 1927 authorizes sanctions when an attorney's actions—or course of actions—unreasonably and vexatiously multiply proceedings and cause "unnecessary delays in litigation." *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *see* 28 U.S.C. § 1927. For substantially the same reasons discussed above, that standard is met here.

After removal, Plaintiff's counsel multiplied proceedings by improperly pressing remand, resisting transfer, relying on the baseless Korzenik Declaration, filing the unauthorized sur-reply, and advancing claims he admits have no supporting authority. Plaintiff and his counsel presented this case to the Court in a "posture of profound confusion," MTD Decision, *23, and took actions that were "so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). Under these circumstances, Section 1927 sanctions are warranted.

Unable to meaningfully argue otherwise, Plaintiff and his counsel contend that Section 1927 is inapplicable because he initiated this action in state court. Opp. at 24-25. That contention, like so many others Plaintiff has advanced, is without merit. Section 1927 "invites attention to a course of conduct," *Teamsters*, 948 F.2d at 1345-46, and Mrs. Trump seeks sanctions for Plaintiff and his counsel's course of conduct ***after*** delivery of her safe harbor letter on February 6, 2026, more than a month after the case had been removed. That "objectively unreasonable" conduct—all of which occurred "after removal"—plainly "warrants sanctions." *S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*, 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014).

## CONCLUSION

For the reasons set forth above and in Mrs. Trump's opening memorandum, Mrs. Trump respectfully requests the Court to (i) sanction Plaintiff under Rule 11 and his counsel under Rule 11 and Section 1927; (ii) award Mrs. Trump the costs and reasonable attorneys' fees she incurred in these proceedings; and (iii) grant any other appropriate relief. If the Court imposes sanctions, Mrs. Trump will submit a detailed accounting of her costs and fees showing that the entirety of them are due to Plaintiff's misconduct and multiplication of proceedings, *contra* Opp. 25 n.7.

Dated: New York, New York
August 28, 2026

DLA PIPER LLP (US)

By: */s/ Caryn G. Schechtman*
Caryn G. Schechtman
Steven M. Rosato

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
caryn.schechtman@us.dlapiper.com
steven.rosato@us.dlapiper.com

*Attorneys for*
*First Lady of the United States*
*Melania Trump*

Of Counsel:

Alejandro Brito (*pro hac vice*)
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
(305) 520-7633
Abrito@Britopllc.com